UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO | CIVIL ACTION NO. 08-3535 |
| VERSUS | JUDGE: VANCE |
| JACKSON HEWITT TAX SERVICE, ET AL | MAGISTRATE: KNOWLES |

**RULE 12(b)(6) MOTION TO DISMISS AND ALTERNATIVE MOTION TO STRIKE CLASS ACTION ALLEGATIONS**

Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. ("Jackson Hewitt"), pursuant to Fed. Rule of Civ. Proc. 12(b)(6), move to dismiss all of the claims asserted in Plaintiff's Class Action Complaint and First Amended Class Action Complaint (hereafter referred to as the "Complaint"), or in the alternative, to strike the class action allegations pursuant to Fed. Rules of Civ. Proc. 12(f) and 23(d)(1).

**Rule 12(b)(6) Motion to Dismiss**

As discussed more fully in Jackson Hewitt's Memorandum of Points and Authorities, Plaintiff's claims should be dismissed as a matter of law because:

1. Plaintiff fails to state a claim for negligence, breach of contract, violations of the Louisiana Data Breach Notification Law (La. Rev. Stat. Ann. 51:3072) and the Louisiana Unfair Trade Practices Act (La. Rev. Stat. Ann. 51:1405), and fraud because she fails to allege a legally cognizable injury.

2. Plaintiff fails to state a claim under the Louisiana Data Breach Notification Law (La. Rev. Stat. Ann. 51:3072) because the Complaint neither alleges that computerized data was accessed nor that a delay in notifying the Plaintiff occurred.

3. Plaintiff fails to allege essential elements of a fraud claim under Louisiana law.

4. Plaintiff fails to state a claim under Louisiana law for unreasonable public disclosure of private facts.

5. Plaintiff fails to state a claim under 26 U.S.C. §§ 6103 and 7431 because Jackson Hewitt is not a proper defendant under these statutes, and these statutes do not apply to the information allegedly disclosed.

**Alternative Motion to Strike Class Action Allegations**

In the alternative. Plaintiff's class action claims should be dismissed on the pleadings pursuant to Fed. Rules of Civ. Proc. 12(f) and 23(d)(1) because on the face of the Complaint the requirements for class certification are not satisfied.

For these reasons, Jackson Hewitt prays that its Motion be granted, and the Plaintiff's Complaint be dismissed or, in the alternative, that the class action allegations be stricken.

By Attorneys:

*/s/Glenn M. Farnet*

Glenn M. Farnet (#20185)
Gina D. Banks (#27440)
KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P.
One American Place, 18th Floor
Post Office Box 3513
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999

AND

KELLEY DRYE & WARREN LLP
Donna L. Wilson (pro hac vice pending)
Andrew S. Wein (pro hac vice pending)
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8400

**Attorneys for Jackson Hewitt Tax Service Inc., and Jackson Hewitt Inc.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 4th day of August, 2008, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system and U.S. Mail to counsel of record for Plaintiffs. A copy of this filing will also be sent via electronic mail and U.S. mail to counsel for Crescent City Tax Service, Inc.

*s/ Glenn M. Farnet*