UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO | CIVIL ACTION NO. 08-3535 |
| VERSUS | JUDGE: VANCE |
| JACKSON HEWITT TAX SERVICE, ET AL | MAGISTRATE: KNOWLES |

# **DEFENDANT JACKSON HEWITT'S REQUEST FOR JUDICIAL NOTICE**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Evidence 201, Defendant Jackson Hewitt, Inc. ("JH") hereby respectfully requests that, in considering its concurrently-filed Memorandum in Opposition to the Motion for Class Certification filed by Plaintiff Vicki L. Pinero ("Plaintiff" or "Pinero"), the Court take judicial notice of the following relevant state and federal proceedings:

1) *Zweifel v. Jackson Hewitt Inc., et al.*, No. 661-687 (La., 24th JDC filed July 3, 2008). The Petition and Docket for this action are attached hereto as Exhibits A and B, respectively.

2) *Poree v. Jackson Hewitt Inc., et al.*, No. 664-459 (La., 24th JDC filed Sept. 15, 2008). The Petition and Docket for this action are attached hereto as Exhibits C and D, respectively.

3) *In re Vicki Lynn Pinero*, No. 2:98-BK-13206 (E.D. La. Oct. 7, 1998) (discharge order). The Docket for this action is attached hereto as Exhibit E.

4) *In re Vicki Pinero,* No. 2:07-BK-11727 (E.D. La. filed Sept. 17, 2007). The Docket for this action is attached hereto as Exhibit F.

## **LEGAL STANDARD**

Under Federal Rule of Evidence 201, a fact is judicially noticeable when it is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. This Court may take judicial notice of

relevant state and federal proceedings, *Crompton Mfg. Co. v. Plant Fab Inc.*, 91 Fed. Appx. 335, 337 n. 1 (5th Cir. 2004) (citing *United States v. Verlinsky*, 459 F.2d 1085, 1089 (5th Cir.1972); *Paul v. Dade County*, 419 F.2d 10, 12 (5th Cir.1969)) (taking judicial notice of judicial proceedings not in the record). Included within this category are bankruptcy proceedings. *Capital City Bank & Trust v. Kroh*, 88 B.R. 987 (Bankr. W.D. Mo. 1988) (taking judicial notice of defendant's prior bankruptcy proceedings).

Pursuant to Rule 201(d), this Court "shall take judicial notice if requested by a party and supplied with the necessary information." FED. R. EVID. 201(d).

## ARGUMENT

### A. *Zweifel* and *Poree* (Exhibits A-D)

Both *Zweifel* and *Poree* are actions which were brought on an individual basis by alleged customers of Jackson Hewitt and Crescent City Tax Service ("CCTS") regarding the same factual circumstance that underlies Plaintiff's Complaint. *See* Exhibits A and C. Therefore, the *Zweifel* and *Pinero* actions are relevant to this case and, more specifically, the Court's decision regarding the Plaintiff's Class Certification Motion.

JH's reference to these proceedings does not raise any questions regarding the truth of the matters asserted within *Zweifel* and *Poree*. Instead, the Court is requested to merely take notice of a fact that is publicly available and easily accessible by the Court. The existence of these two actions is not reasonably subject to dispute. Similarly, the attached documents do not raise any question regarding their authenticity. Since these documents are publicly available and easily accessible by the Court, their contents are also not reasonably subject to dispute. Accordingly,

the *Zweifel* and *Poree* actions, along with the attached documents hereto, may be properly considered in connection with the Motion for Class Certification.

***B. Pinero's Bankruptcy Actions (Exhibits E – F)***

Plaintiff's bankruptcy judgments are relevant state proceedings in that they involve the Plaintiff, whose adequacy as class representative is a matter for this Court to consider while deciding this Motion for Class Certification. Indeed, Ms. Pinero's bankruptcy proceedings subject her to atypical claims and defenses, which is relevant to Plaintiff's Motion for Class Certification. Further, the existence of these judgments is not reasonably subject to dispute as it can be easily verified in the public domain. Similarly, the attached dockets for these actions do not raise any question regarding their authenticity. Since these documents reflect nothing more than information in the public record, and are easily accessible by the Court, their content is not reasonably subject to dispute. Accordingly, this Court may take judicial notice of these proceedings, as exhibited by the documents attached hereto.

## CONCLUSION

For the foregoing reasons, Jackson Hewitt, Inc. respectfully requests that the Court take judicial notice of the above mentioned facts, which are evidenced by Exhibits A-F attached hereto.

By Attorneys:

s/Gina Banks
Glenn M. Farnet (#20185)
Gina D. Banks (#27440)
KEAN, MILLER, HAWTHORNE, ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 18th Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999

AND

KELLEY DRYE & WARREN LLP
Donna L. Wilson (*pro hac vice*)
Andrew S. Wein (*pro hac vice*)
Veronica D. Gray (*pro hac vice* motion pending)
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8400

Attorneys for Jackson Hewitt Tax Service Inc.,
and Jackson Hewitt Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 4th day of November, 2008, a copy of the foregoing Request for Judicial Notice was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system and U.S. Mail to counsel of record for Plaintiffs. A copy of this filing will also be sent via electronic mail and U.S. mail to counsel for Crescent City Tax Service, Inc.

s/Gina Banks
Gina D. Banks (#27440)