**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | **CASE NO.:** 08-3535<br><br>**SECTION R**<br><br>**JUDGE**<br>**SARAH VANCE**<br><br>**MAGISTRATE JUDGE**<br>**DANIEL E. KNOWLES** |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS JACKSON HEWITT TAX SERVICE, INC. AND JACKSON HEWITT INC.'S MOTION TO DISMISS**

Defendants Jackson Hewitt Tax Service, Inc. and Jackson Hewitt Inc. (collectively "Jackson Hewitt") hereby submit this reply memorandum in further support of their motion to dismiss the complaint of Plaintiff Vicki L. Pinero ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative to strike class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1) ("Motion to Dismiss").

**<u>SUMMARY OF ARGUMENT</u>**

Jackson Hewitt's Motion to Dismiss is based upon a basic principle of law: federal courts rule on "cases or controversies" which involve actual injuries and ripe claims, not speculative potential claims which may or may not arise at some point in the future. *See, e.g.*, *Fox v. Reed*, No. 99-3094, 2000 WL 288379, *6 (E.D. La. Mar. 15, 2000) (Vance, S.) (dismissing a claim on standing grounds and holding that "plaintiff must allege the following core elements: (1) he has suffered or is about to suffer an "injury in fact" that is concrete and particularized, and actual or imminent…."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684 (D. Ohio

2006) (holding that speculative fear of identity theft is not "injury in fact"). Consistent with that principle, courts in Louisiana and across the country have held that speculative allegations of the fear of identity theft do not constitute "injury in fact." *See Melancon v. Louisiana Office of Student Financial Assistance*, 567 F. Supp. 2d 873 (E.D. La. 2008); *Ponder v. Pfizer*, 522 F. Supp. 2d 793 (M.D. La. 2007); *accord, e.g.*, *Kahle v. Litton Loan Servicing LP*, 486 F. Supp. 2d 705 (S.D. Ohio 2007); *Smith v. Chase Manhattan Bank, U.S.A.*, 293 N.Y.S.2d 100 (App. Div. 2002). Accordingly, all of Plaintiff's claims fail as a matter of law. And even if she could allege a cognizable injury in fact, her contract-based, invasion of privacy, or 26 U.S.C. § 6103 claims must be dismissed on independent grounds.

For these reasons, and consistent with Fifth Circuit precedent, Jackson Hewitt's Motion to Dismiss must be resolved before considering Plaintiff's premature motion for class certification. *See Floyd v. Bowen,* 833 F.2d 529, 534 (5th Cir. 1987); *Chevron USA, Inc. v. Vermilion Parish Sch. Bd.,* 215 F.R.D. 511, 515 (W.D. La. 2003); *see also Ladd v. Equicredit Corp. of America.*, No. 00-2688, 2001 WL 175236, *1 (E.D. La. Feb. 21, 2001) ("[I]t is in the interests of justice and judicial economy" to stay all class certification issues until it is determined whether the Complaint survives a motion to dismiss.). This is particularly true where, as here, Plaintiff lacks standing to assert her claims. *See Rivera v. Wyeth-Ayerst Laboratories.*, 283 F.3d 315, 319 (5th Cir. 2002) (holding that "standing is an inherent prerequisite to the class certification inquiry") (internal citation omitted).[1]

---

[1] Jackson Hewitt refers the Court to its briefing in opposition to the class certification motion for a discussion of the issues raised by its Motion to Strike Class Allegations.

## I. Plaintiff Misstates the Applicable Pleading Standard.

While Plaintiff backhandedly cites to *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007), she fails to acknowledge the significance of *Twombly* in assessing a Motion to Dismiss under Rule 12(b)(6). *Twombly* replaced the "no set of facts" standard of *Conley v. Gibson* which Plaintiff invokes repeatedly with a "a plausibility standard for scrutinizing the sufficiency of pleadings in the context of Rule 12(b)(6) motion." *See, e.g., Flynn v. Cit Group*, No. 07-10847, 2008 WL 4375928, *2 (5th Cir. Sept. 26, 2008) (holding "factual allegations must support that a right to relief is neither speculative nor a conclusion"); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2008 WL 4449970, *3 (E.D. La. Sept. 29, 2008). Thus, a Rule 12(b)(6) motion to dismiss must be granted where, as here, plaintiff fails to "nudge[] [her] claims across the line from conceivable to plausible." *Bell Atlantic v. Twombly*, 127 S. Ct. at 1974. Accordingly, the implausible, speculative, and conclusory allegations set forth in the Complaint should be rejected.[2]

