Pinero v. Jackson Hewitt Tax Service Inc. et al Doc. 100

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICKI L. PINERO, *et al.*, | ) | Civil Action No. 08-03535 |
| | ) | |
| Plaintiffs, | ) | Sec. R |
| | ) | JUDGE SARAH S. VANCE |
| v. | ) | |
| | ) | Mag. 3 |
| JACKSON HEWITT TAX SERVICE INC., *et al.*, | ) | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| | ) | |
| Defendants. | ) | |

**REPLY TO MEMORANDUM IN OPPOSITION TO MOTION FOR RECONSIDERATION**

1. Defendants mislead the court by continuing to suggest that plaintiff's motion for reconsideration is but one of several attempts to amend the complaint with an improper motive. *See* Docket No. 82 at p. 1, fn. 2.

Defendants mischaracterize plaintiff's motion, which is one for reconsideration that has been timely brought in an attempt to alert the Court to new evidence that preserves plaintiff's claims for unauthorized disclosure of tax returns under 26 U.S.C. §§ 6103 and 7431.



Dockets.Justia.com

Likewise, defendants' suggestion that plaintiff has sought amendment 4 times previously is mistaken. Presently pending is plaintiff's ***first*** request for permission to amend. *See* Docket No. 77. Previously, plaintiff filed her Second Amended Class Action Complaint pursuant to the Court's January 7, 2009 order. *See* Docket Nos. 54 & 57. Before that, on July 15, 2008, plaintiff amended her complaint as a matter of right. *See* Docket No. 9. Furthermore, plaintiff is not aware of any prohibition against amending the complaint any number of times prior to any deadline for amendment set forth in the Court's Scheduling Order, so long as the purpose of the amendment is not to delay, but to raise legitimate, justiciable claims.

2. Defendants argue that the evidence recently submitted by the plaintiff is not "newly discovered." Defendants again are mistaken. The documents at issue comprise many thousands of pages of hard copy materials which had been collected pursuant to Court order only a few days prior to the hearing on defendants' motion to dismiss. A thorough categorization and comprehensive study of the materials was not conducted and could not reasonably have been conducted prior to the hearing. Nevertheless, within 10 days of identifying the documents on which plaintiff's present motion is based, undersigned counsel filed the motion for reconsideration. If deemed necessary, counsel will submit an affidavit to the Court attesting to such facts.

As proven by the sealed documents, some of the improperly disclosed information was received *from the IRS, not from any consumer*. This fact, although suspected, was not definitively known at the hearing on defendants' motion to dismiss.

3. Defendants' strict analysis of Fed. R. Civ. P. 60(b) requirements is unwarranted in reconsidering the Court's Jan. 7, 2009 Order. Although the Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an interlocutory order, "clearly it is within a district court's inherent discretion to reconsider or modify such orders at any time prior to the final decree." *Thompson v. Connick*, 2006 WL 2913347, *2 (E.D. La. 2006), *citing Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 356 (5th Cir. 1989); *Bon Air Hotel, Inc. v. Time, Inc*., 426 F.2d 858, 862 (5th Cir. 1970). Furthermore, because the Court's January 7, 2009 Order adjudicates some, but not all of plaintiff's claims, the ruling remains "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed. R. Civ. Pro. 54(b).

4. The new evidence is material and controlling. As stated in plaintiff's reconsideration motion, the newly discovered and submitted evidence shows that the improperly disclosed information was received *from the IRS*. Thus, the IRS was the *source* of the disclosed information. This distinction is critical. As defendants admit, "§ 6103 reflects an effort by Congress "to limit disclosure by . . . private persons who obtain return information *from the IRS* with strings attached." Docket No. 82, at p. 12 (emphasis added). The info disclosed here was not received from the consumers, but instead the IRS, and such information is covered by § 6103.

## CONCLUSION

For the foregoing reasons, the Court should grant plaintiff's motion for reconsideration.

Respectfully Submitted,

/s/ Bryan C. Shartle

David Israel (LSBA No. 7174) (T.A.)
Bryan C. Shartle (LSBA No. 27640)
Justin H. Homes (LSBA No. 24460)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3850 N. Causeway Blvd.
Lakeway II, Suite 200
Metairie, Louisiana 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

Attorneys for Plaintiff,
Vicki L. Pinero

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record ✓ by ECF; __ by email; __ by hand; __ by fax; __ by FedEx; __ by placing a copy of same in the U.S. Mail, postage prepaid this 30th day of March 2009.

/s/ Bryan C. Shartle
Bryan C. Shartle

N:\1-DI-Non-Collector-Misconduct\Pinero, Vicki-Class Action\Pleadings\LA Lawsuit\Motion to Dismiss\Reply to Memo in Opp to Mot. for Reconsideration.03.30.09.doc