# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | CASE NO.: 08-3535<br><br>SECTION R<br><br>**JUDGE**<br>SARAH VANCE<br><br>**MAGISTRATE JUDGE**<br>DANIEL E. KNOWLES |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS JACKSON HEWITT TAX SERVICE INC.'S AND JACKSON HEWITT INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | BACKGROUND | | 2 |
| III. | ARGUMENT | | 5 |
| | A. | LEGAL STANDARD | 6 |
| | B. | PLAINTIFF'S FRAUD CLAIMS CONTINUE TO VIOLATE RULE 9(B) AND THE TWOMBLY STANDARD. | 7 |
| | C. | PLAINTIFF'S INVASION OF PRIVACY CLAIM FAILS TO STATE A CLAIM AS A MATTER OF LAW | 10 |
| | D. | PLAINTIFF'S LUTPA CLAIM FAILS TO STATE A CLAIM AS A MATTER OF LAW | 12 |
| IV. | CONCLUSION | | 13 |

# TABLE OF AUTHORITIES

## CASES[1]

*ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336 (5th Cir.2002) ......................... 9

*Associated General Contractors of Cal., Inc., v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983) .......................................................................................... 6

*Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ................... passim

*Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278 (5th Cir. 2006) ................. 5

*Galjour v. General America Tank Car Corp.*, 769 F. Supp. 953 (E.D. La. 1991) ........ 2, 11

*Henry v. Allstate Insurance Co.,* No. 07-1738, 2007 WL 2287817 (E.D. La. Aug. 8, 2007) ......................................................................................................... 6

*Henry v. Taco Tio, Inc.,* 606 So. 2d 1376 (La. Ct. App. 1992) ........................................ 12

*In re Alamosa Holdings, Inc.,* 382 F. Supp. 2d 832 (N.D. Tex. 2005) .............................. 8

*In re Uncarco Security Litigation*, 148 F.R.D. 561 (N.D. Tex. 1993) ............................... 8

*Lone Star Ladies Investment Club v. Schlotzsky's Inc.*, 238 F.3d 363 (5th Cir. 2001) ................................................................................................................ 6

*Ordemann v. Unidentified Party*, No. Civ 06-4796, 2008 WL 695253 (E.D. La. Mar. 12, 2008) ................................................................................................ 5

*Pearlstein v. Justice Mortgage Investors*, No. CA-3-76-1476-D, 1978 WL 1143 (N.D. Tex. Oct. 17, 1978) ............................................................................. 8-9

*Samford v. Staples*, 249 F. App'x 1001, 1003-4 (5th Cir. 2007) ...................................... 6

*Schiller v. Physicians Resources Group*, 342 F.3d 563 (5th Cir. 2003) ....................... 5-6

*Southland Security Corp., v. INSpire Insurance Solutions. Inc.*, 365 F.3d 353 (5th Cir. 2004) .................................................................................................... 8

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375 (5th Cir. 2003) .............................................................................................................. 6

*U.S. v. The La. Clinic*, No. 99-1767, 2002 WL 1066745 (E.D. La. May 28, 2002) ............ 8

*Unimobil 84 v. Spurney*, 797 F.2d 214 (5th Cir. 1986) .................................................... 8

*Verret v. Gatlin*, 470 So. 2d 228 (La. Ct. App. 1985) ................................................ 11-12

---

[1] All unpublished opinions cited herein are attached hereto, *in globo*, as Exhibit A.

*Vinewood Capital, L.L.C. v. Dar al-Maal al-Islami Trust*, No. 4:06-CV-316-Y,
    2007 WL 2791876 (N.D. Tex. Sept. 26, 2007) ................................................................ 6

*Wimm v. Jack Eckerd Corp.*, 3 F.3d 137 (5th Cir. 1993) ...................................................... 5

## STATUTES

Fed. R. Civ. Proc. 9(b) ................................................................................................. 1, 2, 6

Fed. R. Civ. Proc. 12(b)(6) .................................................................................................. 1

Fed. R. Civ. Proc. 15(a) ....................................................................................................... 5

Defendants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (collectively "Jackson Hewitt") bring this Motion to Dismiss the Third Amended Complaint of Plaintiff Vicki Pinero ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).[2] For the reasons set forth below, Jackson Hewitt's Motion to Dismiss ("Motion" or "12(b)(6) Motion") should be granted.

