# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

VICKI L. PINERO, individually and on behalf
of all others similarly situated,

       Plaintiff,

       v.

JACKSON HEWITT TAX SERVICE INC.;
JACKSON HEWITT INC.; and, CRESCENT
CITY TAX SERVICE, INC. d/b/a JACKSON
HEWITT TAX SERVICE,

       Defendants.

**CASE NO.:** 08-3535

**SECTION R**

**JUDGE**
**SARAH VANCE**

**MAGISTRATE JUDGE**
**DANIEL E. KNOWLES**

## JACKSON HEWITT TAX SERVICE INC.'S AND JACKSON HEWITT INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION APPEALING MAGISTRATE JUDGE KNOWLES' ORDER DENYING LEAVE TO AMEND

Dockets.Justia.com

# TABLE OF CONTENTS

I.  PRELIMINARY STATEMENT ..................................................................... 1

II.  BACKGROUND ......................................................................................... 3

III.  ARGUMENT ............................................................................................... 5

  A.  Legal Standard ............................................................................... 5

  B.  Plaintiff's Proposed Claim is Subject to a 60-Day Limitation Period Under
  La. Rev. Stat. § 9:3552 .................................................................... 7

  C.  Even Were § 9:3552's 60-day Period Held Not To Apply, Plaintiff's
  Proposed Claim Is Delictual and Subject to the One-Year Prescriptive
  Period of La. Civ. Code Art. 3492. ................................................. 9

    1. Delictual Actions Are Subject to a One-Year Prescriptive Period. .................. 9

    2. Plaintiff's Proposed Claim Alleges Wrongful Conduct Barred by Law,
    Not Violations of Contractual Obligations. ...................................... 10

    3. Plaintiff's Proposed Claim Is "Most Analagous" to a Tort, Not a Quasi-
    Contractual Claim. ........................................................................ 11

  D.  Plaintiff Has Failed to Establish that the Doctrine of Contra Non Valentem
  Applies. ........................................................................................... 14

IV.  CONCLUSION ......................................................................................... 16

CASES[1]

*Armant v. Astrue, Commissioner of Social Security,* No. 08-981, 2009 U.S. Dist. LEXIS 34472 (E.D. La. April 21, 2009) .................................................................. 5

Babineaux v. La. Department of Transport and Development, 927 So.2d 1121 (La. Ct. App. 2005) ............................................................................................ 15

*Barnes v. Universal Ogden Services, Inc.,* No. 98-2591, 1999 WL 438475 (E.D. La. 1999) ...................................................................................................... 6

*Buckenberger v. Reed,* No. 06-7393, 2007 U.S. Dist. LEXIS 28236 (E.D. La. 2007) .......................................................................................................... 5-6

*Dela Vergne v. Dela Vergne, III,* 745 So.2d 1271 (La. Ct. App. 1999) ......................... 13

*Eastin v. Entergy Corp.,* 865 So.2d 49 (La. 2004) ........................................................ 14

*Fidelity Funds Inc., v. Price,* 491 So.2d 681 (La. App. 1 Cir. 1986) .............................. 8

*Fidelity & Deposit Co. of Maryland v. Smith*, 730 F.2d 1026 (5th Cir. 1984) ............... 13

*Fulford v. Transport Service Co.,* No. 03-2472, 2004 U.S. Dist. LEXIS 5855 (E.D. La. Apr. 6, 2004) ......................................................................................... 7

*Harrell v. Fidelity Security Life Insurance Co.,* No. 07-1439, 2008 WL 170269 (E.D. La. Jan. 16, 2008) ........................................................................ 9, 11, 13

*Herman v. State Farm Mutual Automobile Insurance Co*., 977 So.2d 41 (La. App. 1 Cir. 2007) ...................................................................................................... 15

*Iberville Land Co. v. Amerada Petroleum Corp*., 141 F.2d 384 (5th Cir. 1944) ............. 13

*Marketfare Annunciation, LLC v. United Fire & Casualty Co*., No. 06-7232, 2007 WL 837202 (E.D.La. Mar.15, 2007) .................................................................. 11

*Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013 (5th Cir. 1981) .................................................................................................................. 7

*Mintz Finest Furniture v. United Fire & Casualty Co.,* No. 06-4817, 2008 U.S. Dist. LEXIS 30374 (E.D. La. Mar. 31, 2008) ...................................................... 5

---

[1] All unpublished opinions cited herein are attached hereto, *in globo,* as Exhibit A.

