```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

VICKI J. PINERO                              CIVIL ACTION

VERSUS                                       NO: 08-3535

JACKSON HEWITT TAX SERVICE                   SECTION: R(3)
INC., ET AL.

## ORDER AND REASONS

Before the Court is plaintiff's motion for reconsideration of this Court's January 7, 2009 Order dismissing a number of plaintiff's claims. For the following reasons, the Court DENIES the motion.

### I. Background

This case arises out of defendants' alleged mishandling of plaintiff's confidential personal information. In 2006, plaintiff visited defendant Crescent City Tax Service, Inc., d/b/a Jackson Hewitt Tax Service ("Crescent City"), in Metairie, Louisiana to have her 2005 federal and state tax returns prepared

and e-filed.  Crescent City Tax Service is a franchisee of defendant Jackson Hewitt Tax Service ("Jackson Hewitt").  During her visit plaintiff provided highly confidential information, including her social security number, date of birth, and driver's license number, to Crescent City.  Plaintiff signed Jackson Hewitt's privacy policy, which stated that defendants had policies and procedures in place, including physical, electronic, and procedural safeguards, to protect customers' private information.  Plaintiff alleges that she relied on this statement in her decision to turn over her information.

Plaintiff contends that sometime in early 2008, defendants disposed of her 2005 federal and state tax returns in a public dumpster in Gretna, Louisiana.  Wilhelmina Walker found plaintiff's tax returns, as well as those of over 100 other individuals.  The returns were in readable form and were not burned, shredded, or pulverized as required by federal and state law.  Walker then contacted a local television news station and the sheriff's office to alert them of the documents she had found in the dumpster.  The news station contacted plaintiff and returned the tax returns to her.  Crescent City later issued a public statement asserting that the documents were stolen and maintaining that it takes customer privacy seriously.

On May 22, 2008, plaintiff sued Jackson Hewitt and Crescent

2

City in federal court. Plaintiff, on behalf of herself and others similarly situated, asserted seven causes of action against defendants. Plaintiff brought state law claims of fraud, breach of contract, negligence, invasion of privacy, violation of the Louisiana Database Security Breach Notification Law (LDSBNA), and violation of the Louisiana Unfair Trade Practices Act (LUTPA). (R. Doc. 9, Amended Complaint at ¶¶54-77, 82-86). Plaintiff also alleged that defendants' unauthorized disclosure of tax returns violated 26 U.S.C. § 6103. (Amended Complaint at ¶47). Defendants moved to dismiss each of plaintiff's claims.

On January 7, 2009, this Court issued an order dismissing plaintiff's state law claims of fraud, breach of contract, negligence, invasion of privacy, violation of the LDSBNA and violation of LUTPA. The Court also dismissed plaintiff's federal claim under 26 U.S.C. § 6103. Plaintiff now asks the Court to reconsider its decision dismissing the claim under 26 U.S.C. § 6103.

**II. Legal Standard**

Since the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration of an order, such a motion may be treated as a motion to alter or amend judgment under Rule 59(e) or a motion for "relief from judgment

3

under Rule 60(b). *See Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1998).

A district court has considerable discretion to grant or deny such a motion. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug. 30, 1995). The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A motion for reconsideration "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (quotation omitted). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355.

Because plaintiff's motion was filed more than 10 days after

4

the Court's order, the motion is considered a motion for "relief from judgment" under Rule 60(b). *See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Under Rule 60(b) a court will grant relief from a final judgment or order only upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

### III. Discussion

Plaintiff asks the Court to reconsider its ruling dismissing plaintiff's claim under 28 U.S.C. §§ 6103 and 7431. Section 6103

5

provides:

> (a) Returns and return information shall be confidential, and except as authorized by this title--
>
> > (1) no officer of employee of the United States,
> >
> > (2) no officer of employee of any State, . . .
> >
> > (3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), paragraph (6), (10), (12), (16), (19) or (20) of subsection (l) paragraph (2) or (4)(B) of subsection (m) or subsection (n)
>
> shall disclose any return or return information . . . .

