UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | Civil Action No. 08-03535<br><br>Sec. R<br>JUDGE SARAH S. VANCE<br><br>Mag. 3<br>MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR *DE NOVO* REVIEW OF APRIL 21, 2009 DISPOSITIVE MAGISTRATE RULING**

Plaintiff, Vicki L. Pinero, submits this reply to the opposition memorandum [Docket No. 130] filed by defendants, Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (jointly referred to as "Defendants"), regarding the dispositive April 21, 2009 ruling issued by Magistrate Judge Daniel E. Knowles, III.

1

## A. The De Novo Review Standard Applies

Defendants argue the clearly erroneous standard, not the *de novo* review standard, applies to this Court's review of Judge Knowles' April 21, 2009 ruling. *See* Docket No. 130, at pp. 1 & 5-7. Defendants are wrong for at least 3 reasons.

***First***, contrary to Defendants' argument, "one cannot merely refer to the list of dispositive motions which are exempted from the normal operation of § 636(b)(1)(A) to decide whether a particular motion is dispositive under Rule 72. Instead, 'that enumeration informs the classification of other motions as dispositive or nondispositive.'" *In re Administrative Subpoena Blue Cross Blue Shield of Massachusetts, Inc.*, 400 F.Supp.2d 386, 388 (D. Mass. 2005) (citation omitted); *see also Strong v. U.S.*, 57 F.Supp.2d 908, 913 (N.D. Cal. 1999).

Judge Knowles ruled plaintiff's proposed claim is "barred by the applicable statute of limitations[.]" Docket No. 117, at p. 1. If Judge Knowles' ruling is permitted to stand, plaintiff will be barred from asserting the proposed claim. Obviously, Judge Knowles ruling is "dispositive." Judge Knowles' ruling, therefore, should be reviewed under the *de novo* review standard.

***Second***, Defendants contradict themselves. Defendants contend "Judge Knowles' Order denying Plaintiff's motion for leave to amend is ***not*** dispositive[.]" Docket No. 130, at p. 5 (emphasis in original). Yet Defendants admit "the statute of limitation issue ***is*** dispositive[.]" *Id.* at p. 16, n. 10 (emphasis added).

***Third***, Defendants argued in their opposition memorandum to plaintiff's leave motion that the issue was whether plaintiff's proposed claim could "survive a motion to

2

dismiss under Fed. R. Civ. P. 12(b)(6)." Docket No. 81, at p. 7. Considering that Judge Knowles applied a motion to dismiss standard to plaintiff's proposed claim, Judge Knowles' ruling is "dispositive" and subject to *de novo* review.

## *B. Violations of a Duty Imposed By Law Are Not Always Delictual*

Totally ignoring the Civil Code and related case law, Defendants argue that violations of a duty imposed by law are always delictual in nature. *See* Docket No. 130, at pp. 2 & 9-13. Defendants are again wrong. If the Court were to accept Defendants' argument, every statutory claim would be subject to a 1-year prescriptive period, unless the statute specified a different prescriptive period. There would be no need to analyze the nature of the duty breached, or the damages sought, which have been identified as critical in determining whether a claim sounds in tort. *See*, *e.g.*, *Harrell v. Fidelity Sec. Life Ins. Co.*, 2008 WL 170269, *4 (E.D. La. 2008). Further, Defendants' argument is contrary to the Fifth Circuit's decision in *Dantagnan v. I. L. A. Local 1418, AFL-CIO*, 496 F.2d 400 (5th Cir. 1974), wherein the Fifth Circuit ruled the 10-year prescriptive period set forth in Civil Code article 3499 applied to the plaintiff's statutory claim under the Labor Management Reporting and Disclosure Act.

Defendants also apparently believe plaintiff must establish that her proposed claim sounds in contract in order for the 10-year prescriptive period to apply. *See* Docket No. 130, at pp. 10-11. Again, Defendants are ignoring the Civil Code and related case law, which plainly say the 10-year prescriptive period applies *in the absence of a legislative provision establishing that a shorter period applies*. *See*, *e.g.*, La. Civ. Code art. 3499, Comment (b) ("A personal action is subject to a liberative prescription of ten years in the

absence of a legislative provision that either establishes a shorter or longer period or declares the action to be imprescriptible."). Plaintiff's proposed claim is *not* subject to a shorter prescriptive period, so the 10-year default period applies.

## **CONCLUSION**

The Court should set aside Judge Knowles' April 21, 2009 order and grant plaintiff leave to amend her complaint to include her proposed claim.

Respectfully Submitted,

/s/ Bryan C. Shartle
David Israel (LSBA No. 7174) (T.A.)
Bryan C. Shartle (LSBA No. 27640)
Justin H. Homes (LSBA No. 24460)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3850 N. Causeway Blvd.
Lakeway II, Suite 200
Metairie, Louisiana 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

Attorneys for Plaintiff,
Vicki L. Pinero

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record ✓ by ECF; __ by email; __ by hand; __ by fax; __ by FedEx; __ by placing a copy of same in the U.S. Mail, postage prepaid this 21st day of May 2009.

/s/ Bryan C. Shartle
Bryan C. Shartle

C:\Documents and Settings\bshartle\Desktop\Reply Memo.05.20.09.doc