IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | CASE NO.: 08-3535<br><br>SECTION R<br><br>JUDGE<br>SARAH VANCE<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES |

## REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS JACKSON HEWITT TAX SERVICE INC.'S AND JACKSON HEWITT INC.'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT[1]

Defendants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (collectively "Jackson Hewitt") respectfully submit this Reply Memorandum in further support of their Motion to Dismiss the Third Amended Complaint of Plaintiff Vicki L. Pinero ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).[2] For the reasons set forth below, and in the opening brief, Jackson Hewitt's Motion to Dismiss ("Motion" or "12(b)(6) Motion") should be granted.

Plaintiff's Third Amended Complaint, and her opposition to Jackson Hewitt's Motion to Dismiss that Complaint, raise three straightforward issues, all of which should be decided against Plaintiff. *First*, can Plaintiff go beyond the scope of this Court's Order, granting leave only to

---

[1] All unpublished opinions cited herein are attached hereto, *in globo*, as Exhibit A.

[2] As noted in its opening memorandum, Jackson Hewitt does not waive any of the arguments raised in the Motion to Dismiss the Second Amended Complaint, or in the alternative, to Strike Class Allegations. That motion, as it pertains to the invasion of privacy claim and the class allegations, is pending.

DC01/WEINAN/380567.8        1

amend her fraud-based claims, by also amending claims that either are the subject of a pending motion to dismiss or which this Court previously dismissed, and were the subject of Plaintiff's Motion for Reconsideration?[3] *See* Jackson Hewitt's Memorandum in Support of the Motion ("Opening Memo.") at 5.

*Second,* are conclusory statements of an agency relationship – unsupported by any factual allegations – sufficient to satisfy the requirements of the Supreme Court's holding in *Twombly*? *See* Opening Memo. at 11. *Third,* can a Plaintiff whose fraud allegations have been dismissed twice prior for failure to comply with Rule 9(b) survive a third motion to dismiss through group pleading, vague allegations as to the nature of the representations, and without any allegations of reliance on those representations? *See* Opening Memo. at 8-9.

The answer to all three questions is no, and accordingly Plaintiff's Third Amended Complaint should be dismissed in its entirety.

**1.** **Plaintiff Improperly Amended Her Invasion of Privacy Claim Without Leave of the Court.**

Plaintiff appears to concede that she amended more than merely her fraud-based claims, taking no issue with Jackson Hewitt's factual characterization of her amendments. *See* Pl. Memo. at 2-3. Nonetheless, Plaintiff contends that she was fully within her rights to include those amendments, because her invasion of privacy count has always included a reference to "all foregoing allegations." *See* Pl. Memo. at 3. However, none of the terms "agency," "agent," or

---

[3] As made clear by the attached comparison of the Second and Third Amended Complaints, Plaintiff inserted a new allegation which appears to be relevant only to the now-dismissed claim under 26 U.S.C. § 6103. *See* Deltaview Comparison of the Second and Third Amended Complaints, annexed hereto as Exhibit B; Third Amended Complaint ¶ 6 ("Upon information and belief, Defendants are authorized IRS e-filers"). While Plaintiff contends she "has no idea what Defendants are talking about" with regard to this amendment, she neither explains why such amendment was proper given the scope of this Court's order, nor what possible relevance this allegation could have to any claim *other* than the dismissed claim under § 6103. *See* Plaintiff's Memorandum in Opposition to the Motion ("Pl. Memo.") at 3.

"principal" ever appeared as a "foregoing allegation" in any of the three prior versions of the Complaint, and accordingly she cannot dispute that these are substantively new amendments, and not mere clarifications for the ease of the Court. *Compare* Pl. Memo. at 3 *with* Exhibit B.

While prior versions of the Complaint spoke of intentional conduct (*See* First Amended Complaint ¶¶ 3, 40), or of an employment relationship between Ms. Hall and CCTS (*See* Second Amended Complaint ¶ 36), Plaintiff's latest Complaint now states that the theory of recovery against Jackson Hewitt is one of vicarious liability for the actions of Ms. Hall. *See* Third Amended Complaint ¶ 37 (alleging that "[a]s the employer/principal of Ms. Hall, Defendants are liable for Ms. Hall's wrongful and intentional actions, including her invasion of privacy, conducted in the course and scope of her employment and agency"); *id.* at 65 (alleging that "Defendants, through their employee(s)/agent(s), invaded the privacy of Plaintiff. Defendants are liable for the intentional actions of their employee(s)/agent(s)").

However, these allegations fail as a matter of law, as Plaintiff has neither alleged facts that could support an agency theory, nor – under Louisiana law – would such allegations supporting an agency relationship be sufficient to impute liability vicariously.[4]

2.     **Plaintiff Fails to Plead Facts Supporting an Agency Relationship.**

Plaintiff's Complaint fails to adequately plead agency, but instead merely uses conclusory language which is at direct variance with the documents Plaintiff annexed to her Complaint. *See* Third Amended Complaint ¶¶ 37, 65. Such conclusory statements are simply

---

[4] To the extent Plaintiff contends that her new allegations of agency are actually in support of her fraud-based claims, she has failed to comply with the specificity requirements of Rule 9(b). *See Kolbeck v. Lit America, Inc.*, 923 F. Supp. 557, 569 (S.D.N.Y. 1996) (dismissing a fraud claim based on agency principles for failure to comply with Rule 9(b) and holding that, "[b]road allegations that several defendants participated in a scheme, or conclusory assertions that one defendant controlled another, or that some defendants are guilty because of their association with others, do not inform each defendant of its role in the fraud and do not satisfy Rule 9(b)") (internal citations omitted).

inadequate to plead an agency relationship. *McWilliams v. S.E., Inc.*, 581 F. Supp. 2d 885, 893 (N.D. Ohio 2008) (dismissing the complaint and holding that a "complaint relying on agency must plead facts which, if proved, could establish the existence of an agency relationship. It is insufficient to merely plead the legal conclusion of agency"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65 (2007).

The inadequacy of Plaintiff's conclusory allegations is particularly highlighted by the fact that the documents relied on by Plaintiff, and annexed to her Complaint, specifically contradict these conclusory allegations. *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (affirming the district court's dismissal of the complaint and holding that "[i]f the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), reveals facts which foreclose recovery as a matter of law, dismissal is appropriate") (internal citations omitted)); *see also Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (holding "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern," especially when the plaintiff relies on such exhibits to support her allegations) (internal citations omitted).

As noted in our initial memorandum, numerous exhibits annexed to the Complaint and relied upon by the Plaintiff highlight the lack of any employment or agency relationship between Jackson Hewitt and CCTS or CCTS employees. *See, e.g.,* Third Amended Complaint ¶ 36 (listing Ms. Hall as a one-time employee of CCTS and referencing a police report referring to her as a former employee of Ms. Hirsch, the principal of CCTS); *id.* ¶¶ 9, 22 (listing CCTS as the owner and manager of the franchise at issue).

Similarly, Plaintiff relies on the apparent franchise agreement between Jackson Hewitt and CCTS, ignoring the fact that the agreement explicitly precludes any agency relationship

between the parties.  *Id.* Exhibit Q ¶ 13.6 ("Since you are an independent contractor, you have the sole right to select, hire and discharge your employees . . . ***Neither you, nor your manager or your employees shall be considered or represented as our employees or agents***.") (emphasis added); *id*. ¶ 28.12 ("You acknowledge that you are an independent contractor and that ***no principal-agent, partnership, employment, joint venture or fiduciary relation exists between you and us***") (emphasis added).

There are no ***factual*** allegations in the Third Amended Complaint that would support an agency theory.  To the contrary, this Complaint only alleges facts that preclude any agency relationship.  Plaintiff's conclusory language to the contrary is entitled to no deference whatsoever.  *See, e.g., Twombly*, 127 S. Ct. at 1964-65; *Ashcroft v. Iqbal*, No 07-1015, -- S.Ct. --, 2009 WL 1361536, *14 (U.S. May 18, 2009) (holding the *Twombly* standard to be applicable to all civil actions and stating "[i]t is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth"); *Crenshaw*, at 1292.

3. **An Agency Relationship is Insufficient to Impute Liability as a Matter of Law.**

Even were agency allegations properly pled, they would be insufficient to sustain a vicarious liability claim against Jackson Hewitt, as Louisiana law is crystal clear that only in a "master/servant" relationship can liability for torts be vicariously imputed – not in a mere principal/agent relationship.  *See, e.g., Galjour v. General American Tank Car Corp.*, 769 F. Supp. 953, 958 (E.D. La. 1991) (holding that, under Louisiana law, tort liability cannot be imposed on a principal for the acts of his agent, "unless the agent is a servant within the concept of the master-servant relationship"); *see also Verret v. Gatlin*, 470 So.2d 228, 231 (La. Ct. App. 1985) ("The liability for the negligent acts of another do not flow simply because of a principal

agent relationship"); *Henry v. Taco Tio, Inc.*, 606 So.2d 1376, 1386 (La. Ct. App. 1992) ("Liability for the negligent and tortious acts of another does not flow simply because of a principal-agent or principal-mandatory relationship").

Plaintiff has not addressed this bedrock principle of Louisiana law, instead relying on cases applying the law of other states,[5] cases addressing the ability of an agent to bind a principal *in contract*,[6] or other inapposite cases.[7] Plaintiff's argument that these issues are "premature" ignores her obligations under the Federal Rules of Civil Procedure and *Twombly* to set forth a plausible set of facts that, if true, would entitle her to relief. *Compare* Pl. Memo. at 14 *with Twombly*, 127 S. Ct. at 1964-65 ("a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (internal citations omitted).

When read as a whole, not only has Plaintiff failed to articulate any facts that, if true, would support a finding of vicarious liability, but the documents relied on by Plaintiff make it

---

[5] *See Wood v. Holiday Inns, Inc.*, 508 F.2d 167, 172-173 (5th Cir. 1975) (referring to "the opaque state of agency law in Alabama" and indicating that the relevant inquiry is the existence of "a master-servant relationship"); *Northern v. McGraw-Edison, Co.*, 542 F.2d 1336, 1343 (8th Cir. 1976) (referencing Missouri law but stating that agency could be resolved as a matter of law "where the facts are not in dispute and there is no real issue for the jury to resolve").

[6] *See God's Glory & Grace, Inc. v. Quik International, Inc.*, 938 So.2d 730, 734-735 (La. Ct. App. 2006) (discussing the ability of an agent to bind its principal in contract, not tort, and ultimately ruling that, as the franchise agreement denied the existence of an agency relationship, there could be no agency relationship).

[7] *See Boos v. BP Exploration & Oil Inc.*, No. 95-0983, 1995 WL 683866, *4 (E.D. La. Nov. 14, 1995) (analyzing the employment status of a plaintiff for purposes of determining whether the workman's compensation statutes applied); *Industrial Maritime Carriers, Inc. v Japan Heavy Lift, Sankyu, Inc.*, No. 03-1041, 2006 WL 860979, *1 (E.D. La. March 20, 2006) (denying a motion for summary judgment by the plaintiff attempting to have the court rule that an agency relationship existed); *Stewart-Sterling One, LLC v. Tricon Global Restaurants, Inc.*, No. 00-0477, 2001 WL 88207, *4 (E.D. La. Jan. 31, 2001) (denying a motion to dismiss in a case addressing environmental contamination under Louisiana Civil Code Article 2322, where it was alleged that the franchisor actually supplied the toxic materials and machinery which allegedly caused the contamination).

quite clear that no agency or employment relationship could or did exist. Accordingly, the claim for invasion of privacy fails as a matter of law.[8]

### 4. Plaintiff's Fraud-Based Claims Still Fail to Satisfy Rule 9(b).

As noted in the opening memorandum, Plaintiff continues to rest her claims on "facts" that blur and generalize, rather than clarify and specify, in violation of Rule 9(b) and this Court's previous orders.[9] *See* Order at 18-19, Docket Entry No. 54; Transcript of Oral Argument before District Judge Sarah Vance, April 1, 2009 at 10:18 – 10:24, annexed to Opening Memo. as Exhibit C. Plaintiff makes several arguments in opposition to justify why her third attempt at stating her fraud claims should be sustained, notwithstanding her impermissible reliance on group pleading, failure to plead the alleged misrepresentations with specificity, and failure to allege any reliance on those representations.

First, Plaintiff argues that "group pleading" is in fact permissible, and that the authority addressing the impropriety of group pleading applies only to securities cases. *See* Pl. Memo at 6, note 1. However, Plaintiff is simply mistaken on the law, as she continues to ignore the non-securities cases in the Fifth Circuit which have held that group pleading is impermissible. *See, e.g., Unimobil 84, Inc. v. Spurney*, 797 F.2d 214, 217 (5th Cir. 1986) (non-securities case involving an action by a creditor to hold directors of a corporation liable for corporate debts, and holding that "[plaintiff's] general allegations, which do not state with particularity what representations each defendant made, do not meet [the Rule 9(b)] requirement."); *U.S. ex rel Stewart v. The Louisiana Clinic*, No. 99-1767, 2002 WL 1066745 at *2 (E.D. La. May 28, 2002)

---

[8] As noted in our opening memorandum, Plaintiff's attempt to amend her LUTPA claim to include invasion of privacy was improper. *See* Opening Memo. at 12. But moreover, that LUTPA claim would fail for the same reasons set forth herein, as a legally void theory of vicarious liability cannot sustain a LUTPA claim any better than an invasion of privacy claim.

[9] As previously noted by this Court, since Plaintiff's LUTPA claim sounds in fraud, it is also subject to the strictures of Rule 9(b). *See* Order and Reasons, Jan. 7, 2009 ("Order") at 22.

(*qui tam* action under the False Claims Act dismissing claims that "lump all defendants together," stating that "[o]ne of the purposes of Rule 9(b) is to guard against guilt by association") (internal citation omitted).

Second, Plaintiff's Third Amended Complaint does not explain how the statements were allegedly fraudulent. Rather than explain how the alleged privacy policy contained misrepresentations, Plaintiff instead uses conclusory language that all representations as to privacy were "false when made" but without specifying how that was so, nor what policies Jackson Hewitt allegedly represented were in effect. *See* Plaintiff's Third Amended Complaint at 3.[10]

Third, Plaintiff's Third Amended Complaint contains no allegations as to how Plaintiff *relied* on the alleged representations, instead referring only to "strict confidentiality" being a "condition precedent" to Plaintiff agreeing to file her taxes with Defendants. *See* Third Amended Complaint ¶ 30. However, the Third Amended Complaint does not allege that "strict confidentiality" was promised to Plaintiff, but rather that polices and procedures existed to restrict access to her information.[11] *See id.* at 2. This failure to plead specific reliance on alleged misrepresentations is fatal to a fraud claim under Louisiana law. *See, e.g., Jefferson v. Lead Industries Association, Inc.*, 930 F. Supp. 241, 248 (E.D. La. 1996) (dismissing a claim for

---

[10] As noted in our opening memorandum, rather than identify specific representations and then explain how they were false, Plaintiff can point only to an alleged privacy policy representing that "policies and procedures" would be maintained to "restrict access" to Plaintiff's information. *See* Third Amended Complaint, Exhibit O. Plaintiff then recites a litany of ways in which she contends the privacy safeguards of the "Defendants" was inadequate. *See* Third Amended Complaint ¶¶ 28 (A – J). These allegations cannot sustain Plaintiff's fraud-based claims, as none of the alleged failings speak to any alleged representation.

[11] Plaintiff's discussion of the FTC's safeguards rule is similarly inapposite, as Plaintiff has not alleged and facts to show that representations were made to Plaintiff regarding the rule, that Plaintiff had any knowledge of that rule, or accordingly that she could have had justifiable reliance. *See* Pl. Memo. at 10-11. Without more, this alleged failing cannot form the basis for a fraud. *See, Jefferson, supra* at 248.

fraudulent misrepresentation under La. Civ. Code Art. 1953 due to a failure to plead justifiable reliance); *Sun Drilling Production Corp. v. Rayborn*, 798 So.2d 1141, 1153 (La. Ct. App. 2001) (reversing a trial verdict upon finding that Plaintiff had not even alleged reliance in an action seeking damages under La. Civ. Code Art. 1953).

When viewed together, Plaintiff's impermissible group pleading, failure to specifically identify any alleged misrepresentations, and failure to allege any reliance on any alleged misrepresentations cannot satisfy the Rule 9(b) standard, and accordingly Plaintiff's Third Amended Complaint should be dismissed.

## CONCLUSION

All of Plaintiff's causes of action fail as a matter of law. For the foregoing reasons, and the reasons set forth in its prior memoranda, Jackson Hewitt respectfully requests that this Court dismiss Plaintiff's Third Amended Complaint with prejudice.

Dated: May 26, 2009

      /s/ Andrew S. Wein
Donna L. Wilson (Admitted *pro hac vice*)
Andrew S. Wein (Admitted *pro hac vice*)
Veronica D. Jackson (Admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone (202) 342-8400
Fax (202) 342-8451

AND

KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P.
Glenn M. Farnet (#20185)
Gina D. Banks (#27440)
One American Place, 18th Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone (225) 387-0999

Attorneys for Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc.