UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs<br><br>VERSUS<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and CRESCENT CITY TAX SERVICE, INC. D/B/A JACKSON HEWITT TAX SERVICE,<br>　　　　　Defendants | CIVIL ACTION  08-3535<br><br>SECTION R<br>JUDGE SARAH S. VANCE<br><br>MAG. 3 |

### ANSWER ON BEHALF OF CRESCENT CITY TAX SERVICE, INC D/B/A JACKSON HEWITT TAX SERVICE

NOW INTO COURT, through undersigned counsel, comes Crescent City Tax Service, Inc. d/b/a Jackson Hewitt Tax Service, who responds to plaintiff's Third Amended Petition as follows:

#### AFFIRMATIVE AND OTHER DEFENSES

#### FIRST DEFENSE

Plaintiff's claims fails to state a cause of action upon which relief can be granted.

#### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

1

## THIRD DEFENSE

Plaintiff's claims are barred because Crescent City Tax Service, Inc. d/b/a Jackson Hewitt Tax Service has substantially complied with all applicable statutes, regulations, or laws.

## FOURTH DEFENSE

Plaintiff's claims are barred because the statutes relied upon are preempted by federal law and regulations.

## FIFTH DEFENSE

Plaintiff's claims are barred due to principles of equity, including, but not limited to, by the doctrines of laches, waiver, estoppel, and unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred because plaintiff has not suffered any legally cognizable or other injury or damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred because any damages sustained were caused by the acts, omissions, fault or conduct of parties for whom Crescent City Tax Service, Inc. d/b/a Jackson Hewitt Tax Service is not legally responsible.

## EIGHTH DEFENSE

Plaintiff's claims are barred because plaintiff lacks standing to assert her alleged causes of action.

## NINTH DEFENSE

Plaintiff's claims are barred due to the absence of any intent to defraud.

Doc. 1134866.CBQ3443

## TENTH DEFENSE

Plaintiff's claims under Count Nine ("LUTPA") are barred because, among other reasons, Jackson Hewitt did not engage in any unfair or deceptive trade practice, and their actions or statements constituted sound business practice, the exercise of permissible business judgment, and appropriate free enterprise activity, and are thus not actionable under LUTPA.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in that the allegations in the Third Amended Complaint are not stated with the requisite degree of specificity, as required by Rule 9 of the Federal Rules of Civil Procedure.

## TWELFTH DEFENSE

Plaintiff's claims are barred because plaintiff could have ascertained the truth without difficulty, inconvenience or special skill by simply reading the clear and express language of the alleged representations, and thus any alleged fraud cannot vitiate her consent.

## THIRTEENTH DEFENSE

Plaintiff's claims for injunctive or equitable relief are barred because there is an adequate remedy at law.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to permanent injunctive relief as she has not suffered irreparable harm.

## FIFTEENTH DEFENSE

Plaintiff's claims fail due to a lack of any justifiable reliance by the plaintiff.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to a jury trial, and any request was waived as a result of a failure to file a jury demand.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the Statute of Frauds.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred due to the substantial performance and/or lack of material breach by Crescent City Tax Service, Inc. d/b/a Jackson Hewitt Tax Service.

## NINETEENTH DEFENSE

Plaintiff's claims fail to comply with the requirements of Rule 23 and therefore cannot be properly certified as a class action.

## TWENTIETH DEFENSE

Plaintiff has failed to join necessary and indispensable parties.

## TWENTY-FIRST DEFENSE

Plaintiff's clams are barred by her failure to take reasonable measures to minimize, avoid, or mitigate her damages.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for attorney's fees are barred as plaintiff fails to allege any facts or any legal theory sufficient to entitle Plaintiff or the putative class to recover attorneys' fees in this action. Further, as plaintiff's causes of action are unreasonable and baseless, Crescent City Tax Service, Inc. d/b/a Jackson Hewitt Tax Service should recover all costs and attorneys' fees incurred in responding to this action.

Crescent City Tax Service, Inc. d/b/a Jackson Hewitt Tax Service reserves the right to assert other affirmative defenses when and if they become appropriate in this action, and reserves the right to amend this Answer to assert such additional defenses in the future or at trial.

# INTRODUCTION

In response to the specific allegations of plaintiff's third amended complaint, defendant avers that the allegations of paragraph 1 are denied.

1.

The allegations of paragraph 2 of plaintiff's third amended complaint are denied.

2.

The allegations of paragraph 3 are denied.

3.

The allegations of paragraph 4 are denied.

# PARTIES

4.

The allegations of paragraph 5 are denied for lack of sufficient information to justify a belief herein.

5.

The allegations of paragraph 6 are admitted.

6.

The allegations of paragraphs 7 and 8 do not require an answer of this defendant.

7.

The allegations of paragraph 9 are denied as written. It is admitted that Crescent City Tax Service, Inc. operates Jackson Hewitt franchises. The identity of the owners of the corporation is irrelevant.

## JURISDICTION AND VENUE

8.

The allegations of paragraph 10 do not require an answer of this defendant, but out of an abundance of caution are denied.

9.

The allegations of paragraph 11 do not require an answer of this defendant, but out of an abundance of caution are denied.

## BACKGROUND

10.

The allegations of paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, and 21 do not require an answer of this defendant, contain irrelevant and inadmissible hearsay, and should be stricken.

11.

The allegations of paragraph 22 are denied for lack of sufficient information to justify a belief herein.

12.

The allegations of paragraph 23 are denied for denied for lack of sufficient information to justify a belief herein.

13.

The allegations of paragraph 24 are denied for lack of sufficient information to justify a belief herein.

14.

Defendant can neither admit nor deny the allegations of paragraph 25 as it has not been provided a copy of the specific privacy policy that plaintiff claims she was given.

15.

The allegations of paragraph 26 are denied for lack of sufficient information to justify a belief herein.

16.

The allegations of paragraph 27 are denied for lack of sufficient information to justify a belief herein.

17.

The allegations of paragraph 28 are denied.

18.

The allegations of paragraph 29 are denied for lack of sufficient information to justify a belief herein.

19.

The allegations of paragraph 30 are denied for lack of sufficient information to justify a belief herein, as defendant has no basis upon which to comment on plaintiff's motivations in doing business with this defendant.

20.

The allegations of paragraph 31 are denied.

21.

The allegations of paragraphs 32, 33, 34, and 35 are denied for lack of sufficient information to justify a belief herein, as defendant is not in a position to be able to verify these events, which involve others for whom this defendant is not responsible.

22.

The allegations of paragraph 36 are denied.

23.

The allegations of paragraph 37 are denied.

24.

As to the allegations of paragraph 38, it is admitted that a franchise agreement exists, but the written document speaks for itself and is pled as if copied herein in its entirety.

25.

The allegations of paragraph 39 are denied.

## APPLICABLE LAW

26.

The allegations of paragraph 40 are denied in that it calls for a legal conclusion.

27.

Defendant objects to being required to answer the plaintiff's paragraphs 41, 42, 43, 44, and 45 in that there are no allegations contained therein, but consist only of incomplete recitations of statutes. Out of an abundance of caution, the allegations of these paragraphs are denied.

## CLASS DEFINITION

28.

The allegations of paragraph 46 are denied.

## CLASS ISSUES

29.

The allegations of paragraph 47 are denied, and defendant objects to the inclusion of any claims which have already been dismissed by the Court.

30.

The allegations of paragraph 48 are denied.

31.

The allegations of paragraph 49 are denied for lack of sufficient information to justify a belief herein.

32.

The allegations of paragraph 50 are denied. Defendant specifically avers that class action is not appropriate in these circumstances.

33.

The allegations of paragraph 51 are denied, although defendant admits that more than 100 persons would be included in the plaintiff's proposed description of the class.

## COUNT 1: UNAUTHORIZED DISCLOSURE OF TAX RETURNS

34.

The allegations of paragraphs 52 and 53 do not require an answer of this defendant, but out of an abundance of caution are denied.

## COUNT 2: FRAUD

35.

The allegations of paragraph 54 do not require an answer of this defendant.

36.

The allegations of paragraph 55 are denied.

37.

The allegations of paragraphs 56 and 57 do not require an answer of this defendant, as they are merely partial statements of law.

38.

The allegations of paragraph 58 are denied.

## COUNT 3. BREACH OF CONTRACT

39.

The allegations of paragraphs 59 and 60 do not require an answer of this defendant, but out of an abundance of caution are denied.

## COUNT 4: NEGLIGENCE

40.

The allegations of paragraphs 61 and 62 do not require an answer of this defendant, but out of an abundance of caution are denied.

## COUNT 5: INVASION OF PRIVACY

41.

The allegations of paragraph 63 do not require an answer of this defendant.

42.

The allegations of paragraph 64 do not require an answer of this defendant as it is merely a legal statement.

43.

The allegations of paragraph 65 are denied.

44.

The allegations of paragraph 66 are denied.

## COUNT 6: VIOLATION OF LOUISIANA SECURITY BREACH STATUTE

45.

The allegations of paragraphs 67 and 68 do not require an answer of this defendant, but out of an abundance of caution are denied.

Doc. 1134866.CBQ3443

## COUNT 7: DECLARATORY JUDGMENT

46.

The allegations of paragraphs 69 and 70 do not require an answer of this defendant, but out of an abundance of caution are denied.

## COUNT 8: INJUNCTION

47.

The allegations of paragraphs 71 and 72 do not require an answer of this defendant, but the allegations regarding plaintiff's entitlement to injunction are denied.

## COUNT 9: VIOLATION OF LOUISIANA'S UNFAIR TRADE PRACTICES STATUTE (BROUGHT BY PLAINTIFF INDIVIDUALLY)

48.

The allegations of paragraph 73 do not require an answer of this defendant, but out of an abundance of caution are denied.

49.

The allegations of paragraph 74 do not require an answer of this defendant in that it is merely a partial quote from a statute.

50.

The allegations of paragraph 75 are denied.

51.

The allegations of paragraph 76 are denied.

52.

The allegations of paragraph 77 are denied.

## DEMAND FOR TRIAL BY JURY

53.

The allegations of paragraph 78 do not require an answer of this defendant.

**WHEREFORE**, defendant, Crescent City Tax Service, Inc. d/b/a Jackson Hewitt Tax Service, prays that this answer be deemed good and sufficient, and that after all legal delays and due proceedings are had, that there be judgment rendered herein in favor of the defendant, and against plaintiff, dismissing plaintiff's claims with prejudice, and at her costs, and for all general and equitable relief.

Respectfully submitted:
BLUE WILLIAMS, L.L.P.

/s/ THOMAS G. BUCK

THOMAS G. BUCK  T.A.   Bar No. 14107
tbuck@bluewilliams.com
JOHN C. HENRY          Bar No. 18948
jhenry@bluewilliams.com
BRETT W. TWEEDEL       Bar No. 30100
btweedel@bluewilliams.com
DAVID B. PARNELL, JR.  Bar No. 27031
dparnell@bluewilliams.com
3421 North Causeway Boulevard, Suite 900
Metairie, LA 70002
Telephone (504) 831-4091
Facsimile (504) 837-1182
Attorneys for: Crescent City Tax Service, Inc., d/b/a Jackson Hewitt Tax Service

# CERTIFICATE OF SERVICE

I do hereby certify that I have on June 26, 2009, electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to the following.

828-3700 FAX 828-3737
bshartle@session-law.biz
Bryan C. Shartle
Sessions, Fishman, Nathan & Israel, LLP
Lakeway II, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002
Counsel for Plaintiffs

1-225-387-0999 FAX 1-225-388-9133
glennfarnet@keanmiller.com
Glenn M. Farnet
ginabanks@keanmiller.com
Ms. Gina D. Banks
Kean, Miller, Hawthorne,
D'Armond, McCowan & Jarmon, LLP
One American Place, 22nd Floor
Baton Rouge, LA 70825
Counsel for Jackson Hewitt Tax Service, Inc. and Jackson Hewitt, Inc.

202-342-8400 FAX 202-342-8451
dwilson@kelleydrye.com
Donna L. Wilson
awein@kelleydrye.com
Andrew S. Wein
vgray@kelleydrye.com
Ms. Veronica Gray
Kelley, Drye & Warren, LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007-5108
Counsel for Jackson Hewitt Tax Service, Inc. and Jackson Hewitt, Inc.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM.ECF participants.

/s/ THOMAS G. BUCK

13

Doc. 1134866.CBQ3443