# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | **CASE NO.:** 08-3535<br><br>**SECTION R**<br><br>**JUDGE**<br>**SARAH VANCE**<br><br>**MAGISTRATE JUDGE**<br>**DANIEL E. KNOWLES** |

### JACKSON HEWITT TAX SERVICE INC.'S AND JACKSON HEWITT INC.'S ANSWER TO PLAINTIFF VICKI L. PINERO'S THIRD AMENDED COMPLAINT

Jackson Hewitt Inc. and Jackson Hewitt Tax Service Inc. (collectively "Jackson Hewitt"), by their attorneys, as and for their answer to Plaintiff Vicki L. Pinero's Third Amended Complaint, dated April 24, 2009, state the following:

### INTRODUCTION

1. Jackson Hewitt denies the allegations contained in paragraph 1 of the Third Amended Complaint with respect to Jackson Hewitt and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the remaining defendant.

2. Jackson Hewitt denies the allegations contained in paragraph 2 of the Third Amended Complaint with respect to Jackson Hewitt and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the remaining

Dockets.Justia.com

defendant. To the extent this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

3. Jackson Hewitt denies the allegations contained in paragraph 3 of the Third Amended Complaint with respect to Jackson Hewitt, and denies, upon information and belief, the allegations with respect to the remaining defendant.

4. Jackson Hewitt denies the allegations contained in paragraph 4 of the Third Amended Complaint with respect to Jackson Hewitt, except for legal conclusions for which no response is required. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the remaining defendant.

**PARTIES**

5. Jackson Hewitt denies knowledge or information sufficient to form a belief as the truth of the allegations contained in paragraph 5 of the Third Amended Complaint.

6. Jackson Hewitt denies the truth of the allegations contained in paragraph 6 of the Third Amended Complaint with respect to Jackson Hewitt, and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the remaining defendant.

7. The allegations of paragraph 7 of the Third Amended Complaint reference documents, and accordingly the Court is respectfully referred to a true copy of any such document. To the extent the characterizations contained in this paragraph differ from the contents thereof Jackson Hewitt denies the allegations.

8. Jackson Hewitt admits the truth of the allegations contained in paragraph 8 of the Third Amended Complaint.

9. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, except to admit that Crescent City Tax Service, Inc. owned and managed Jackson Hewitt franchises in the greater New Orleans area, including a location at 6601 Veterans Blvd, Metairie, LA 70003.

## JURISDICTION AND VENUE

10. The allegations contained in paragraph 10 of the Third Amended Complaint state legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations.

11. The allegations contained in paragraph 11 of the Third Amended Complaint state legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## BACKGROUND

12. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

13. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

14. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

15. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

16. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

17. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

18. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

19. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

20. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

21. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

**FACTS**

22. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third Amended Complaint, except to admit that Crescent City Tax Service, Inc. owned and managed a Jackson Hewitt franchise location at 6601 Veterans Blvd, Metairie, LA 70003.

23. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Third Amended Complaint.

24. Jackson Hewitt denies knowledge or information sufficient to form a belief regarding the allegations in paragraph 24 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

25. Jackson Hewitt denies knowledge or information sufficient to form a belief regarding the allegations in paragraph 25 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

26. Jackson Hewitt denies the allegations contained in paragraph 26 of the Third Amended Complaint with respect to Jackson Hewitt, and denies, upon information and belief, the allegations with respect to the remaining defendant.

27. Jackson Hewitt denies the allegations contained in paragraph 27 of the Third Amended Complaint with respect to Jackson Hewitt, and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the remaining defendant. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

28. Paragraph 28 of the Third Amended Complaint contains legal conclusions to which no response is necessary, and, to the extent this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof. To

the extent a response is required, Jackson Hewitt denies the allegations with respect to Jackson Hewitt and denies, upon information and belief, the allegations with respect to the remaining defendant.

29. Jackson Hewitt denies the allegations contained in paragraph 29 of the Third Amended Complaint with respect to Jackson Hewitt, and denies knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the remaining defendant.

30. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Third Amended Complaint.

31. Jackson Hewitt denies the allegations contained in paragraph 31 of the Third Amended Complaint.

32. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Third Amended Complaint.

33. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Third Amended Complaint.

34. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Third Amended Complaint.

35. Paragraph 35 of the Third Amended Complaint refers to media reports, and the Court is respectfully referred to a true copy of any such media report for the contents thereof.

To the extent a response is required, Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations.

36. Jackson Hewitt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Third Amended Complaint. To the extent that this paragraph references documents, the Court is respectfully referred to a true copy of any such document for the contents thereof.

37. Paragraph 37 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

38. Paragraph 38 of the Third Amended Complaint refers to documents, and the Court is respectfully referred to a true copy of any such document. To the extent the characterizations contained in this paragraph differ from the contents thereof Jackson Hewitt denies the allegations.

39. Paragraph 39 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

## APPLICABLE LAW

40. Paragraph 40 of the Third Amended Complaint states legal conclusions to which no response is necessary, and to the extent it refers to documents, statutes, or rules the Court is respectfully referred to a true copy of any such document, statute or rule for the contents thereof. To the extent a response is required, Jackson Hewitt denies the allegations.

41. Paragraph 41 of the Third Amended Complaint states legal conclusions to which no response is necessary, and to the extent it refers to documents, statutes, or rules the Court is respectfully referred to a true copy of any such document, statute or rule for the contents thereof. To the extent a response is required, Jackson Hewitt denies the allegations.

42. Paragraph 42 of the Third Amended Complaint states legal conclusions to which no response is necessary, and to the extent it refers to documents, statutes, or rules the Court is respectfully referred to a true copy of any such document, statute or rule for the contents thereof. To the extent a response is required, Jackson Hewitt denies the allegations.

43. Paragraph 43 of the Third Amended Complaint states legal conclusions to which no response is necessary, and to the extent it refers to documents, statutes, or rules the Court is respectfully referred to a true copy of any such document, statute or rule for the contents thereof. To the extent a response is required, Jackson Hewitt denies the allegations.

44. Paragraph 44 of the Third Amended Complaint states legal conclusions to which no response is necessary, and to the extent it refers to documents, statutes, or rules the Court is respectfully referred to a true copy of any such document, statute or rule for the contents thereof. To the extent a response is required, Jackson Hewitt denies the allegations.

45. Paragraph 45 of the Third Amended Complaint states legal conclusions to which no response is necessary, and to the extent it refers to documents, statutes, or rules the Court is respectfully referred to a true copy of any such document, statute or rule for the contents thereof. To the extent a response is required, Jackson Hewitt denies the allegations.

## CLASS DEFINITION

46. Paragraph 46 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations contained in paragraph 46 of the Third Amended Complaint.

## CLASS ISSUES

47. Paragraph 47 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations, and notes that the issues identified in paragraph 47 include counts already dismissed by this Court.

48. Paragraph 48 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

49. Paragraph 49 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

50. Paragraph 50 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

51. Paragraph 51 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

## **COUNT 1: UNAUTHORIZED DISCLOSURE OF TAX RETURNS –** *DISMISSED BY THE COURT*

52. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 52 of the Third Amended Complaint given the Court's January 7, 2009 Order dismissing Count 1. To the extent a response is required, Jackson Hewitt denies the allegations.

53. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 53 of the Third Amended Complaint given the Court's January 7, 2009 Order dismissing Count 1. To the extent a response is required, Jackson Hewitt denies the allegations.

## **COUNT 2: FRAUD**

54. Jackson Hewitt repeats, restates, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 53 of the Third Amended Complaint as if fully set forth herein.

55. Jackson Hewitt denies the allegations contained in paragraph 55 of the Third Amended Complaint.

56. Paragraph 56 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

57. Paragraph 57 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

58. Paragraph 58 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

**COUNT 3: BREACH OF CONTRACT – *DISMISSED BY THE COURT***

59. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 59 of the Third Amended Complaint given the Court's January 7, 2009 Order dismissing Count 3. To the extent a response is required, Jackson Hewitt denies the allegations.

60. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 60 of the Third Amended Complaint given the Court's January 7, 2009 Order dismissing Count 3. To the extent a response is required, Jackson Hewitt denies the allegations.

**COUNT 4: NEGLIGENCE – *DISMISSED BY THE COURT***

61. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 61 of the Third Amended Complaint given the Court's January 7, 2009 Order

dismissing Count 4. To the extent a response is required, Jackson Hewitt denies the allegations.

62. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 62 of the Third Amended Complaint given the Court's January 7, 2009 Order dismissing Count 4. To the extent a response is required, Jackson Hewitt denies the allegations.

**COUNT 5: INVASION OF PRIVACY –** *DISMISSED BY THE COURT*

63. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 63 of the Third Amended Complaint given the Court's June 8, 2009 Order dismissing Count 5 against Jackson Hewitt. To the extent a response is required, Jackson Hewitt denies the allegations.

64. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 64 of the Third Amended Complaint given the Court's June 8, 2009 Order dismissing Count 5 against Jackson Hewitt. To the extent a response is required, Jackson Hewitt denies the allegations.

65. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 65 of the Third Amended Complaint given the Court's June 8, 2009 Order dismissing Count 5 against Jackson Hewitt. To the extent a response is required, Jackson Hewitt denies the allegations.

66. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 66 of the Third Amended Complaint given the Court's June 8, 2009 Order

dismissing Count 5 against Jackson Hewitt. To the extent a response is required, Jackson Hewitt denies the allegations.

## COUNT 6: VIOLATION OF LA SECURITY BREACH STATUTE – *DISMISSED BY THE COURT*

67. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 67 of the Third Amended Complaint given the Court's January 7, 2009 Order dismissing Count 6. To the extent a response is required, Jackson Hewitt denies the allegations.

68. Jackson Hewitt has no obligation to respond to the allegations contained in paragraph 68 of the Third Amended Complaint given the Court's January 7, 2009 Order dismissing Count 6. To the extent a response is required, Jackson Hewitt denies the allegations.

## COUNT 7: DECLARATORY JUDGMENT

69. Jackson Hewitt repeats, restates, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 68 of the Third Amended Complaint as if fully set forth herein.

70. Paragraph 70 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

## COUNT 8: INJUNCTION

71. Jackson Hewitt repeats, restates, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 70 of the Third Amended Complaint as if fully set forth herein.

72. Paragraph 72 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

## COUNT 9: VIOLATION OF LA UNFAIR TRADE PRACTICES STATUTE
### (Brought by Plaintiff Individually)

73. Jackson Hewitt repeats, restates, realleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 72 of the Third Amended Complaint as if fully set forth herein.

74. Paragraph 74 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

75. Paragraph 75 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

76. Jackson Hewitt denies the allegations contained in paragraph 76 of the Third Amended Complaint.

77. Paragraph 77 of the Third Amended Complaint states legal conclusions to which no response is necessary. To the extent a response is required, Jackson Hewitt denies the allegations.

## DEMAND FOR TRIAL BY JURY

78. Paragraph 78 of the Third Amended Complaint states a request for trial by jury to which no response is necessary.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the following affirmative and other defenses to Plaintiff's claims, Jackson Hewitt does not concede that the assertion of such defenses imposes any burden of proof on Jackson Hewitt with respect thereto. Jackson Hewitt has not yet completed its investigation and, to the extent that investigation and/or discovery warrant, reserves the right to supplement, amend or delete any or all of the following affirmative or other defenses prior to any trial of this action.

## FIRST DEFENSE

Plaintiff's claims fail to state a cause of action upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff's claims are barred because Jackson Hewitt has substantially fulfilled its obligations in compliance with any and all applicable statutes, regulations and/or laws.

## FOURTH DEFENSE

Plaintiff's claims are barred because the statutes relied upon are preempted by federal law and regulations.

## FIFTH DEFENSE

Plaintiff's claims are barred due to principles of equity, including, but not limited to, by the doctrines of laches, waiver, estoppel, and unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred because Plaintiff has not suffered any legally cognizable injury or damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred because any damages sustained were caused by the superseding and/or intervening acts, omissions, fault or conduct of parties for whom Jackson Hewitt is not legally responsible.

## EIGHTH DEFENSE

Plaintiff's claims are barred because any damages sustained were caused by the criminal conduct of third parties, for which Jackson Hewitt is not legally responsible.

## NINTH DEFENSE

Plaintiff's claims are barred because any damages sustained were not proximately caused by any acts, omissions, fault or conduct of Jackson Hewitt.

## TENTH DEFENSE

Plaintiff's claims are barred because Plaintiff lacks standing to assert her alleged causes of action.

## ELEVENTH DEFENSE

Plaintiff's claims are barred due to the absence of any intent to defraud.

**TWELFTH DEFENSE**

Plaintiff's claim under Count Nine ("LUTPA") is barred because, among other reasons, Jackson Hewitt did not engage in any unfair or deceptive trade practice, Plaintiff was not a direct consumer of any product or service provided by Jackson Hewitt, and Jackson Hewitt's actions or statements constituted sound business practice, the exercise of permissible business judgment, and appropriate free enterprise activity, and are thus not actionable under LUTPA.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff's consent cannot be vitiated where a reasonable investigation or review of the alleged representations would have precluded any reasonable reliance thereon.

**FOURTEENTH DEFENSE**

Plaintiff's claims for injunctive or equitable relief are barred because there is an adequate remedy at law and she has not suffered irreparable harm.

**FIFTEENTH DEFENSE**

Plaintiff's claims fail due to a lack of any justifiable reliance by the Plaintiff.

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to a jury trial.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred by the Statute of Frauds.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred due to the substantial performance and/or lack of material breach by Jackson Hewitt.

## NINETEENTH DEFENSE

Plaintiff's claims fail to comply with the requirements of Rule 23 and therefore cannot be properly certified as a class action.

## TWENTIETH DEFENSE

Plaintiff has failed to join necessary and indispensable parties.

## TWENTY-FIRST DEFENSE

Plaintiff's clams are barred by her failure to take reasonable measures to minimize, avoid, or mitigate her damages.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for attorney's fees are barred as Plaintiff fails to allege any facts or any legal theory sufficient to entitle Plaintiff or the putative class to recover attorneys' fees in this action.

Jackson Hewitt reserves the right to assert other affirmative defenses when and if they become appropriate in this action, and reserves the right to amend this Answer to assert such additional defenses in the future or at trial.

WHEREFORE, Jackson Hewitt seeks judgment:

- A. dismissing with prejudice all causes of action asserted against it and entering judgment in favor of Jackson Hewitt;
- B. awarding the costs of defending this action, including reasonable attorneys' fees, costs and disbursements;
- C. a determination that this action is not appropriate for proceeding as a class action; and

D.  granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: June 29, 2009 　　　　　　　　　　　　\_\_/s/ Andrew S. Wein\_\_\_\_\_
Donna L. Wilson (Admitted *pro hac vice*)
Andrew S. Wein (Admitted *pro hac vice*)
Veronica D. Jackson (Admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone (202) 342-8400
Fax (202) 342-8451

AND
KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P.
Glenn M. Farnet (#20185)
Gina D. Banks (#27440)
One American Place, 18th Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone (225) 387-0999

Attorneys for Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th of June, 2009, a copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system and U. S. Mail to all counsel of record.

\_\_\_\_/s/ Andrew S. Wein\_\_\_