# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | **CASE NO.:** 08-3535<br><br>**SECTION R**<br><br>**JUDGE**<br>SARAH VANCE<br><br>**MAGISTRATE JUDGE**<br>DANIEL E. KNOWLES |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (collectively referred to herein as "Jackson Hewitt"), through its undersigned counsel, submit this memorandum in opposition to Plaintiff Vicki L. Pinero's Motion to Compel against Jackson Hewitt.

Through her Motion to Compel ("Motion"), Plaintiff seeks for this Court to compel Jackson Hewitt to respond to a discovery request that is, to say the least, unanswerable in any meaningful way, and which Plaintiff already has tacitly acknowledged is deficient. By framing her document demand as seeking *all* documents that Jackson Hewitt "believe[s] evidence attempt(s) to comply" with an administrative regulation over a three-and-a half-year time period and with no geographic limitation, Plaintiff's improper request, among other things, is overbroad and inherently calls for speculation and attorney mental impressions.

DC01/WEINAN/388628.8

After reviewing and discussing with Jackson Hewitt its objections and responses, Plaintiff served new discovery demands which appeared to reflect Plaintiff's attempt to cure the deficiencies of her first set.[1]  Rather than withdraw the first set or wait until receiving Jackson Hewitt's responses to the second set, Plaintiff chose to file this Motion.  Responses to those new demands are due on August 10 -- a mere two days before the August 12 hearing scheduled for Your Honor to hear Plaintiff's now-moot motion.  Notably, Plaintiff, in the last 10 days, also has served a blizzard of discovery seeking information well outside of the scope of her allegations in her Third Amended Complaint and of Rule 26, including, but not limited to, eleven subpoenas on third-parties and an additional set of discovery requests on Jackson Hewitt – all seeking information relating to joint marketing that is not at issue in this case.

Plaintiff's filing of the instant motion does not bode well for a discovery process that is in its earliest stages.  As Your Honor is well aware, for much of the last year Plaintiff struggled to assert a claim that could meet the requirements of Rule 12(b)(6).[2]  As part of that struggle, Plaintiff filed endless briefs and motions, including unsuccessful motions for reconsideration, a premature motion for class certification,[3] and repeatedly unsuccessful attempts to amend her

---

[1] Note that this revised discovery request, while apparently targeted at obtaining similar materials, did not call for Jackson Hewitt's and its counsel's speculation as to whether a particular document evidenced compliance with a particular administrative regulation.  *See, infra,* Ex. B.

[2]  District Judge Vance originally dismissed six of the seven counts in the First Amended Complaint, and later dismissed one of the two class counts in the Second Amended Complaint. *See* Order and Reasons entered Jan. 7, 2009, Docket Entry No. 54 ("Order Dismissing Claims in First Amended Complaint"); and Order and Reasons entered Jun. 5, 2009, Docket No. 139 ("Order Dismissing Claims in Second Amended Complaint").

[3]  District Judge Vance denied Plaintiff's Motion for Class Certification as premature, and later denied Plaintiff's Motion for Reconsideration of the Court's dismissal of the putative claims under 26 U.S.C. § 6103.  *See* Order Dismissing Claims in First Amended Complaint at 26-29;

complaint.[4]  Following this pattern, at best Plaintiff's instant motion is not ripe, and at worst constitutes an exercise that, like Plaintiff's prior motions, appears to serve no purpose other than to needlessly expend the Court's time and resources (not to mention those of Jackson Hewitt).

For these and the reasons set forth below, Plaintiff's Motion should be denied.

I.  **BACKGROUND**

Jackson Hewitt objected to Plaintiff's First Request for the Production of Documents on a variety of grounds, chiefly that the request, as phrased, is argumentative and speculative, and accordingly would require the disclosure of attorney thought processes in order to decipher what documents Plaintiff was requesting.  *See* Pl.'s Motion, Ex. B, Docket Entry No. 156-6. However, even in that objection, Jackson Hewitt, in a spirit of good faith, invited Plaintiff

> to clarify and reasonably tailor her Request to seek relevant materials in a manner that does not call for attorney mental impressions or work product and is consistent with the Federal Rules of Civil Procedure, such as would allow Jackson Hewitt to amend and/or supplement its response.

*Id.* at 4.

Jackson Hewitt's counsel repeated that offer to resolve this issue amicably, both in writing and orally through the meet and confer process.  *See e.g.,* Email of A. Wein to B. Shartle, dated July 9, 2009, attached hereto as Exhibit A (wherein Jackson Hewitt "invite[d] [Plaintiff] to

---

Order and Reasons entered May 20, 2009 and filed May 21, 2009, Docket Entry No. 131 ("Order Denying Reconsideration").

[4]  This Court denied Plaintiff's Motion for Leave to File a Third Amended Complaint, seeking to add time-barred claims relating to loan brokering, and also rejected Plaintiff's back-door attempts to add new claims to that amendment while that motion was pending.  *See* Order Denying Plaintiff's Motion for Leave to File Third Amended Complaint, entered April 21, 2009, Docket Entry No. 117 ("Order Denying Leave to Amend"); Order Canceling Hearing, entered May 8, 2009, Docket Entry No. 128.  After receipt of the Order Denying Leave to Amend, Plaintiff then filed an appeal of Your Honor's decision, which is currently under submission to Judge Vance.  *See* Plaintiff's Motion for Review, Jackson Hewitt's Response Memorandum, and Plaintiff's Reply Memorandum, Docket Entry Nos. 121, 130, and 134, respectively.

identify the documents you seek -- sans characterizations, argument, and improper attempts to obtain mental impressions and work product of counsel -- so that we can amend and/or supplement our response.")[5]

As was explained to Plaintiff's counsel, both in writing and on the meet and confer call, Jackson Hewitt is not contending that all documents that may demonstrate steps taken to protect customer information would be privileged *per se*, and accordingly is not withholding documents on that basis.[6] It is the *inherently argumentative and speculative nature of the request itself* that presented a work-product objection, as it is unanswerable without Jackson Hewitt and its counsel speculating as to what documents Plaintiff is requesting, not to mention adopting Plaintiff's characterization of Jackson Hewitt's contention. Indeed, when subsequent to that call Plaintiff served a new Request for Production, Jackson Hewitt believed that the issue had been resolved. *See* Plaintiff's Second Request For Production of Documents to Defendants Jackson Hewitt Inc. and Jackson Hewitt Tax Service Inc, served July 10, 2009, collectively attached hereto as Exhibit B.

**II. ARGUMENT**

Plaintiff's Motion is improper for at least three reasons. *First*, as discussed above, Plaintiff's request, due to its speculative and argumentative nature, improperly seeks counsel's mental impressions regarding what would constitute compliance of 16 C.F.R. §§ 314.3-314.4 ("FTC Safeguard Rules") – a question of law which is inappropriately posed in a request for the

---

[5] Contrary to Plaintiff's characterization, in the July 10th meet and confer teleconference, the parties discussed Jackson Hewitt's objection to the document request as phrased, and how its argumentative and speculative nature make it unanswerable. *Contra* Pl.'s Fed. R. Civ. P. 37 and L.R. 37.1 Certificate at ¶¶ 4-9 and Pl.'s Memo. in Supp. at ¶¶ 5-7, Docket Entry Nos.156-3 and 156-4, respectively.

[6] Accordingly, Plaintiff's various arguments regarding privilege logs, or the lack thereof, are a complete red herring. *See* Pl.'s Memo. in Supp. at 8, Docket Entry No. 156-3.

production of documents.  Therefore, the mere collection of responsive documents to this request would reveal the mental impressions of counsel regarding what Jackson Hewitt and its counsel "believes evidences an attempt to comply" with the FTC Safeguard Rules and what does not, and given its phrasing, requires speculation on the part of Jackson Hewitt.  As Jackson Hewitt's counsel explained during the meet and confer call with Mr. Shartle, this request required rephrasing and tailoring before Jackson Hewitt would be able to respond.

*Second*, and contrary to Plaintiff's assertions, Plaintiff's Request for Production No. 1 and a contention interrogatory are not the same.  Rather than asking Jackson Hewitt to identify documents that it contends support positions in the litigation, it instead requested that Jackson Hewitt produce documents that Jackson Hewitt "believes evidence an attempt" to comply with certain administrative regulations.  The Federal Rules of Civil Procedure expressly provide for contention interrogatories as the proper mechanism with which Plaintiff can discover Jackson Hewitt's position in this case or to obtain information supporting its legal claims or defenses.  The Federal Rules do not, however, permit Requests for Production of Documents to be written in a speculative and argumentative manner.  *Compare* Fed. R. Civ. P. 33(a)(2) *with* Fed. R. Civ. P. 34.  Instead, Plaintiff attempted to take an improper short-cut, any response to which would have unfairly prejudiced Jackson Hewitt.

*Third*, Plaintiff's present motion seeks to compel a document request which Plaintiff herself has since rendered moot by her subsequent discovery requests.  As noted above, following the meet and confer call, Plaintiff reworded the document request at issue in this motion in an apparent attempt to resolve certain objections raised by Jackson Hewitt.  *See* Exhibit B.  A cursory review of that new discovery request reveals that Plaintiff either is serving

duplicative discovery requests (which is improper in and of itself) or tacitly acknowledging that her prior request was improper and unanswerable.

The new request, rather than being couched in terms of what Jackson Hewitt and its counsel *believes evidence attempts at compliance* with a particular administrative regulation, instead seeks documents setting forth various policies and procedures. To seek to compel a response to her earlier improper, and now duplicative, document request constitutes a needless exercise, resulting in an unnecessary waste of judicial and other resources. Therefore, this Court should deny Plaintiff's motion to compel either on the merits or as moot.

KELLEY DRYE & WARREN LLP

DATED: August 4, 2009

By: __/s/ **Veronica D. Jackson**__
Donna L. Wilson (admitted *pro hac vice*)
Andrew S. Wein (admitted *pro hac vice*)
Veronica D. Jackson (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8400

AND

KEAN, MILLER, HAWTHORNE, ARMOND,
McCOWAN & JARMAN, L.L.P.
Glenn M. Farnett (#20185)
Gina D. Banks (#27440)
One American Place, 18th Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999

Attorneys for Defendants
JACKSON HEWITT TAX SERVICE INC. and
JACKSON HEWITT INC.

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th of August, 2009, a copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system and U. S. Mail to all counsel of record.

      **/s/ Veronica D. Jackson**