∾AO88 (Rev. 12/07) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

Western District of Kentucky

VICKI L. PINERO, et al.

V.

JACKSON HEWITT TAX SERVICE INC., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] USDC, E.D.La. No. 08-3535

TO: Republic Bank & Trust Company, through its registered agent for service of process, Michael A. Ringswald, 601 West Market Street, Louisville, Kentucky 40202

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit A.

| PLACE  The Law Offices of Reminger & Reminger, One Riverfront Plaza, 401 West Main Street, Suite 710, Louisville, Kentucky 40202 | DATE AND TIME  8/27/2009 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  *[signature]* Attorney for Plaintiff | DATE  7/27/2009 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Bryan C. Shartle, Esq., Sessions, Fishman, Nathan & Israel, LLP, 3850 N. Causeway Blvd., Suite 200, Metairie, Louisiana 70002-7227; Telephone: (504) 828-3700; Fax: (504) 828-3737; Email: bshartle@sessions-law.biz

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 7/28/2009 | 601 West Market Street, Louisville, KY 40202 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| A. Brown | FedEx delivery (see delivery receipt, Exhibit 1) |
| SERVED BY (PRINT NAME) | TITLE |
| Kristy Ortego | Legal Assistant |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     8/5/2009
                DATE

SIGNATURE OF SERVER

3850 N. Causeway Blvd., Suite 200
ADDRESS OF SERVER

Metairie, LA 70002-7227

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Exhibit A

to the Subpoena Duces Tecum dated July 27, 2009 directed to:

Republic Bank & Trust Company
through its registered agent for service of process, Michael A. Ringswald
601 West Market Street
Louisville, Kentucky 40202

## DEFINITIONS

(A) The terms "you," and "your" refer to Republic Bank & Trust Company [FDIC Certificate No. 23627], or any subsidiary, division or branch thereof.

(B) "JHI" refers to Jackson Hewitt Inc.

(C) "JHTSI" refers to Jackson Hewitt Tax Service Inc.

(D) The term "document" means the original and all non-identical copies (whether different from the original because of additional notations or otherwise) of all written, printed, typed, recorded, electronic, or graphic matter, however produced or reproduced, in your actual or constructive possession, custody, or control including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained or can be translated through detection devices into reasonably usable tangible form), correspondence, memoranda, data, notes, diaries, papers, letters, communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or

returns, exhibits, maps, surveys, sketches, microfilm, xerox or any other tangible things which constitute or contain matters within the scope of Fed. R. Civ. P. 26.

(E) "Pertaining to" shall mean commenting upon, including, concerning, containing, regarding, discussing, reflecting, relating to, relevant to, used in connection with, embodying or evidencing, and should be construed in the broadest sense possible.

(F) The use of the masculine gender herein includes the feminine and vice versa; the singular includes the plural and vice versa.

(G) "Joint Marketing Agreement," "Cross Marketing Agreement," "Program Agreement," and "Technology Agreement" shall each mean (a) any document entitled such, or including such or similar words in its title, and (b) any contract between you and another person or entity to promote, advertise, market, offer, provide, administer, arrange for, support, and/or sell (i) your products, services, resources, and/or personnel or (ii) the other person or entity's products, services, resources, and/or personnel.

## DOCUMENT REQUEST

1. Produce and permit inspection of all documents, including but not limited to all proposals, contracts, agreements, letters of understanding, correspondence and press-releases, establishing, modifying, amending, terminating or pertaining to all contracts, joint ventures, or contractual relationships you entered with JHI and/or JHTSI at any time during May 22, 1998 to the present.

2. Produce and permit inspection of all original, amended, supplemented, modified or restated Joint Marketing Agreements, Cross Marketing Agreements, Program Agreements, and/or Technology Agreements to which JHI and/or JHTSI was a party or signatory that were effective any time during May 22, 1998 to the present.

3. Produce and permit inspection of all documents explaining, describing, or summarizing the implementation of any Joint Marketing Agreement, Cross Marketing Agreement, Program Agreement, and/or Technology Agreement to

which JHI and/or JHTSI was a party or signatory that was effective any time during May 22, 1998 to the present.



FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

August 4, 2009

Dear Customer:

The following is the proof-of-delivery for tracking number **796809158919**.

## Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivery location:** | Louisville, KY |
| **Signed for by:** | A.BROWN | **Delivery date:** | Jul 28, 2009 08:49 |
| **Service type:** | Priority Envelope | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 796809158919 | **Ship date:** | Jul 27, 2009 |
| | | **Weight:** | 0.5 lbs. |

**Recipient:**
Louisville, KY US

**Shipper:**
Metairie, LA US

**Reference**

9071-22925 Pinero BCS

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339

**Exhibit 1**