# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | CASE NO.: 08-3535<br><br>SECTION R<br><br>JUDGE<br>SARAH VANCE<br><br>MAGISTRATE JUDGE<br>DANIEL E. KNOWLES |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

Defendants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (collectively referred to herein as "Jackson Hewitt"), through their undersigned counsel, submit this memorandum in opposition to Plaintiff Vicki L. Pinero's Motion to Modify the Scheduling Order.

As this Court well knows, throughout the pendency of this case Plaintiff has repeatedly attempted to amend her Complaint, including: (a) one amendment as of right; (b) two amendments following Jackson Hewitt's successful Rule 12(b)(6) Motions, which resulted in Plaintiff twice being ordered to amend her claims; and (c) one failed attempt to amend via a Rule 15 Motion, which was denied by Magistrate Judge Knowles and from which Plaintiff has appealed to this Court. In addition, as the record reflects, Plaintiff has engaged in numerous back-door attempts to amend the various iterations of her Complaint. *See, e.g.,* Jackson Hewitt's

Opposition to the Motion for Reconsideration, Docket Entry No. 82 at 1, and Jackson Hewitt's Opposition to Plaintiff's *Ex Parte* Motion to Amend Document Number 77, Docket Entry No. 104 at 2 (discussing the history of Plaintiff's varying attempts at amendment).

As it stands now, Plaintiff has filed four versions of her Complaint, and through her Motion to Modify the Scheduling Order ("Motion"), is now seeking this Court to provide her with yet more time (months in fact) in which to attempt additional amendments of her Complaint. Yet she fails to satisfy the bedrock "good cause" requirements of Rule 16(b)(4) in her Motion. *See* Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.") As the Fifth Circuit has stated, "[t]he good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)); *see also, Brown v. Tangipahoa Parish Sch. Sys.*, 2006 U.S. Dist. LEXIS 77291 at *5 (E.D. La. Oct. 23, 2006) (Vance, J.) ("where the Court has entered a scheduling order setting forth a deadline for the amendment of pleadings, Rule 16(b) provides that the scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge") (internal quotation omitted).

Plaintiff contends that she is entitled to an extension because: (1) her appeal of the denied Rule 15 Motion is pending; (2) the Court's deadline is "inadequate in light of the complexity of this case;" and (3) that she has not previously requested an extension. Such contentions do not meet the standard in this circuit requiring that Plaintiff establish "that the deadline[] cannot reasonably be met despite the diligence" of Plaintiff. *S & W Enters.*, 315 F.3d at 536.

First, Plaintiff's pending appeal of Judge Knowles' denial of her Rule 15 Motion should have no impact on other forms of amendment that may be contemplated by Plaintiff. That pending appeal would be unaffected by the deadlines, only *new* proposed amendments would be subject to the deadline in the scheduling order. Plaintiff should not be allowed to delay the prompt filing of any new claims or allegations that she is *currently* prepared to file, simply because another motion is pending.

Second, Plaintiff has articulated no other arguments to demonstrate "good cause", other than a vague reference to "complexities" of the case. Whatever "complexities" this case presents, Plaintiff has not explained in any meaningful way why she cannot comply with the deadline, and accordingly she has not met her burden under Rule 16(b).

Third, Plaintiff's argument that she should be granted the extension of time in which to amend rings hollow, given her previous numerous attempts (both successful and unsuccessful) to amend her complaint. She has now had at least four bites at the apple, and discovery has commenced.[1] Further delay in defining the claims at issue in this case will serve only to prejudice Jackson Hewitt.[2]

---

[1] Moreover, Plaintiff has already noticed the deposition of Jackson Hewitt for October 21, 2009 – prior to when she proposes having the issues in this case properly joined. *See* Notice of Videotaped Deposition of Defendant Jackson Hewitt Tax Service Inc., annexed hereto as Exhibit A. Forcing Jackson Hewitt to engage in discovery as to one set of class issues, and then shift gears months down the road to suddenly engage in discovery on new issues and new claims, is exactly the type of "litigation by surprise" that the Federal Rules are designed to avoid.

[2] Indeed, Plaintiff appears to be serving discovery directed, not at the issues in this case, but rather at a "fishing expedition" dedicated to uncovering some new theory of the case. *See, e.g.,* Subpoena directed at HSBC Finance Corporation, annexed hereto as Exhibit B (demanding, among other things, "all documents . . . pertaining to all contracts . . . you entered with [Jackson Hewitt]"). Jackson Hewitt reserves all rights to object to such discovery, including but not limited to filing a motion for a protective order.

Lastly, upon information and belief, Plaintiff already intends to amend her Complaint, and could do so today if she wished. During the litigation of the Rule 15 Motion before Magistrate Judge Knowles, Plaintiff indicated that she intended to amend her complaint to add new claims regardless of how Judge Knowles ruled, and accordingly attempted to substitute a *new* proposed amended complaint while the Rule 15 Motion was pending. *See* Supplemental Memorandum in Support of Motion for Leave to File Third Amended Class Action, Docket Entry No. 101 at 2 (referencing "proposed new claims"); Plaintiff Vicki L. Pinero's Ex Parte Motion to Amend Document Number 77, Docket Entry No. 103 (attaching a different Complaint than that attached to the Rule 15 Motion, including new claims). If Plaintiff has reason to believe amendment is justified, she seek leave to do so now, rather than artificially delaying the filing of her Rule 15 Motion.

Plaintiff's Motion should be denied, and Jackson Hewitt should finally be given reasonable notice of Plaintiff's claims in this litigation.[3] Plaintiff should not be allowed to "sit" on any claim she already intends to file, simply to prevent Jackson Hewitt from having adequate opportunity to defend itself against that claim. To the extent that Plaintiff already has determined that she wishes to change her allegations or claims yet again, she should be required to do so expeditiously, and therefore Plaintiff's Motion should be denied.

---

[3] If Plaintiff discovers, through due diligence and through proper usage of discovery, that she has a compelling need to amend her claim after the deadline under this Court's scheduling order has passed, the Federal Rules allow for such a request upon a showing of good cause. *See S & W Enters.* at 536 (noting that "Rule 16(b)governs amendment of pleadings after a scheduling order deadline has expired.")

KELLEY DRYE & WARREN LLP

DATED: August 17, 2009   By: __/s/ **Andrew S. Wein**_____

Donna L. Wilson (admitted *pro hac vice*)
Andrew S. Wein (admitted *pro hac vice*)
Veronica D. Jackson (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC  20007
Telephone:  (202) 342-8400

AND

KEAN, MILLER, HAWTHORNE, ARMOND,
McCOWAN & JARMAN, L.L.P.
Glenn M. Farnett (#20185)
Gina D. Banks (#27440)
One American Place, 18th Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone:  (225) 387-0999

Attorneys for Defendants
JACKSON HEWITT TAX SERVICE INC. and
JACKSON HEWITT INC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2009, a copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system and U. S. Mail to all counsel of record.

    **/s/ Andrew S. Wein**