Furthermore, in her discussion of the relevant pleading standards, Plaintiff fails to address the requirement, under Federal Rule of Civil Procedure 9(b), that claims of intentional acts such as fraud be pled with particularity. The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff 'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 431 (5th Cir. 2002) (internal quotation omitted). Furthermore, Plaintiff must comply with the heightened pleading standards of Rule 9(b) as to

---

[2] For example, Plaintiff alleges a breach of contract claim against Jackson Hewitt, but does not allege that she had any type of contact with Jackson Hewitt (as opposed to CCTS) personnel, and in fact references a sample franchise agreement in her Complaint, which explicitly points out that franchisees such as CCTS are not authorized to enter into contracts on behalf of Jackson Hewitt. Complaint ¶ 32; *Id.* Ex. Q. Accordingly, the conclusory allegation that "Defendants intentionally breached their agreements to the class members" must be rejected as to Jackson Hewitt. *See* Complaint ¶ 60. For the same reason, her conclusory assertion – first set forth in her opposition to the Motion to Dismiss – that she enjoyed a special fiduciary, special relationship with Jackson Hewitt must also be rejected. *See* Pl. Memo. in Opp. at 15.

any and all "averments of fraud, whether or not they are part of a claim of fraud or not." *See, e.g., Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

Accordingly, as Plaintiff repeatedly points out that her allegations are of, not accidental conduct, but *intentional fraudulent acts* and "treachery" *by Jackson Hewitt*, she must comply with Rule (9)(b) for all such allegations. *See, e.g.*, Plaintiff's Memorandum in Opposition ("Pl. Memo. in Opp.") at 15 ("the loss in *Melancon* was *accidental*, whereas the improper disclosure here was *intentional*."); *id.* at 26. As the Complaint and Plaintiff's brief reflect, Plaintiff is relying upon allegations of intentional, fraudulent conduct to support each and every count of her Complaint, as she even cites to these allegations of intentional fraud in support of her negligence claims. *See, e.g.*, Pl. Memo. in Opp. at 15.

**III. Plaintiff Cannot Distinguish Her Complaint from the Case Law Holding that Speculative Fear of Identity Theft is Not "Actual Damages."**

Plaintiff fails in her attempt to distinguish her Complaint from the overwhelming precedent holding that allegations regarding the dissemination of personal information, and subsequent emotional distress and/or increased risk of identity theft, do not constitute legally cognizable "damages" under the law. *See, e.g., Melancon, supra; Ponder, supra; Kahle, supra; Forbes v. Wells Fargo Bank, N.A.*, 420 F. Supp. 2d 1018 (D. Minn. 2006); *Bell v. Acxiom Corp.*, No. 4:06CV00485, 2006 WL 2850042 (E.D. Ark. Oct. 3, 2006); *Key v. DSW, Inc.*, *supra*; *Giordano v. Wachovia Sec., LLC*, No. 06-476, 2006 WL 2177036 (D.N.J. July 31, 2006); *Guin v. Brazos Higher Educ. Serv. Corp.*, No. 05-668, 2006 WL 288483 (D. Minn. Feb. 7, 2006); *Stollenwerk v. Tri-West Healthcare Alliance*, No. Civ. 03-0185PHXSRB, 2005 WL 2465906 (D. Ariz. Sept. 6, 2005); *Smith v. Chase Manhattan Bank, U.S.A.*, *supra*.

For example, Plaintiff urges this Court to disregard *Melancon*, based on nothing more than her conclusory assertions that unlike *Melancon*, the instant case involves "fiduciary, special

responsibilities", "intentional" conduct, and "exposure" of confidential material. *See* Pl. Memo. in Opp. at 15. However, Plaintiff's Complaint contains *absolutely no allegation of a fiduciary relationship*, nor does she allege facts that would support a finding of such a relationship. In fact, Plaintiff fails to allege that she had any contact with Jackson Hewitt at all. In addition, Plaintiff's allegations of "intent," besides having no support in the factual allegations of the Complaint, go to liability, **not** to whether Plaintiff has pled legally cognizable damages. Indeed, none of the many cases mention, let alone draw, such a distinction. *See, e.g., Becnel v. Grodner*, 982 So. 2d 891, 894 (La. Ct. App. 2008) (holding that, under Louisiana law, even cases involving intentional torts or fraud require proof of actual damages).

Similarly unavailing is Plaintiff's attempt to distinguish the cases by asserting that unlike here, those cases did not involve "exposure" of confidential material. *See,* Pl. Memo. in Opp. at 15. Under Plaintiff's reasoning, however, Plaintiff's lack of standing is even more compelling, because the cases on which Plaintiff relies involved the theft of confidential material *which was never recovered. See, e.g., Kahle, supra, Forbes, supra, Guin, supra.* Here, however, Plaintiff's material was returned to her, and she does not allege that she has been subject to identity theft. *See* Complaint ¶ 30 ("Richard Angelico . . . returned to Plaintiff her 2005 tax returns.") It would be nonsensical on the one hand for damages not to be found where the plaintiff's material was never recovered from the thief, and on the other, to find damages where the material was recovered and returned. And none of the cases Plaintiff cites dictate a different conclusion.[3]

---

[3] Plaintiff selectively ignores plain language from the cases and statutes to which she cites. *American Waste & Pollution Control Co v. Browning-Ferris, Inc.*, (Pl. Memo. in Opp. at 18) held only that the Louisiana Unfair Trade Practices Statute (LUTPA) provided a cause of action for "any person who suffers ***damages***." *Id.*, 949 F.2d 1384, 1391 (5th Cir. 1991 (emphasis added). Similarly, the statute only allows an action on behalf of "[a]ny person who suffers ***any ascertainable loss of money***". La. Rev. Stat. § 51:1409(A) (emphasis added). While Plaintiff cites to *Newport Ltd. v. Sears, Roebuck & Co.* (Pl. Memo. in Opp. at 27), she makes no effort to show that her damages are "actual or probable." *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d

Accordingly, Plaintiffs' claims under, negligence, fraud, LUTPA, LDSBNL,[4] and breach of contract, all fail as a matter of law.

## IV. Plaintiff Cannot Show Any Facts that Support the Claim that Jackson Hewitt Fraudulently Induced Plaintiff to Contract, Breached a Contract, or Formed a Contract with Jackson Hewitt.

Independent of Plaintiff's lack of standing and failure to allege legally cognizable damages, Plaintiff's Complaint contains no set of "plausible facts" to support her naked allegation that she formed a contractual relationship with Jackson Hewitt, let alone that she was fraudulently induced into such a contract or that Jackson Hewitt breached any such contract. Plaintiff does not allege meeting any Jackson Hewitt (as opposed to CCTS) personnel, she admits that CCTS is an independent franchisee, and the sample franchise agreement she attaches to her complaint makes clear that CCTS was not authorized to enter into contracts on behalf of its franchisor, Jackson Hewitt. *See* Complaint ¶¶ 8, 21, and Ex. Q.

Accordingly, under the *Twombly* standard, the bald allegation, without factual basis, that Plaintiff had a contractual or "special" relationship with Jackson Hewitt cannot defeat a Motion to Dismiss under Rule 12(b)(6). As this Court recently held, "The mere statement of the desired legal conclusion, without any supporting facts at all, is insufficient to survive a motion to dismiss." *Uptown Garden Ctr. v. Am. First Ins.*, No. 07-6660, 2008 WL 4186861, *2 (Sept. 9,

---

1058, 1067 (5th Cir. 1993). To the contrary, she has only speculatively alleged that damages are ***possible.***

[4] With regard to her LDSBNL claim, Plaintiff contends that "it is **undisputed** that the information contained on many of the recovered documents was stored in Defendant's system as computerized data." *See, e.g.,* Pl. Memo. in Opp. at 25 (emphasis added). First, no such allegation appears in Plaintiff's Complaint. Second, this belated assertion contradicts the allegations in her Complaint that the allegedly unlawful disposal involved only paper documents, and accordingly cannot be "undisputed". *See, e.g.,* Complaint ¶¶ 28-30. Third, her assertion is irrelevant – the LDSBNL plainly applies only to a breach of computerized systems, regardless of whether those systems were duplicated elsewhere in paper form. Given that the plain language of the statute limits it reach to a "compromise of the security, confidentiality, or integrity of computerized data," and Plaintiff's failure to cite to any authority that LDSBNL applies to paper documents, Plaintiff's LDSBNL claim should be dismissed.

2008 E.D. La.) (Vance, S.) (dismissing contract-based and negligence claims due to insufficient factual allegations).

## V. Plaintiff Can Cite to No Law Suggesting that Jackson Hewitt "Publicized" Her Information.

Plaintiff mistakenly asserts that her documents -- which were returned to her -- were "publicized" and therefore she has stated a claim for invasion of privacy. Although Plaintiff concedes that the Restatement definition applies, she ignores it:

> "[Making] public, by **communicating it to the public at large**, or to **so many persons that the matter must be regarded as substantially certain to become one of public knowledge**. The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of a communication that reaches, or is sure to reach, the public."

Restatement (Second) of Torts, § 652D, comment a (emphasis added).

Plaintiff has failed to allege that her personal information was given "publicity" under that definition. She makes no attempt to allege that her information was "communicated . . . to the public at large." *Id.* Nor does she allege that it was communicated "to so many persons that the matter must be regarded as *substantially certain to become one of public knowledge.*" *Id.* (emphasis added). To the contrary, Plaintiff's Complaint alleges that only Richard Angelico, and potentially Wilhelmina Walker, ever actually reviewed her materials, and that Mr. Angelico then returned the materials to Plaintiff. Complaint ¶¶ 29-30.

In an effort to remedy these flaws, Plaintiff once again reaches outside her Complaint, baldly asserting that a smattering of additional persons viewed her documents, including certain members of the Sheriff's office. *See* Pl. Memo. in Opp. at 30. However, this new assertion contradicts the allegation in her Complaint that her materials were returned to her prior to the box of materials being given to the Sheriff's office. Complaint ¶ 30.

## VI. Plaintiff Can Cite to No Law Suggesting that 26 U.S.C. § 6103 Applies to These Documents or that Jackson Hewitt as a Proper Defendant.

With regard to her claim under 26 U.S.C. § 6103, Plaintiffs makes no *attempt* to address the case law cited by Jackson Hewitt, which holds that the statute does not apply to private entities

such as Jackson Hewitt. *Compare* Pl. Memo. in Opp. at 30-32 with Def. Memo in Supp. at 11-13 (citing *e.g. Stokwitz v. United States*, 831 F.2d 893, 895 (9th Cir. 1987) (holding that "there is no indication in either the language of § 6103 or its legislative history that Congress intended to enact a general prohibition against public disclosure of tax information."); *Commodity Futures Trading Comm'n v. Collins*, 997 F.2d 1230, 1233 (7th Cir. 1993) (stating that "all [§ 6103] prevents is the IRS's sharing tax returns with other government agencies."); *Hrubec v. Nat'l R.R. Passenger Corp.*, 49 F.3d 1269, 1270 (7th Cir. 1995) ("The statute does not forbid disclosure when information comes from other sources [than the IRS].")))

Nor does Plaintiff cite any case law to support her position that Section 6103 applies to these documents. Apparently acknowledging that the statute does not apply to her tax returns because they were not received **from** the Internal Revenue Service, Plaintiff once again invokes "facts" which do not appear in her Complaint, vaguely contending that some of these materials contain information received from the IRS. *See* Pl. Memo. in Opp. at 32. Such assertions cannot defeat Jackson Hewitt's motion to dismiss. *See, e.g., Halter v. Allmerica Fin. Life Ins. & Annuity Co.*, No. 98-0718, 1998 WL 516109, *4 (E.D. La. Aug. 19, 1998) (holding that, on a Rule 12(b) motion, "the Court should not consider claims raised for the first time in plaintiffs' responsive memorandum" nor "claims that are not raised in the complaint or facts that are not consistent with the complaint's allegations" (internal citation omitted)).

**CONCLUSION**

All of Plaintiff's causes of action fail as a matter of law. For the foregoing reasons, and those set forth in Jackson Hewitt's opening brief, Jackson Hewitt respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

Dated: November 10, 2008

***s/ Glenn M. Farnet***
Glenn M. Farnet (#20185)
Gina D. Banks (#27440)
KEAN, MILLER, HAWTHORNE, ARMOND, McCOWAN & JARMAN, L.L.P.
One American Place, 18th Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999

AND

KELLEY DRYE & WARREN LLP
Donna L. Wilson (pro hac vice)
Andrew S. Wein (pro hac vice)
Veronica D. Gray (*pro hac vice* motion pending)
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8400

Attorneys for Jackson Hewitt Tax Service Inc., and Jackson Hewitt Inc.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 10th day of November, 2008, a copy of the foregoing Motion for Leave was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record.

***s/ Glenn M. Farnet***