I.  **PRELIMINARY STATEMENT**

Plaintiff's Third Amended Complaint goes well beyond the leave this Court generously granted her when it held – for the second time – that her factual allegations in support of the fraud and Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA") claims were inadequate under Rule 9(b) of the Federal Rules of Civil Procedure.[3] Rather than confine her amendments to those claims, as ordered by this Court, she amended other claims. One such claim is the subject of a pending motion to dismiss (breach of privacy), and the other is one that this Court already dismissed as a matter of law, but which Plaintiff seeks to have reconsidered (the claim under 26 § 6103).

As to the amended fraud and LUTPA claims, Plaintiff's allegations still fail to satisfy Rule 9(b) and the standard laid out in *Bell Atlantic Corp. v. Twombly*. *See* Fed. R. Civ. Proc. 9(b); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007). As to her breach of privacy claim, the amendments Plaintiff attempted to make – apparently in order to

---

[2] This Court did not rule on Jackson Hewitt's Motion to Dismiss the Second Amended Complaint and to Strike Class Allegations as to the request to dismiss the invasion of privacy count or to strike the class allegations. *See* Minute Order, Docket Entry No. 97. Jackson Hewitt does not waive any of the arguments raised therein. Jackson Hewitt will, however, address the invasion of privacy claim in this Motion, as Plaintiff has improperly amended that claim – although even as amended her claim still fails as a matter of law. However, in the interests of economy Jackson Hewitt will not restate its request that the Court strike the class allegations, except to note that the claims in the Third Amended Complaint are equally unsuitable to class treatment.

[3] Such "back-door" attempts at amendment by Plaintiff are par for the course in this litigation, as Plaintiff has attempted on numerous other occasions to "sneak in" additional claims or arguments, even when contrary to the express directives of the Court. *See, e.g.,* Jackson Hewitt's Memorandum In Opposition To Plaintiff's *Ex Parte* Motion To Amend Document Number 77, Docket Entry No. 104; Jackson Hewitt's Memorandum In Opposition To Plaintiff's *Ex Parte* Motion For Leave To File A Reply To Document No. 105, Docket Entry No. 108.

remedy the fatal lack of any connection between Jackson Hewitt and the former employee of its independent franchisee – actually further undermine that claim as a matter of law. Louisiana law is clear that tort liability, such as invasion of privacy, cannot be imposed vicariously on a franchisor for the actions of a franchisee's employee. *See, e.g., Galjour v. Gen. Am. Tank Car Corp.*, 769 F. Supp. 953 (E.D. La. 1991) (holding that vicarious liability cannot be imposed absent a master/servant relationship). Jackson Hewitt respectfully requests that this Court put an end to Plaintiff's repeated disregard for the Federal Rules and this Court's orders, and repeated failure to adequately plead her causes of action, and dismiss her Third Amended Complaint with prejudice.

## II.   BACKGROUND

This Motion seeks to dismiss the fourth iteration of the Complaint that Plaintiff has been allowed to file, although the record of this case reflects at least two other attempts by Plaintiff to amend her Complaint.[4] *See, e.g.,* Motion for Leave to File a Third Amended Complaint, Docket Entry No. 77; *Ex Parte* Motion for Leave to Amend Doc. No. 77, Docket Entry No. 103; Jackson Hewitt's Memorandum In Opposition To Plaintiff's *Ex Parte* Motion For Leave To File A Reply To Document No. 105, Docket Entry No. 108. Plaintiff filed her original Complaint on May 22, 2008, and her First Amended Complaint – adding two new causes of action – on June 15, 2008. Docket Entries Nos. 1 and 9. Jackson Hewitt moved to dismiss the First Amended Complaint, and on January 7, 2009, the Court granted that motion as to 6 of the 7 causes of action. Although the Court dismissed Plaintiff's claims of fraudulent inducement and violations of LUTPA, it gave Plaintiff leave to amend those claims in order to attempt to meet the specificity requirements of Rule 9(b).[5] Docket Entry No. 54.

---

[4] For the Court's convenience, a timeline of the various relevant amendments and filings in this case is annexed hereto as Exhibit B.

[5] As this Court has already noted, Plaintiff's LUTPA claim is subject to Rule 9(b) because it sounds in fraud. *See* Order and Reasons at p. 22, Docket Entry No. 54. Perhaps fearful that her LUTPA claim still fails to satisfy Rule 9(b), Plaintiff has now – without seeking leave – improperly amended her LUTPA claim to include invasion of privacy allegations.

Plaintiff filed her Second Amended Complaint on January 27, 2009. Docket Entry No. 57. Once again, this iteration of the Complaint failed to adequately plead its fraud allegations. Moreover, these amendments fatally undermined Plaintiff's invasion of privacy claim, an intentional tort, by removing allegations of intentional disclosure by Jackson Hewitt and instead pleading an alleged failure by Jackson Hewitt to prevent and/or supervise a former employee of Crescent City Tax Services, Inc. ("CCTS"), co-defendant and an independent franchisee of Jackson Hewitt, from improperly disposing of the documents. *See* Memorandum in Support of Jackson Hewitt's Motion to Dismiss Second Amended Complaint, Docket Entry No. 59.

Jackson Hewitt again moved to dismiss, and once again this Court ruled that Plaintiff's fraud allegations were inadequate, warning Plaintiff, among other things, that this was her last opportunity to amend. *See* Transcript of Oral Argument, April 1, 2009 ("Vance Transcript"), annexed hereto as Exhibit C, at 13:17 – 13:19 (this Court warning "I'm going to give you 15 days to amend this fraud claim. You better do it right this time."); *id.* at 10:15 – 10:16 (this Court cautioning "Now, you understand you have a huge Rule 11 obligation when you are making fraud allegations?"); *see also* Minute Order, April 1, 2009, Docket Entry No. 97; Vance Transcript at 10:13 – 10:14 (wherein Plaintiff stated, "Okay. Then I would ask leave to fix that . . ."). At no point did Plaintiff request, nor was she granted, leave to amend any other aspect of her Second Amended Complaint. Not addressed by the April 1, 2009 Minute Order was the request to dismiss the count for invasion of privacy, or to strike the class allegations.[6] *See*, Minute Order, April 1, 2009, Docket Entry No. 97.

While the Motion to Dismiss the Second Amended Complaint was pending before this Court, Plaintiff filed a separate Motion for Leave to File an Amended Complaint under Rule 15(a) ("Rule 15(a) Motion") before Magistrate Judge Daniel Knowles, seeking to add -- on behalf of Plaintiff and a new putative class -- a new Count based on a completely new claim and

---

[6] Also pending is Plaintiff's Motion for Reconsideration, wherein she asked the Court to reverse itself as to the dismissal of Count 1 of the First Amended Complaint, asserting a cause of action based on alleged violations of 26 U.S.C. §§ 6103 and 7431.

theory of the case, involving a loan Plaintiff took out from SBBT bank in January of 2006, and allegations that Jackson Hewitt was liable due to a failure to be licensed as a loan broker in connection with that transaction. Docket Entry No. 77. During the argument before Magistrate Judge Knowles on Plaintiff's pending Rule 15(a) Motion, Plaintiff, for the first time, asserted a position on the appropriate prescriptive or peremptive period that would govern her amended claim, and requested the opportunity to file supplemental briefing on that issue. Transcript of April 1, 2009 argument before Magistrate Judge Knowles ("Knowles Transcript"), annexed hereto as Exhibit D, at 10:1 – 10:4.

In her supplemental brief, Plaintiff far exceeded Magistrate Judge Knowles's order allowing for supplemental briefing on the statute of limitations issue. Rather than address her pending Rule 15(a) Motion and accompanying proposed amended complaint, Plaintiff attached a *new* proposed Third Amended Complaint to her memorandum – on behalf of a brand-new plaintiff and containing a new claim, and new allegations -- none of which had been the subject of her Rule 15(a) Motion. *See* Docket Entry No. 101. When this was rejected by the clerk of the court, Plaintiff then filed an improper *Ex Parte* Motion for Leave to Amend Doc. No. 77 (the Rule 15(a) Motion), seeking to substitute the very subject of her Rule 15(a) Motion with this different version of the proposed Third Amended Complaint – one which had neither been briefed nor argued by the parties. *See* Docket Entry No. 103.

Magistrate Judge Knowles denied Plaintiff's Rule 15(a) Motion on April 21, 2009 as to the original proposed amended complaint that Plaintiff attached to that motion. In a well-reasoned, 10-page decision, Magistrate Knowles denied the leave to amend on the grounds that such amendment would be futile, as the proposed claim was clearly time-barred on not just one, but under two potentially applicable statutes of limitation, and holding that neither the 10-year statute of limitation urged by the Plaintiff, nor the doctrine of *contra non valentum*, applied to the claim pled by Plaintiff. Docket Entry No. 117. On April 30, 2009, Plaintiff then filed an appeal of Magistrate Judge Knowles' order with this Court. Docket Entry No. 121.

Plaintiff filed her Third Amended Complaint on April 24, 2009. While pursuant to this Court's April 1, 2009 order this Court expressly granted Plaintiff only leave to amend her fraud claims, Plaintiff's latest iteration of the Complaint amended her non-fraud based claim for invasion of privacy as well, which is the subject of a pending Motion to Dismiss. In addition, in an apparent attempt to resuscitate, she attempted to add factual allegations with respect to the previously-dismissed claim under 26 U.S.C. § 6103. That Section 6103 claim is the subject of her pending Motion for Reconsideration before this Court. *See* Docket Entry No. 82.

## III. <u>ARGUMENT</u>

Plaintiff's strategy in this case appears to be that, when confronted with meritorious and dispositive arguments made in the motions to dismiss her claims, she seeks to amend – regardless of whether having obtained leave – to either add new causes of action or new allegations.[7] And while amendment is potentially permissible under Rule 15(a), Plaintiff repeatedly seeks to avoid the strictures of that Rule as well as orders of this Court and the Magistrate Judge, through back-door amendments of her claims. *See generally* Fed. R. Civ. Proc. 15(a). Plaintiff has been given more than enough "bites at the apple" at this point, and her repeated failure to comply with the Federal Rules of Civil Procedure, and the orders of this Court, mandates dismissal. *See Schiller v. Physicians Res. Group*, 342 F.3d 563, 565-66 (5th Cir. 2003) (affirming dismissal where the district court found that Plaintiff had "stated their best

---

[7] Plaintiff has already amended her Complaint three times; and should not be allowed to *preemptively* amend yet again, in an effort to prolong this case and avoid a valid dismissal. *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-40 (5th Cir. 1993) (affirming a denial of a motion to amend on the grounds of bad faith and dilatory intent; the plaintiffs were aware of facts before filing original complaint and filed new claims in an effort to avoid summary judgment); *see also Ordemann v. Unidentified Party*, No. Civ 06-4796, 2008 WL 695253 at *3 (E.D. La. Mar. 12, 2008) (denying leave to amend based in part on a finding that the defendant would be prejudiced if plaintiff was allowed to file another amended complaint because it would require the defendant to file yet another motion to dismiss); *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 292 (5th Cir. 2006) (affirming a district court's denial of leave to amend where Plaintiffs failed to explain with "requisite specificity" why they had not included new allegations in the prior versions of the complaint).

case after four bites of the apple [and] … if, after that time, a cause of action has not been established, the court should finally dismiss the suit").

A. Legal Standard

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1964-65 (internal citations omitted); *see also Samford v. Staples*, 249 F. App'x 1001, 1003-4 (5th Cir. 2007); *Henry v. Allstate Ins. Co.*, No. 07-1738, 2007 WL 2287817 at *6 (E.D. La. Aug. 8, 2007). Though the Court must accept all factual allegations in the complaint as true, this Court may not assume that Plaintiff can prove facts that she has not alleged. *See Associated Gen. Contractors of Cal., Inc., v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Plaintiff's Third Amended Complaint also must plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 127 S. Ct. at 1966. Thus, a Rule 12(b)(6) motion to dismiss should be granted when plaintiff fails to "nudge[] [her] claims across the line from conceivable to plausible." *Id.* at 1974. Furthermore, as this Court has repeatedly informed Plaintiff, claims sounding in fraud must be plead with particularity, as required under Federal Rule of Civil Procedure 9(b). *See* Vance Transcript at 10:18 – 10:20 ("You have to allege -- and this all has to be done with specificity -- who made the statement and that it was knowingly false at the time it was made"); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 385 (5th Cir. 2003); *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.,* 238 F.3d 363, 368 (5th Cir. 2001) ("Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not"); *Vinewood Capital, L.L.C. v. Dar al-Maal al-Islami Trust*, No. 4:06-CV-316-Y, 2007 WL 2791876 (N.D. Tex. Sept. 26, 2007) (holding that a mere failure to fulfill a promise is not sufficient to support an allegation of fraud under Rule 9(b)).

As set forth below, Plaintiff's latest attempt at stating a viable fraud or LUTPA claim, like her previous attempts, fails to meet the *Twombly* and Rule 9(b) standards, and her invasion

of privacy allegations fail to state a claim as a matter of law. Accordingly, the Third Amended Complaint should be dismissed with prejudice.

> **B.** **Plaintiff's Fraud Claims Continue to Violate Rule 9(b) and the *Twombly* Standard.**

This Court repeatedly has reminded Plaintiff that she must plead claims sounding in fraud with specificity, and that those fraud claims must be plausible. *See* Order and Reasons at 4, 18 – 20; Vance Transcript at 10:18 – 10:20. Most recently, at the oral argument on April 1, 2009, the Court specifically reminded Plaintiff of these threshold requirements, and pointed out that the Second Amended Complaint was vague about who made the alleged promises, what the alleged promises were, and how they were false at the time they were made:

> **The Court:** Now, you understand you have a huge Rule 11 obligation when you are making fraud allegations?
>
> **[Plaintiff's Counsel]:** Yes, Your Honor.
>
> **The Court:** *You have to allege -- and this all has to be done with specificity -- who made the statement and that it was knowingly false at the time it was made*. If your allegation was the reason it was knowingly false at the time was that they said there were procedures in place but there weren't, you have to allege that the procedures were not in place at the time, not two years later.

*Id.* at 10:15 – 10:24 (emphasis added).

> **The Court:** What is it that you're saying about these representations as between the franchisee and the franchisor?
>
> **[Plaintiff's Counsel]:** Well, it's very clear. You look at their privacy policy. It is a representation from all of them, not only the local franchisor. They define in their privacy policy the term *we*, which includes all of the defendants. Regardless of whether or not the franchisor is actually physically in the local office, they represent to consumers who come into Jackson Hewitt because of the brand name that they are going to protect that information, that they have policies and procedures in –

*Id.* at 11:5 – 11:16.

Disagreeing with Plaintiff's characterization of her fraud allegations as "very clear," and in response to Plaintiff's request for leave to amend only her fraud allegations, this Court granted Plaintiff leave to amend those fraud allegations, warning:

> You better do it right this time. Make sure you say who said what when and that the allegation was that false statements were knowingly made -- that they were knowingly false at the time and the circumstances under which at the time made those statements false.

*Id.* at 13:18 – 13:23.

Contrary to this Court's directives, Plaintiff's Third Amended Complaint does not satisfy this standard. Plaintiff continues to rely upon broad, vague allegations such as: "they were promised by all of the Defendants"; "Defendants represented that . . ."; and "the confidentiality representations at issue here were from all of the Defendants." *See, e.g.,* Third Amended Complaint ¶ 2, 26-28. As noted in Jackson Hewitt's Motion to Dismiss the Second Amended Complaint, group pleading in this manner is insufficient to satisfy Rule 9(b). *See Southland Sec. Corp. v. INSpire Ins. Solutions. Inc.*, 365 F.3d 353, 365 (5th Cir. 2004) (rejecting "group pleading" and holding that "we do not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the allegedly fraudulent statement is specifically pleaded").[8]

---

[8] *See also Unimobil 84 v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986) (holding that "[Plaintiff's] general allegations, which do not state with particularity what representations each defendant made, do not meet [the Rule 9(b)] requirement."); *U.S. v. The La. Clinic*, No. 99-1767, 2002 WL 1066745 at *2 (E.D. La. May 28, 2002) (citing *In re Uncarco Sec. Litig.*, 148 F.R.D. 561, 569 (N.D. Tex. 1993)) ("[o]ne of the purposes of Rule 9(b) is to 'guard[] against guilt by association"); *In re Alamosa Holdings, Inc.,* 382 F. Supp. 2d 832, 857 (N.D. Tex. 2005) (holding that "[a]ny allegations in the complaint made against "Defendants" (plural or group) do not meet the requirements of pleading allegations of fraud"); *Pearlstein v. Justice Mortgage Investors*, No. CA-3-76-1476-D, 1978 WL 1143 at *6 (N.D. Tex. Oct. 17, 1978) (holding that, under Rule 9(b),

Moreover, Plaintiff's mischaracterization of the privacy policy cannot salvage her fraud claims and lack of specificity.[9] Plaintiff generally alleges that "*all of the Defendants*" (emphasis in original) represented to her that **"certain** policies and procedures were in place to protect the personal and financial information and documents." Third Amended Complaint ¶ 26 (italics in original, bold added); *see also id.* ("Defendants knew at the time the representations were made to Plaintiff and the class members that they did *not* have in-place the **represented** policies and procedures that complied with applicable laws and regulations.") (italics in original, bold added). Plaintiff goes on to allege certain supposed failings of Jackson Hewitt's policies and procedures. *See* Third Amended Complaint ¶¶ 28 (A - J).

However, contrary to Rule 9(b), Plaintiff never alleges what specific policies and procedures were represented to her at the time she contracted with CCTS, or by whom. Nor could she, given the actual language of the privacy policy, which is attached and incorporated into her Complaint:

> We maintain policies and procedures designed to restrict access to nonpublic information about you to those persons who need to know that information to fulfill your request for products or services. These policies and procedures include physical, electronic, and procedural safeguards that comply with federal regulations to guard your information.

---

"the pleading should designate the specific defendants who are responsible for each individual document or the nature of their participation in the alleged scheme").

[9] While Plaintiff's Third Amended Complaint makes vague and conclusory references to other "promises" they are not articulated with the specificity required of Rule 9(b), as the allegations do not contain the requisite "who, what, when, and how" required. *Compare, e.g., ABC Arbitrage Plaintiffs Group v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002) (requiring that allegations sounding in fraud "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent") *with* Third Amended Complaint at ¶ 29 ("Defendants told Plaintiff, as Defendants always tell their customers, that her confidential, private and financial information and documents would not be placed in the public domain for access by anyone"); *see also Twombly*, 127 S. Ct. at 1966 (holding that "a conclusory allegation . . . does not supply facts").

Third Amended Complaint, Exhibit O.

Plaintiff's fraud allegations remain insufficient as a matter of law, and accordingly Plaintiff, having been given sufficient "bites at the apple" to cure her deficient allegations, should have her fraud and LUTPA claims dismissed with prejudice.

### C. Plaintiff's Invasion of Privacy Claim Fails to State a Claim as a Matter of Law.

Plaintiff neither sought, nor received, leave to make any amendment of her Complaint *other than to amend her fraud allegations*. *See* Vance Transcript at 13:17 – 13:19; Minute Order, April 1, 2008, Docket Entry No. 97 ("Plaintiff **ORDERED** to amend the fraud claim within 15 days.") (emphasis in original). Nonetheless, Plaintiff has attempted to slip in an amendment of her invasion of privacy claim, presumably in an unsuccessful effort to cure the fatal deficiencies that Jackson Hewitt identified in its Motion to Dismiss the Second Amended Complaint, which is pending as to Plaintiff's invasion of privacy claim. *See* Third Amended Complaint ¶ 37 ("As the employer/principal of Ms. Hall, Defendants are liable for Ms. Hall's wrongful and intentional actions, including her invasion of privacy, conducted in the course and scope of her employment and agency."); *id.* ¶ 65 ("Defendants, *through their employee(s)/agent(s),* invaded the privacy of Plaintiff. *Defendants are liable for the intentional actions of their employee(s)/agent(s)* . . .) (new allegations in italics).[10]

---

[10] In addition, Plaintiff attempted to improperly amend her LUTPA claim, which previously had encompassed only the fraudulent inducement claim, to now encompass this "amended" invasion of privacy claim as well. Third Amended Complaint ¶ 75 ("Also, through their employee(s)/agent(s), Defendants invaded Plaintiff's privacy by improperly disclosing her highly confidential financial and private information and documents"). For reasons which are unclear, Plaintiff also appears to have inserted a new allegation that apparently somehow relates to her claim under 26 U.S.C. § 6103, which this Court previously dismissed, and as to which Plaintiff has moved for reconsideration. Third Amended Complaint ¶ 6 ("Upon information and belief, Defendants are authorized IRS e-filers"). At a minimum, these amendments should be stricken.

Specifically, Plaintiff attempts to supplement her allegations in an attempt to adequately allege an "employee/agency" relationship between Jackson Hewitt and a former employee of the independent franchisee CCTS – an attempt which is unavailing for two distinct reasons. First, conclusory statements alleging a legal relationship, without facts in support of those allegations, are not entitled to deference by the Court on this Rule 12(b)(6) Motion. *Compare* Third Amended Complaint ¶ 37 ("As the employer/principal of Ms. Hall, Defendants are liable for Ms. Hall's wrongful and intentional actions, including her invasion of privacy, conducted in the scope of her employment and agency") *with* Third Amended Complaint ¶ 36 (listing Ms. Hall as a one-time employee of CCTS and referencing a police report referring to her as a former employee of Ms. Hirsch, the principal of CCTS); *see also* Third Amended Complaint ¶¶ 9, 22 (listing CCTS as the owner and manager of the franchise at issue).

In addition, the Third Amended Complaint cites to and relies upon a franchise agreement which is explicit that no agency or employment relationship exists between Jackson Hewitt and its franchisees' employees. *See* Third Amended Complaint, Exhibit Q ¶ 13.6 ("Since you are an independent contractor, you have the sole right to select, hire and discharge your employees . . . Neither you, nor your manager or your employees shall be considered or represented as our employees or agents."); *id.* ¶ 28.12 ("You acknowledge that you are an independent contractor and that no principal-agent, partnership, employment, joint venture or fiduciary relation exists between you and us"). As Plaintiff has not alleged any *facts* which would support a conclusion that an employment or agency relationship existed between Mary Hall, or any employee of CCTS, and Jackson Hewitt, these conclusory allegations are not entitled to any deference under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1959.

Second, Plaintiff's use of the phrase "employee/agent" is telling, as she is attempting to blur an important distinction under the law. Under Louisiana law, tort liability cannot be imposed on a principal for the acts of his agent, "unless the agent is a servant within the concept of the master-servant relationship." *Galjour v. Gen. Am. Tank Car Corp.*, 769 F. Supp. at 958.; *see also Verret v. Gatlin*, 470 So. 2d 228 (La. Ct. App. 1985) ("The liability for the negligent

acts of another do not flow simply because of a principal-agent relationship"). Louisiana courts have specifically interpreted this in the franchise context, and have ruled that franchisors do not have a "master-servant" relationship with the franchisee's employees, and accordingly held that franchisors are not vicariously liable for the tortious acts of a franchisee's employees. *See Henry v. Taco Tio, Inc.*, 606 So.2d 1376 (La. Ct. App. 1992).[11]

Plaintiff's new superimposed allegations of "agency or employment" are contradicted by her own factual allegations and exhibits. Accordingly, even as *improperly* amended, Plaintiff's invasion of privacy claim fails as a matter of law, including for the reasons set forth in Jackson Hewitt's Motion to Dismiss Plaintiff's Second Amended Complaint.

**D. Plaintiff's LUTPA Claim Fails to State a Claim as a Matter of Law.**

Plaintiff's LUTPA claim, despite her attempts at amendment, fails to state a claim. As Plaintiff's LUTPA allegations sounding in fraud are subject to the same requirements as her fraudulent inducement claim, they fail for the same reasons, as Plaintiff cannot identify, with the specificity required of Rule 9(b), the representations allegedly made to her that were fraudulent. *See* Order and Reasons p. 22, Docket Entry No. 54. Moreover, her attempt to improperly graft her invasion of privacy claim onto her LUTPA claim fails for three independent distinct reasons. First, as noted above, these amendments were improper, as Plaintiff had only been granted leave to amend her allegations of fraud. Second, even were these amendments properly made, they remain insufficient as a matter of law, due to the lack of any factual allegations (as opposed to conclusions of law contradicted by the factual allegations of the Third Amended Complaint) sufficient to impute vicarious liability between Ms. Hall and Jackson Hewitt. Third, to the extent that Plaintiff contends that these vague invasion of privacy allegations support a claim of an unfair fraudulent scheme to deceive her, these claims are subject to, and cannot satisfy, the

---

[11] Even in the master-servant context, actions which are taken outside of the scope of employment, such as those alleged here, cannot form the basis for vicarious liability. *See* Third Amended Complaint ¶ 33 (alleging that Ms. Hall disposed of the proprietary materials of CCTS and Jackson Hewitt); *id.* Exhibit S. (the police report that CCTS's principal, Ms. Hirsch, alleging theft on the part of Ms. Hall).

specificity requirements of Rule 9(b). Plaintiff's legally flawed invasion of privacy theory cannot be salvaged by repackaging it as a LUTPA claim.

## IV. CONCLUSION

All of Plaintiff's causes of action fail as a matter of law. For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Third Amended Complaint with prejudice.

Dated: May 4, 2009

             /s/ Andrew S. Wein
            Donna L. Wilson (Admitted *pro hac vice*)
            Andrew S. Wein (Admitted *pro hac vice*)
            Veronica D. Gray (Admitted *pro hac vice*)
            KELLEY DRYE & WARREN LLP
            3050 K Street, NW, Suite 400
            Washington, DC 20007
            Telephone (202) 342-8400
            Fax (202) 342-8451

            AND

            KEAN, MILLER, HAWTHORNE,
            D'ARMOND, McCOWAN & JARMAN, L.L.P.
            Glenn M. Farnet (#20185)
            Gina D. Banks (#27440)
            One American Place, 18th Floor
            Post Office Box 3513 (70821)
            Baton Rouge, Louisiana 70825
            Telephone (225) 387-0999

            Attorneys for Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th of May, 2009, a copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system and U.S. Mail to all counsel of record.

     /s/ Andrew S. Wein