# TABLE OF AUTHORITIES

Page

*Terrebonne Parish School Board v. Mobil Oil Corp*., 310 F.3d 870 (5th Cir. 2002) . 9, 10

*Thomas v. State Employees Group Benefits Program*, 934 So.2d 753 (La. App. 1st Cir. 2006) ................................................................................................ 9, 11, 13

*United Gas Pipe Line Co. v. Socony Mobil Oil Co*., 220 F. Supp. 685 (W.D. La. 1963) ............................................................................................................... 13

*Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc*., 844 F. Supp. 1156 (S.D. Tex. 1994) ........................................................................ 1, 6

## STATUTES

28 U.S.C. § 636(b)(1)(A) ............................................................................................ 6, 7

La. Civ. Code Art. 3492............................................................................................... 1, 2

La. Civ. Code Art. 3499.................................................................................................... 9

La. Rev. Stat § 9:3552..................................................................................................... 1

# I.     PRELIMINARY STATEMENT

In this appeal, Plaintiff seeks for this Court to overturn Magistrate Judge Knowles' April 21, 2009 Order Denying Plaintiff's Motion for Leave to File a Third Amended Complaint ("Order" or "Decision").  In that well-reasoned, 10-page opinion, issued only after oral argument and copious briefing, Judge Knowles correctly held that Plaintiff's proposed claim arising from an alleged transaction dating back over three years ago was time barred under either one of two potentially applicable statutes of limitations – the 60-day peremptive period of the Louisiana Consumer Credit Law ("LCCL"), or the general one-year prescriptive period for delictual acts.  *See* La. Rev. Stat. § 9:3552; La. Civ. Code Art. 3492.  Plaintiff's appeal should be denied.

As a threshold matter, Plaintiff urges this Court to apply an incorrect standard of review to Judge Knowles' ruling.  Contrary to Plaintiff's argument, as well as her stylization of her motion as a request for "De Novo Review of April 21, 2009 Dispositive Magistrate Ruling" ("Motion" or "Appeal Motion"),  Judge Knowles did not rule on a "dispositive motion," but rather a pre-trial Motion for Leave to Amend under Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a) Motion").  Accordingly, under the Federal Rules of Civil Procedure, 28 U.S.C. § 636, *and the cases cited in Plaintiff's own brief*, this Court must review Judge Knowles' decision under a clearly erroneous, not a *de novo* standard.  *See, e.g., Vaquillas Ranch Co., Ltd. v. Texaco Exploration and Production, Inc.*, 844 F. Supp. 1156, 1162 (S.D. Tex. 1994) (cited in Plaintiff's Brief at p. 8, and holding that "the listing found in § 636(b)(1)(A) is exhaustive and reflects Congress' intent that *only those motions that are listed be construed as dispositive* and thus outside the power of a magistrate judge to determine") (emphasis added).  But regardless of whether a clearly erroneous or *de novo* standard is applied, Plaintiff has failed to meet her burden of establishing that Judge Knowles' Order should be overturned.

Plaintiff makes three main arguments in seeking to resuscitate her claim. *First*, she contends that contrary to Judge Knowles' ruling, her three-year old proposed claim under is not governed by the 60-day peremptive period for bringing claims under the LCCL. However, as Judge Knowles correctly held, Plaintiff brought her proposed claim pursuant to a provision contained within the LCCL, and accordingly is subject to the 60-day peremptive period of the LCCL's procedural arm, La. Rev. Stat. § 9:3552. *See* Order at 6.

*Second*, Plaintiff seeks reversal of Judge Knowles' ruling in the alternative that her three-year old claim would be precluded by the one-year prescription for delictual acts under Article 3492. *See* Order at 7; La. Civ. Code Art. 3492. Instead, she argues that her claim is governed by a 10-year statute of limitations applicable to contractual claims, and therefore not time-barred. *See* Plaintiff's Brief p. 15. However, as Judge Knowles correctly reasoned, there is no breach of contract claim being alleged by the proposed complaint. *See* Order at 7 ("Count 10 contains no allegations asserting a contractual breach by defendants"). Furthermore, Judge Knowles correctly held that, regardless of the relationship between the parties, the ***source of the duty allegedly breached*** is delictual in nature, as it was brought under a statute, La. Rev. Stat. § 9:3572, barring certain conduct as wrongful or illegal, and therefore the proposed claim is alternatively subject to the one-year prescriptive period for delictual acts under La. Civ. Code. Article 3492. *See* Order at 7.

*Third*, Plaintiff, in yet another back-door attempt to amend the proposed complaint, contends that she is entitled to the extraordinary relief of the doctrine of *contra non valentem,* the so-called "discovery rule." But as Judge Knowles correctly held, "[t]he doctrine of *contra non valentem* is exceedingly stringent and applies only in 'exceptional circumstances.'" Order at 10. As Plaintiff has failed to carry her burden – producing neither facts nor evidence that would

support a finding of tolling – to show that the period of prescription applicable to her facially prescribed claim was suspended or interrupted in some manner, there is no basis to conclude that Judge Knowles erred in declining to apply the doctrine. *See* Order at 8-9.

Accordingly, as detailed below, Plaintiff's motion seeking reversal of Judge Knowles decision should be denied.

## II.    BACKGROUND[2]

Plaintiff filed her Rule 15(a) Motion on February 26, 2009, which attached a proposed complaint that added a proposed claim under La. Rev. Stat. § 3572.12 (proposed Count 10) and related factual allegations. Plaintiff's proposed claim alleged that Defendants violated La. Rev. Stat. § 9:3572.12 by brokering certain loans for its customers without a license, allegedly entitling Plaintiff to a penalty equal to twice the amount of total fees Defendants received. *See* Proposed Complaint, Docket Entry No. 77-5 at ¶ 113-16. Judge Knowles heard argument on April 1, 2009.

The principal focus of that hearing was whether the loan broker claim that Plaintiff was attempting to add was time-barred – an argument that Jackson Hewitt had raised in its Opposition brief to Plaintiff's Rule 15(a) Motion, but which Plaintiff ignored in her reply memorandum. At the hearing, Plaintiff for the first time attempted to rebut Jackson Hewitt's statute of limitations argument, countering that the three-year-old claims were subject to a ten-year limitation period and therefore not time barred. She then requested leave to file a supplemental memorandum in order to brief this waived argument. *See* Transcript of Hearing

---

[2]  In light of this Court's familiarity with the factual and procedural history of this case, Jackson Hewitt respectfully refers the Court to its prior memoranda, including Jackson Hewitt's recently filed Motion to Dismiss the Third Amended Complaint, for a full recitation of the background in this case. *See, e.g.,* Docket Entry No. 123.

before Judge Knowles on April 1, 2009, at 10:1 – 10:8, attached hereto as Ex. B (hereinafter "Exhibit B" or "Knowles Hearing Transcript"). Judge Knowles granted Plaintiff's request, and directed the parties to file supplemental memoranda with Plaintiff's Memorandum due on April 6, 2009, and Defendant's Reply due on April 8, 2009. *See* Minute Order, entered on April 2, 2009, Docket Entry No. 98. On April 6, 2009, Plaintiff filed her supplemental memorandum. However, rather than argue the statute of limitations issue as it pertained to the proposed complaint attached to her then-pending motion (*see* Docket Entry No. 77-5), she annexed to her supplemental memorandum a new proposed complaint with a new claim, new named defendant, and new allegations – including almost 500 pages of exhibits. Her supplemental memorandum was devoted to arguing the statute of limitations issue as it related to her new proposed complaint.

The Court rejected the attempt to annex a new complaint to this filing as improper (*see* Docket Entry No. 102), and Plaintiff then filed an *ex parte* Motion to Amend her Rule 15(a) Motion, again seeking to substitute the proposed complaint pending before Judge Knowles with the new version.[3]

In total, prior to Judge Knowles denying her Plaintiff Rule 15(a) Motion, Plaintiff submitted over fifty pages of briefing in support of her Rule 15(a) Motion before Judge Knowles, and has had ***ample*** opportunity to be heard on these issues. Plaintiff's briefing in support of her Rule 15(a) Motion included:

1)      a 12-page initial memorandum;

2)      a 17-page reply memorandum;

3)      a 14-page supplemental memorandum;

---

[3] Notably, this new version of the proposed complaint would be similarly time-barred pursuant to Judge Knowles' Order.

4)      5-page reply to Jackson Hewitt's supplemental memorandum;

5)      2-page *ex parte* Motion to Correct Document No. 77 (Rule 15(a) Motion).

6)      5-page reply to Jackson Hewitt's opposition to *ex parte* Motion to Correct Document No. 77.

On April 21, Judge Knowles issued his ruling on Plaintiff's Rule 15(a) Motion.  He denied the motion as futile, holding that, on the face of the allegations, Plaintiff's proposed claim was time-barred under either of ***two*** potentially applicable statutes of limitation.  *See* Order at 6-7.  After denying Plaintiff's motion, Judge Knowles also subsequently cancelled oral argument on Plaintiff's *ex parte* motion to "correct" her Rule 15(a) Motion – presumably on the grounds of mootness.  *See* Order entered May 8, 2009, Docket Entry No. 128.

Plaintiff then filed a Third Amended Complaint, pursuant to this Court's granting her request at the last hearing, to further amend her fraud allegations in yet another attempt to cure the fatal deficiencies this Court identified in granting Jackson Hewitt's Motion to Dismiss the Second Amended Complaint.

## III.    ARGUMENT

### A.      Legal Standard

Because Judge Knowles' Order denying Plaintiff's motion for leave to amend is ***not*** dispositive, this Court must review it under a clearly erroneous or abuse of discretion standard. *See Armant v. Astrue, Commissioner of Social Security*, No. 08-981, 2009 U.S. Dist. LEXIS 34472 at *11 (E.D. La. April 21, 2009) (holding that a district court reviews magistrate judge's factual findings and recommendations on dispositive motion to dismiss under a *de novo* standard, and upholding the magistrate judge's denial of leave to amend under clearly erroneous standard, agreeing that amendment would be futile); *Mintz Finest Furniture v. United Fire & Casualty Co.*, No. 06-4817, 2008 U.S. Dist. LEXIS 30374 (E.D. La. Mar. 31, 2008) (upholding the magistrate judge's denial of leave to amend under a clearly erroneous standard); *Buckenberger v.*

*Reed*, No. 06-7393, 2007 U.S. Dist. LEXIS 28236 (E.D.La. 2007) (upholding Magistrate Judge Knowles' denial of leave to amend under a clearly erroneous standard).

Plaintiff cites to no authority to support her assertion that her motion for leave to amend complaint was dispositive or that she is entitled to *de novo* review. To the contrary, the cases Plaintiff does cite contradict her argument. For example, the court in *Vaquillas*, authority on which Plaintiff relies, held that:

> whether a motion is "dispositive" refers to the list of motions that a magistrate judge may not determine, [as] found in § 636(b)(1)(A), [...and that] the listing found therein is *exhaustive* and reflects Congress' intent that *only those motions that are listed be construed as dispositive* and thus outside the power of the magistrate judge to determine.

*See Vaquillas,* 844 F. Supp. at 1162 (internal citations omitted) (emphasis added) (cited in Plaintiff's Brief at 8).

The only motions listed in § 636, and therefore the only "dispositive motions" are as follows:

> "motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."

28 U.S.C. § 636(b)(1)(A).

The court in *Vaquillas* held that a magistrate judge's order remanding the case to state court was only to be reviewed under a clearly erroneous standard.[4] *See id.* at 1163. Unless specifically enumerated in § 636(b)(1)(A), a pretrial matter decided by a federal magistrate

---

[4] Beyond *Vaquillas*, the other cases cited by Plaintiff also support the position that a clearly erroneous standard must be applied. *See, e.g., Barnes v. Universal Ogden Services, Inc.*, No. 98-2591, 1999 WL 438475 at *2 (E.D. La. 1999) (cited by Plaintiff in her brief at 8) (upholding magistrate judge's nondispositive order after applying clearly erroneous or "contrary to law" standard of review).

should be reviewed under the clearly erroneous standard. *See* 28 U.S.C. § 636(b)(1)(A); *see also*

*Merritt v. International Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981)

(holding that district court must review magistrate judge rulings on nondispositive motions under

a clearly erroneous standard, unlike factual findings and recommendations, which are subject to

a *de novo* review under § 636(b)(1)(B)).

     Under a clearly erroneous standard, a district court may reverse a magistrate judge's

ruling only when "the magistrate judge has obviously misapprehended a party's position, the

facts, or the applicable law, or when the party produces new evidence that could not have been

obtained through the exercise of due diligence." *Fulford v. Transport Service Co*., No. 03-2472,

2004 U.S. Dist. LEXIS 5855 at *8 (E.D. La. April 6, 2004). As set forth below, Plaintiff cannot

carry her burden to show that Judge Knowles' well-reasoned decision is clearly erroneous.

     Moreover, even if a *de novo* standard applied, Plaintiff has failed to meet her burden.

Under any standard, Plaintiff's Rule 15(a) Motion fails as a matter of law, as her proposed new

claim is obviously time-barred under not just one, but ***two*** potentially applicable statutes of

limitation. For further analysis regarding all issues addressed in Plaintiff's original motion,

Jackson Hewitt respectfully refers the Court to its Opposition briefs submitted to the Magistrate

Judge Knowles. *See* Jackson Hewitt's Memo. in Opp. To Pl.'s Motion for Leave to Amend,

filed March 23, 2009, Docket Entry No. 81; *see also* Jackson Hewitt's Supp. Memo in Opp. to

Pl.'s Motion for Leave to Amend, filed April 8, 2009, Docket Entry No. 105.

    **B.**    **Plaintiff's Proposed Claim is Subject to a 60-Day Limitation Period Under La. Rev. Stat. § 9:3552.**

     Plaintiff contends that Judge Knowles erred when he held that Plaintiff's proposed claim

was barred by the 60-day limitation period contained in the Louisiana Consumer Credit Law

("LCCL") – under which Plaintiff is pursuing her proposed loan broker claim. *See* Proposed

Complaint ¶¶ 113-116 (citing to La. Rev. Stat. § 3572). According to Plaintiff, her proposed claim should be subject to a 10-year statute of limitation, despite the fact that other claims under the LCCL have been held to be subject to a 60-day peremptive period. *See Fidelity Funds, Inc. v. Price*, 491 So.2d 681, 684 (La. App. 1 Cir. 1986).

However, as Judge Knowles correctly held, the statute under which Plaintiff is pursuing her proposed claim is encompassed within the LCCL. As Judge Knowles stated, "Plaintiff does not dispute that § 9:3572 is part of the chapter entitled Louisiana Consumer Credit Law or that [§9:3552] is the procedural/enforcement arm of the LCCL, which purports on its face to govern remedies and penalties applicable to violations of said law." Order at 5. As further noted by Judge Knowles, "Section 9:3552(E) imposes a 60-day peremptive period, reflecting 'the legistlative intent to have such claims arising out of [the LCCL] dealt with quickly.'" Order at 5 (citing *Fidelity Funds, Inc. v. Price*, 491 So.2d 681 (La. App. 1 Cir. 1986)). Judge Knowles correctly held that Plaintiff's proposed claim, which arose over 3 years ago, was time-barred under §9:3552's 60-day limitation period, and Plaintiff has not met her burden of establishing that Judge Knowles' decision should be reversed.

Significantly, Plaintiff fails to cite any authority holding that § 9:3552's 60-day limitation period does not apply to Plaintiff's proposed claims under the La. Rev. Stat. § 9:3572. Nor does Plaintiff provide any authority or rationale explaining why a violation under § 9:3572 should be interpreted to create a private cause of action limited only by a 10-year limitation period while incongruously limiting similar violations under the rest of the chapter by the 60-day limitation period under § 9:3552. Under Plaintiff's argument, a claim against a bank for charging illegal fees in connection with a consumer loan would be governed by a 60-day peremptive period, but a claim against a broker for charging illegal fees in connection with the same consumer loan

would be subject to a 10-year prescriptive period.  Accordingly, Plaintiff has failed to establish

that Judge Knowles either abused his discretion or erred as a matter of law in holding that

Plaintiff's proposed claim was time-barred by La. Rev. Stat. § 9:3552.

### C. Even Were § 9:3552's 60-day Period Held Not To Apply, Plaintiff's Proposed Claim Is Delictual and Subject to the One-Year Prescriptive Period of La. Civ. Code Art. 3492.

#### 1. Delictual Actions Are Subject to a One-Year Prescriptive Period.

In the alternative, Judge Knowles correctly characterized Plaintiff's proposed claim as

delictual and therefore, time-barred by the one-year prescriptive period of Article 3492.  *See*

Order at 7; La. Civ. Code Art. 3492.  As the case law cited by Plaintiff confirms, "[t]he nature of

the duty breached determines whether [an] action is in tort or in contract."  *See Thomas v. State*

*Employees Group Benefits Program*, 934 So.2d 753, 757 (La. App. 1st Cir. 2006) (cited in

Plaintiff's Brief at 13, 14); *see also Harrell v. Fidelity Security Life Insurance Co.*, No. 07-1439,

2008 WL 170269 at *4 (E.D. La. Jan 16, 2008) (holding that "the key in differentiating a breach

of contract from a tort for prescriptive purposes is the source of the duty breached") (cited in

Plaintiff's Brief at 13, 14); *Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 887

(5th Cir. 2002) (holding that "even when a tortfeasor and victim are bound by a contract,

Louisiana courts usually apply delictual prescription to actions that are really grounded in tort.")

(cited in Plaintiff's Brief at 15).

Plaintiff contends that Judge Knowles' Order was in error, asserting that her claim is not

delictual in nature and is therefore subject only the 10-year statute of limitations of Article 3499

– a statute that only applies if *no other* period of limitation is applicable. *See* Plaintiff's Brief at

14; La. Civ. Code. Art. 3499 ("*Unless otherwise provided by legislation*, a personal action is

subject to a liberative prescription of ten years.") (emphasis added)  As confirmed by the case

law she herself relies upon, Plaintiff is wrong and has not met her burden to show that Judge

Knowles' ruling should be reversed.

>**2.** **Plaintiff's Proposed Claim Alleges Wrongful Conduct Barred by Law, Not Violations of Contractual Obligations.**

Plaintiff contends that Judge Knowles erred, arguing that, due to the "contractual

relationship between the parties," the proposed claim cannot be delictual in nature.  *See*

Plaintiff's Brief at 15.  However, as noted in the Order and conceded by Plaintiff, Plaintiff does

not even allege that Defendants violated any contractual obligation with respect to her proposed

claim.  *See* Order at 7; Plaintiff's Brief at 14.  Therefore, absent Plaintiff pleading a contractual

breach, this proposed claim could not be *ex contractu*.  *See Terrebone*, *supra*, 310 F.3d at 887

(holding that in order for ten-year prescriptive period to apply, Plaintiff bears the "burden to

prove that the defendant breached some contractual duty above and beyond a general duty…").

Furthermore, while Plaintiff makes the bald assertion in her brief that a contractual

relationship existed between Plaintiff and Jackson Hewitt with respect to the alleged loan, no

such allegation appears in the proposed complaint.  To the contrary, Plaintiff's proposed

complaint only alleges that the loan contract was between Plaintiff and Santa Barbara Bank and

Trust ("SBBT").  *See* Order at 7; *see also* Proposed Amended Complaint ¶ 48.  Indeed, the

proposed claim does not arise from a contractual obligation, but rather from  Defendants' alleged

violation of the Louisiana Consumer Credit Law.  As Judge Knowles reasoned:

>Plaintiff's allegation is that Jackson Hewitt violated the law -- i.e., Louisiana's Loan Broker Statute which prescribes a specific penalty.  ***The sole basis of the subject claim is the aforesaid statute***, which makes it unlawful (wrong) to engage in loan-brokering without a proper license.

Order at 8 (emphasis added).

The allegations contained in her proposed amended complaint are based on wrongful conduct – delictual – rather than some purported violation of a contractual duty. But even were Plaintiff to have alleged a contractual relationship between Plaintiff and Defendants, the source of the duty that was allegedly violated is one imposed by law to bar certain behavior as unlawful. *See* Order at 7; *see also Thomas*, *supra*, 934 So.2d at 757 (holding that "[t]he mere fact that the circumstances arose in the context of a contractual relationship does not make the cause of action contractual" and ruling that a one-year statute of limitation applied to a claim by an insured against her insurer for violating the law).[5]

### 3. Plaintiff's Proposed Claim Is "Most Analagous" To a Tort, Not a Quasi-Contractual Claim.

According to Plaintiff, even in the absence of a breach of a contractual duty, her three-year-old proposed loan broker claim should be governed by a ten-year limitation period rather than the one-year period for delictual acts because, according to Plaintiff, it is "most analogous" to a quasi-contractual claim. *See* Plaintiff's Brief at 18. However, Plaintiff's claim is not even

---

[5] In addition, Plaintiff attempts to draw a false distinction between the Court's use of the phrase "violation of law" versus a "violation of a general duty owed to all persons," as stated in *Thomas v. State Employees Group Benefits Program*. As is made clear by the **holding** of *Thomas*, this is a distinction without a difference. *Thomas* may have been addressing a violation of La. Civ. Code Article 2315 (governing duties owed to all persons), but the essential holding was that even where a contractual relationship exists between the parties, violations of a duty imposed by law are delictual, not contractual, in nature. *Thomas, supra,* at 757. *See also Harrell, supra,* at *5 (holding that even where parties had a contractual insurance relationship, the alleged claims that an insurer violated codified provisions of the insurance law were delictual in nature and subject to a one-year prescription).

Similarly, Plaintiff's argument that La. Rev. Stat. §9:3572 does not create an obligation to the general public is illogical. Just because the statute imposes an obligation specifically on a loan brokers does not mean that such a duty is not owed to the general public. By Plaintiff's logic, the holding of *Harrell v. Fidelity Life Insurance Co.,* (cited by Plaintiff in her brief at 13,14) would be erroneous, as in that case this District held that claims stemming from a statute regulating relations between insurance companies and insureds are delictual in nature and governed by a one-year statute of limitations. *Harrell, supra,* at *5; *see also Marketfare Annunciation, LLC v. United Fire & Casualty Co.*, No. 06-7232, 2007 WL 837202 at *1 (E.D.La. Mar.15, 2007) (holding that a violation of the Insurance Law, which by definition only applies to insureds and insurers, nonetheless "sounds in tort").

remotely quasi-contractual in nature – she is not claiming that Jackson Hewitt failed to fulfill some obligation voluntarily agreed to or to which Plaintiff was equitably entitled, she is alleging violations of the law.  *See* Proposed Amended Complaint, Docket Entry No. 77-5, at ¶ 72 (discussing alleged violations of § 9:3572 rather than equitable considerations).

The source of the proposed claim is not based on principles of equity, but rather a specific statute that deems certain conduct ***illegal*** and institutes ***penalties*** for violations thereof – in short, ***delictual***.[6]  *See* Order at 8 ("Plaintiff's allegation is that Jackson Hewitt violated the law -- *i.e.*, Louisiana's Loan Broker Statute which prescribes a specific penalty.  The sole basis of the subject claim is the aforesaid statute, which makes it unlawful (wrong) to engage in loan-brokering without a proper license.")  The penalties which Plaintiff argues apply under § 9:3572, according to Plaintiff's Proposed Complaint, would be imposed by law even if the parties had agreed to a formal contract and fulfilled all obligations under that contract – and accordingly they cannot be quasi-contractual in nature.

Judge Knowles' ruling that Plaintiff's proposed claims were most analogous to a tort claim, and not analogous to equitable claims, should remain undisturbed under either a clearly erroneous or *de novo* standard.  Plaintiff's own case law supports this ruling, and Plaintiff cannot articulate any error with Judge Knowles' reasoning that, "[e]ven when tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are actually

---

[6]  Notably, Plaintiff's proposed claims in the Rule 15(a) Motion did not include Count 11 (enrichment without cause per La. Civ. Code art. 2298 and payment of thing not owed pursuant to La. Civ. Code art. 2299).  *See* Proposed Amended Complaint.  Plaintiff later attempted to improperly amend her pending proposed complaint, through the back-door, by adding Count 11 to a new version of her proposed complaint during *supplemental* briefing.  That improperly "proposed amended complaint" is not before this Court, and any claims under arts. 2298 and 2299 cannot be considered as included within the Rule 15(a) Motion for which Plaintiff seeks review. But even if they were, those proposed equitable claims would be redundant of Plaintiff's proposed delictual claims, and therefore would also be time-barred by Article 3492's one-year prescriptive period.  *See* Order at 8.

grounded in tort." *See* Order at 7; *see also Harrell, supra,* at *4-5 (holding that, even where both parties are bound by an insurance contract, actions by a policyholder alleging a violation of law by its insured are governed by the one-year prescriptive period of La. Civ. Code. Art. 3492) (cited in Plaintiff's Brief at 13, 14); *Thomas, supra,* at 757 (holding that, despite a contractual relationship between the parties, the claim was actually a tort claim and subject to the La. Civ. Code. Art. 3492's one-year prescriptive period).[7]

As Judge Knowles correctly held, this is a delictual claim and therefore the one-year prescriptive limitation period of Article 3492 bars Plaintiff's three-year-old proposed claim.[8]

---

[7] Plaintiff argues that Defendants' case law analyzing the *ex delicto* and *ex contractu* distinction from before the amendment of Article 2293, is inapplicable. However, Plaintiff does not dispute that Article 3492, discussing the one-year prescriptive period of limitation for "delictual" actions, has not been amended. Nor does Plaintiff dispute that the distinction between delictual actions, or "quasi-offense" actions, and contractual, or "quasi-contractual actions", has long been a part of Louisiana's jurisprudence and remains so today, as indicated by cases well beyond the amendment of Article 2293 that employ the same analysis. *See, e.g., Dela Vergne v. Dela Vergne, III*, 745 So.2d 1271, 1275 (La. Ct. App. 1999) (citing to *Aetna Life and Cas. Co. v. Dotson*, 346 So.2d 762 (La. Ct. App. 1977), and holding that "if a cause of action is considered to be a delictual action, *i.e.,* an 'offense' or tort, under LSA-C.C. art. 3492 it cannot also be considered an LSA-C.C. art. 3499 personal action because LSA-C.C. art. 3499 does not apply where the legislature has provided another prescriptive period."); *see also Fid. & Deposit Co. of Maryland v. Smith*, 730 F.2d 1026, 1031 (5th Cir. 1984); *Iberville Land Co. v. Amerada Petroleum Corp.*, 141 F.2d 384, 386 (5th Cir. 1944).

[8] Plaintiff's continued reliance on *Dantagnan* is misplaced, and cannot support a finding that Judge Knowles erred as a matter of law. *See* Plaintiff's Brief at 20-21 (citing *Dantagnan v. I. L. A. Local 1418 AFL-CIO*, 496 F.2d 400 (5th Cir. 1974). In *Dantagnan*, the court held that a claim between a union and its members for excessive dues collected was subject to the ten-year period. However, the statute at issue in *Dantagnan*, the Labor Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 411(a)(3), is a part of the larger statutory scheme which imposes the terms by which unions must deal with its members – or a statutory implied contract between the union and its members. In contrast, La. Rev. Stat. § 9:3572 does not seek to regulate the relationship between loan broker and customer. Instead, it forbids unlicensed loan brokers from engaging in loan brokering activity ***at all*** and prescribes a specific penalty against the violation thereof. *See also United Gas Pipe Line Co. v. Socony Mobil Oil Co.*, 220 F. Supp. 685 (W.D. La. 1963) (action to recover ***overpayments, not damages,*** based on law which requires contracts to follow the gas price set by the Federal Power Commission but that ***does not deem any conduct to be wrongful***).

### D. Plaintiff Has Failed to Establish that the Doctrine of *Contra Non Valentem* Applies.[9]

Alternatively, Plaintiff contends that under the doctrine of *contra non valentem* – the discovery rule – her claim survives application of the one-year limitation period. Plaintiff bears a heavy burden in establishing her entitlement to the *contra non valentem* exception to the one-year limitation period. When prescription is evident from the face of the pleadings, as it is here, the burden shifts to the party claiming a tolling to establish that the action is not prescribed. *See Eastin v. Entergy Corp.*, 865 So.2d 49, 54 (La. 2004). However, apart from bald assertions in her brief before Judge Knowles and this Court, Plaintiff fails to make allegations or offer proof of any "exceptional circumstances" that would warrant the application of *contra non valentem*, and therefore Judge Knowles correctly held that this doctrine does not apply. *See Eastin v. Entergy Corp.*, 865 So.2d at 55 n.4 (holding that *contra non valentem* is typically reserved for cases involving medical malpractice, diseases with long latency periods, cases involving juveniles, and other cases where the plaintiffs are prevented from knowing of their damages until some time after the action or inaction of the defendant - *i.e.* the damages manifested at a later date – and declining to apply the doctrine to an age discrimination claim).

Plaintiff has failed to meet this burden - merely countering with a bare and inadequate assertion in her briefs that "Plaintiff was unaware of defendants' failure to be licensed until February 2009" (Pl.'s Supp. Memo. at 13; *see also* Pl. Memo at 22) – an allegation which appeared, unsworn, for the first time in her supplemental memorandum before Judge Knowles, and again before this Court, but never in her proposed complaint. *See* Order at 10 (holding that Plaintiff's assertion that the "discovery rule" applies to the given facts is not convincing); *see*

---

[9]   As apparently conceded by Plaintiff, the *contra non valentem* doctrine does not apply to § 9:3552E's 60-day limitation period because it is peremptive and cannot be tolled. *See* Order at 5 (citing *Preferred Inv. Corp v. Neucere*, 592 So.2d 889 (La. App. 1st Cir. 1991)).

*also Herman v. State Farm Mutual Auto. Ins. Co.*, 977 So.2d 41, 45 (La. App. 1 Cir. 2007) (holding the application of "*contra non valentem* is exceedingly stringent and applies only in 'exceptional circumstances' and therefore refusing to apply it in the face of plaintiff's willful ignorance and neglect") (quoting La. Civ. Code. Art. 3467, Official Revision Comment (d)).

Plaintiff must establish that a reasonable person would not have had sufficient information to "excite attention," or "put a reasonable person on guard to call for inquiry." *See Babineaux v. La. Dep't of Transp. and Development*, 927 So.2d 1121, 1125 (La. Ct. App. 2005) (finding that, where a plaintiff suffered a car accident, and later learned that the state had considered that stretch of highway unsafe, prescription was not tolled because the "call for inquiry" arose at the time of the accident). Once sufficient information is available to put a reasonable person on guard, Plaintiff is imputed with "knowledge or notice of everything to which that inquiry might lead." *Id.* at 1124.

It is apparent from the face of the Plaintiff's allegations that she had sufficient information to "excite attention" back in January of 2006, when she applied for her loan. Plaintiff's proposed amended complaint alleged that in conjunction with that transaction, Plaintiff received a notice that clearly stated that certain fees were charged in connection with that transaction that could have been shared with Jackson Hewitt. *See* Proposed Complaint at ¶ 47 (proposed allegations wherein Plaintiff admits to receiving a disclosure form, back in January of 2006, which informed her that she was being charged a bank fee, and that portions of this fee could be shared with Jackson Hewitt). Accordingly, Plaintiff is imputed to have knowledge of that which inquiry could have reasonably uncovered back in January of 2006, including the licensing status of Jackson Hewitt. *See, supra, Babineaux* at 1124.

Accordingly, Plaintiff has failed to meet her heavy burden to invoke the doctrine of *contra non valentem*.[10]

## IV. <u>CONCLUSION</u>

Jackson Hewitt respectfully requests that this Court deny Plaintiff's motion appealing Judge Knowles' Order denying Plaintiff leave to amend her complaint. Plaintiff had ample opportunity to be heard on her motion. Magistrate Judge Knowles' well-reasoned Order correctly applied the applicable law, and therefore should be upheld under any standard of review.

Dated: May 19, 2009

       /s/ Veronica D. Gray
Donna L. Wilson (Admitted *pro hac vice*)
Andrew S. Wein (Admitted *pro hac vice*)
Veronica D. Gray (Admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone (202) 342-8400
Fax (202) 342-8451

AND

KEAN, MILLER, HAWTHORNE,
D'ARMOND, McCOWAN & JARMAN,
L.L.P.

---

[10] Contrary to Plaintiff's unsupported assertion in her brief that the Order "clearly establishes" (i) a private cause of action under La. Rev. Stat. § 3572; (ii) that Defendants violated that statute; and (iii) that Plaintiff has stated a claim under the statute, Judge Knowles' Order did not address those issues, let alone decide them. *Compare* Plaintiff's Brief at p. 18 n. 9 *with* Order at 6-7. Given Judge Knowles' ruling that any claim articulated under Plaintiff's proposed complaint would have been time-barred, there was simply no need for the Court to address those issues. Jackson Hewitt waives none of those arguments. While the statute of limitation issue is dispositive and correctly decided, even if Plaintiff were to meet her heavy burden to show that Judge Knowles erred, her claims would be barred on the other grounds Jackson Hewitt raised before Judge Knowles. For brevity's sake, Jackson Hewitt has not repeated all such arguments but instead incorporates them by reference herein. *See* Jackson Hewitt's Memo. in Opp. To Pl.'s Motion for Leave to Amend, filed March 23, 2009, Docket Entry No. 81; *see also* Jackson Hewitt's Supp. Memo in Opp. to Pl.'s Motion for Leave to Amend, filed April 8, 2009, Docket Entry No. 105.

Glenn M. Farnet (#20185)
Gina D. Banks (#27440)
One American Place, 18th Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone (225) 387-0999

Attorneys for Jackson Hewitt Tax Service Inc.
and Jackson Hewitt Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th of May, 2009, a copy of the above and foregoing was

electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will

be sent by operation of the Court's electronic filing system and U. S. Mail to all counsel

of record.

_____ /s/ Veronica D. Gray