26 U.S.C. § 6103. Under section 7431(b), a taxpayer may bring an action for damages against any person who violates section 6103(a)(3). That subsection provides that an action may be brought only against non-government entities that fit into certain narrow categories. Plaintiff contends that defendants fit into the category outlined in subsection (n) of the statute. The subsection provides:

> Pursuant to regulations prescribed by the Secretary, returns and return information may be disclosed to any person, including any person described in section 7513(a), to the extent necessary in connection with the processing, storage, transmission, and reproduction of such returns and return information, the programming, maintenance, repair, testing, and procurement of equipment, and the providing of other services, for purposes of tax administration.

6

26 U.S.C. § 6103(n).

In its January 7, 2009 Order, this Court found that section 6103(n) did not include commercial tax preparers and emphasized that the statutory aim was "to protect the information flow between taxpayers and the IRS by controlling the disclosure by the IRS of information received from taxpayers." *Stokwitz v. United States*, 831 F.2d 893, 894 (9th Cir. 1987). The Court further explained:

> Plaintiff — not the IRS — voluntarily gave defendants her personal information so they could prepare her taxes. Although defendants transmitted the information to the IRS, they did not receive the information from the IRS. Thus, since section 1603 applies only to persons who have been granted access to returns or return information *by the IRS*, plaintiff has no claim under this statute.

(R. Doc. 54).

Plaintiff contends that reconsideration is warranted because of newly discovered evidence that the allegedly disclosed tax returns had been received by the IRS and transmitted back to defendants. Plaintiff asserts that defendants are "government-approved and authorized IRS e-file providers" who received acknowledgments from the IRS as to whether returns were accepted or not. Plaintiff contends that because the IRS, not the consumer, was the source of this information, the defendants' receipt of the information puts them into the section 6103(n)

7

category, making them liable for the disclosure of confidential tax return information. Plaintiff has not cited any cases to support this reading of section 6103(n).

That defendants are "government-approved and authorized IRS e-file providers" does not change the Court's ruling that they do not fit into the category of persons or entities outlined in section 6103(n). As the Court noted in its earlier Order, Congress enacted the statute because the IRS was making tax returns "readily available" to other governmental agencies and acting as a "virtual lending library for the government." *Baskin v. United States*, 135 F.3d 338, 340 (5th Cir. 1998). The statute was enacted to control the IRS's disclosure of taxpayer information it received. *Stokwitz v. United States*, 831 F.2d 893, 894 (9th Cir. 1987). As the Seventh Circuit explained:

> Congress set out to limit disclosure by persons who get tax returns *in the course of public business* - employees of the IRS, state employees to whom the IRS makes authorized disclosures, and private persons who obtain return information from the IRS with strings attached. The statute does not forbid disclosure when information comes from other sources.

*Hrubec v. Nat'l R.R. Passenger Corp.*, 49 F.3d 1269, 1270 (7th Cir. 1995).

Here, defendants did not receive the tax returns "in the course of public business." *Id.* Plaintiff voluntarily gave the defendants her personal information so they could prepare her

8

taxes. That the IRS transmitted defendants a receipt of plaintiff's tax return, which included her personal information, does not change the fact that plaintiff, not the IRS, first supplied defendants with her personal information. As noted, *supra*, "the statute does not forbid disclosure when information comes from other sources." *Id.* The statute was intended to restrict the IRS from sharing information with previously uninvolved third parties. But here, defendants were involved and had the return information before it was received by the IRS. As such, the IRS's transmission of the information back to defendants does not amount to a disclosure of plaintiff's return information as described in section 6103(n).

This construction of the statute is reinforced by the other statutory provisions of the Internal Revenue Code. The IRS has specific penalties for the disclosure of information by tax preparers. In a section separate from the one at issue here, the Internal Revenue Code provides for criminal penalties:

> (a) General rule. --Any person who is engaged in the business of preparing, or providing services in connection with the preparation of, returns of the tax imposed by chapter 1, or any person who for compensation prepares any such return for any other person, and who knowingly or recklessly --
>
> (1) discloses any information furnished to him for, or in connection with, the preparation of any such return, or

> (2) uses any such information for any purpose other than to prepare, or assist in preparing, any such return,
>
> shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution.

26 U.S.C.A. § 7216. Tax preparers are also subject to civil penalties for the unauthorized disclosure of tax returns:

> (a) Imposition of penalty.-- If any person who is engaged in the business of preparing, or providing services in connection with the preparation of, returns of tax imposed by chapter 1, or any person who for compensation prepares any such return for any other person, and who--
>
> (1) discloses any information furnished to him for, or in connection with, the preparation of any such return, or
>
> (2) uses any such information for any purpose other than to prepare, or assist in preparing, any such return,
>
> shall pay a penalty of $250 for each such disclosure or use, but the total amount imposed under this subsection on such a person for any calendar year shall not exceed $10,000.

26 U.S.C.A. § 6713. The Internal Revenue Code further provides that tax preparers are subject to civil penalties for understating tax liability, failing to furnish copies of returns to taxpayers, failing to sign returns, failing to furnish identifying numbers, failing to retain a copy of the tax return, failing to file correct information returns, endorsing taxpayer

checks, and failing to be diligent in determining eligibility for the earned income credit. *See* 26 U.S.C.A. §§ 6694-95. None of these statutes cross-references the provisions in section 6103. And none of these statutes provide that civil damages are recoverable from a commercial tax preparer for unauthorized disclosure of tax returns.

These statutes, directed specifically at commercial tax preparers, suggest that if Congress intended section 6103(n) to include commercial tax preparers, it would have said so. In addition, the statutes relating to commercial tax preparers outline specific civil and criminal penalties for disclosure of tax returns, but do not state that tax preparers may be liable for civil damages. The *expressio unius est exclusion alterius* principle of statutory construction — "the expression of one thing implies the exclusion of the other" — instructs that the explicit penalties for tax preparer disclosure of personal information imply that tax preparers are not liable beyond the stated penalties. Nowhere do the statutes mention that clients of tax preparers have a civil damages remedy for such disclosure. The failure of Congress to include a civil damages remedy in the sections directed explicitly at commercial tax preparers indicates that Congress intended the penalties to be the remedy for such disclosure.

11

Further, the statute contains a separate criminal penalty for persons covered under 6103(n). Section 7213 provides:

> It shall be unlawful for any officer or employee of the United States or any person described in section 6103(n) (or an officer or employee of any such person), or any former officer or employee, willfully to disclose to any person, except as authorized in this title, any return or return information (as defined in section 6103(b)). Any violation of this paragraph shall be a felony punishable upon conviction by a fine in any amount not exceeding $5,000, or imprisonment of not more than 5 years, or both . . .

26 U.S.C.A. § 7213(a)(1). This statutory provision also explicitly cross references penalties for disclosure of information by preparers of returns. It states: "For penalty for disclosure or use of information by preparers of returns, see section 7216." 26 U.S.C.A. § 7213(e)(1).

Section 7213 also suggests that tax preparers are not within the category of 6103(n). If tax preparers were persons within the meaning of 6103(n), they would be covered by the criminal penalties in section 7213, not cross-referenced to another provision of the statute with substantially lighter penalties.

In sum, the statutory scheme suggests that tax preparers do not fall within the category of government contractors outlined in 6103(n). Persons as defined in section 6103(n) are subject to civil damages and may be convicted of a felony for unlawful disclosure of return information. In contrast, Congress

specifically outlined a lighter punishment scheme for commercial tax preparers. They must pay penalties and may be convicted of a misdemeanor for their disclosure. That Congress directed both civil and criminal penalty provisions at commercial tax preparers suggests that those provisions, and not the penalty provisions for persons under 6103(n), are applicable upon a tax preparer's unlawful disclosure of return information. Because the provisions relating to tax preparers do not provide a civil damages remedy, plaintiff has no claim under these statutes.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES plaintiff's motion for reconsideration.

New Orleans, Louisiana, this __20th__ day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE