# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | **CASE NO.:** 08-3535<br><br>**SECTION R**<br><br>**JUDGE**<br>**SARAH VANCE**<br><br>**MAGISTRATE JUDGE**<br>**DANIEL E. KNOWLES** |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF VICKI L. PINERO'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

Defendants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (collectively "Jackson Hewitt") hereby submit this memorandum in opposition to Plaintiff Vicki L. Pinero's Motion for Leave to File a Fourth Amended Complaint ("Motion").

## I. PRELIMINARY STATEMENT

Plaintiff's latest attempt to amend her Complaint is characteristic of her strategy of engaging the piecemeal litigation of this case. Time and time again, Plaintiff has withheld known legal arguments and factual allegations, only to raise them *after* a motion appears to be lost or is lost. While her attempts thus far have been unsuccessful, her strategy has imposed costly burdens on this Court and on Jackson Hewitt.

Here, Plaintiff's pending Motion to amend her complaint for the *fifth* time hinges on virtually the same proposed factual allegations that were the focus of her last motion to amend, which she filed over six months ago and which this Court denied on April 21, 2009. *See* Docket Entry No. 117 (the "April 21 Order"). In her Proposed Fourth Amended Complaint, Plaintiff

asserts three legal theories – all of which either were previously rejected by this Court, or are variations of the same legal theories. All are equally devoid of merit.

As established below, Plaintiff has failed to meet her burden of establishing that she is entitled to amend her complaint for a fifth time. Specifically, her latest attempt to amend should be denied for two independent reasons. First, Plaintiff's attempt at amendment is once again futile, as she fails to state a claim as a matter of law. Second, given Plaintiff's pattern of engaging in piecemeal litigation, including in this instance, in order to obtain additional "bites at the apple," her delay and bad faith, and the consequent prejudice to Jackson Hewitt, in the interests of justice Plaintiff's Motion should be denied.[1]

## II. BACKGROUND

In the four complaints Plaintiff has filed since this case's inception, her theory of the case has evolved from Jackson Hewitt intentionally having adopted a corporate-wide policy of throwing confidential documents in dumpsters in violation of its alleged Privacy Policy, to alleging that Jackson Hewitt has failed to adopt corporate policies for safeguarding confidential documents in violation of its Privacy Policy.[2]

---

[1] We note that Plaintiff proposes to add a new plaintiff, Erick G. Adkins, only to Counts 10-12 in the Proposed Fourth Amended Complaint. As set forth below, an amendment to include those Counts is, among other things, futile, and therefore the proposed addition of Adkins would be similarly futile. For simplicity's sake, throughout this brief we use the singular "Plaintiff," but all arguments apply equally to Proposed Plaintiff Adkins.

[2] Plaintiff filed the first of her four complaints in 2008, alleging six causes of action based solely on Plaintiff's allegations that Defendants willfully disposed of her tax return information in a dumpster in a readable form (although she subsequently retracted her allegations that Jackson Hewitt intentionally disposed of her tax return information). *See* Complaint at 3, Docket Entry No. 1. In her First Amended Complaint, Plaintiff added an additional individual claim under the Louisiana Unfair Trade Practices statute ("LUTPA"). *See* Docket Entry No. 9. Judge Vance subsequently dismissed five of those seven causes of action against Jackson Hewitt, including a statutory damages claim, leaving only a putative class claim for fraudulent inducement and an individual claim under LUPTA. While Plaintiff's various iterations of her complaints all plead "declaratory judgment" and "injunctive relief" as causes of action, they are in fact requests for relief, not independent causes of action.

In her previous motion to amend, which this Court denied on April 21, 2009, Plaintiff sought to broaden her complaint to add a claim alleging that Jackson Hewitt violated a subsection of the Louisiana Consumer Credit Law (Title 9, Chapter 2). Plaintiff alleged, conclusorily, that Jackson Hewitt acts as a "loan broker," and therefore under that subsection was required to be licensed by the state. *See* Proposed Third Amended Complaint ¶¶ 31, 35, Docket Entry No. 77-5. Because Jackson Hewitt was allegedly not licensed as a loan broker, Plaintiff contended that she was entitled to various relief, including rescission and penalties. *See id.* ¶ 116.

The Court denied that motion, holding, among other things, that Plaintiff had pled a delictual action that was plainly time-barred, both under the clear provisions of the Louisiana Consumer Credit Law and the 1-year statute of limitations for delictual actions.[3] *See* April 21 Order at 6-7. Moreover, the Court held that any equitable or quasi-contractual claims would be time-barred as well, stating that, "[a] court may resort to equity only where positive or express law does not apply." *Id.* at 8.

Now, in her *fifth* attempt to amend her complaint, Plaintiff seeks to add virtually the same factual allegations as in her previously unsuccessful attempt at amendment. In addition, on the basis of those same factual allegations, she seeks to add three claims. One such claim is virtually identical to one she sought to include in her Proposed Third Amended Complaint almost five months ago. The other two claims are variants of the same legal theories, and all three are no more meritorious than the claim asserted in Plaintiff's last Rule 15(a) motion.

---

[3] Jackson Hewitt's opposition to Plaintiff's prior motion for leave to amend argued that Plaintiff had failed to state a claim under this statute, for, among other reasons, her failure to allege, in anything other than legally conclusory fashion, that Jackson Hewitt charged Plaintiffs a fee for procuring a loan. *See* Memo. in Opp. to Motion for Leave to File Third Amended Complaint at 9, Docket Entry No. 81. Because Plaintiff's previous motion for leave to amend was denied as time-barred, this argument was rendered moot and therefore not addressed in the April 21 Order.

Specifically, in this motion, she seeks to add claims alleging that Jackson Hewitt violated the Louisiana Unfair Trade Practices Act Loan Broker statute, La. Rev. Stat. § 51:1910, *et seq.* ("LUTPA Loan Broker Statute") (proposed Count 10), and on the basis of that alleged violation seeks Rescission under La. Civ. Code Art. 7 (proposed Count 11), and "Payment of a Thing Not Owed" under La. Civ. Code Art. 2299 (Count 12), along with related factual allegations. Plaintiff also seeks leave to add a new plaintiff, Erick G. Adkins (as to Counts 10 through 12 only); and a new class definition which expands the putative class into three classes, one of which bears no relevance to Plaintiff's current or proposed claims. *See* Proposed Fourth Amended Comp. ¶¶ 123-131, Docket Entry No. 173-2.

### III. ARGUMENT

#### A. Plaintiff's Inability to Meet Her Burden Under The Rule 15(a) Standard.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "that generous standard is tempered by the necessary power of [the court] to manage a case." *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 891 (5th Cir. 1987)). In deciding whether to grant Plaintiff's Motion for Leave to Amend, this Court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by the amendments previously allowed, undue prejudice to Jackson Hewitt by virtue of allowance of the amendment, and futility of the amendment. *Id*.

The standard for futility under Rule 15(a) is whether the proposed claims could survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Landavazo v. Toro Co.*, 301 F. App'x. 333, 337 (5th Cir. 2008) (affirming a denial of leave to amend denied because complaint as amended would be unable to survive a motion to dismiss) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007)).  Therefore, when considering whether an amendment would be futile, this Court must "review the proposed amended complaint under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'"  *Id*.

Under that Rule 12(b)(6) standard, while this Court must accept all factual allegations in the proposed Fourth Amended Complaint as true, the Court cannot assume that Plaintiff can prove facts that she has not alleged or that Jackson Hewitt has injured Plaintiff in ways that she has not alleged.  *See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  This Court must hold Plaintiff to her "obligation to provide the grounds of [her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly,* 550 U.S. at 545 (internal quotations omitted); *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949-50 (2009); *see also Samford v. Staples*, 249 F.App'x 1001, 1003 (5th Cir. 2007).  Plaintiff's proposed complaint also must plead enough facts to state a claim to relief that is plausible on its face.  *Twombly*, 550 U.S. at 557.  Thus, Plaintiff's complaint fails to satisfy the Rule 12(b)(6) standard when she fails to "nudge[] [her] claims across the line from conceivable to plausible."  *Id.* at 570; *Ashcroft*, 129 S. Ct. at 1950-51.

As the party seeking leave to amend, Plaintiff bears the burden of establishing that any delay in bringing the amendment was not due to oversight, inadvertence or excusable neglect.  *Parish v. Frazier*, 195 F.3d 761, 763-64 (5th Cir. 1999).  As set forth below, Plaintiff has not met her burden of establishing that she is entitled to amend her complaint for a fifth time, given, among other things, (i) the futility of the proposed amendment due to her failure to state a claim, (ii) her six-month delay and bad faith in asserting these claims, and (iii) the prejudice such an amendment would impose on Jackson Hewitt.

5

**B. As a Matter of Law, Jackson Hewitt is Statutorily Exempt from the Claims Plaintiff Attempts to Assert in Counts 10 through 12, and therefore Amendment would be Futile.**

In Counts 10 through 12, Plaintiff alleges first, that Jackson Hewitt violated La. Rev. Stat. § 51:1915, and second, that because of this alleged statutory violation, she is entitled to rescission (Count 11) and return of a payment of a thing not owed (Count 12). However, because Plaintiff's own allegations establish that, as a matter of law, Jackson Hewitt falls within a statutory exemption, Counts 10 through 12 fail to state a claim and therefore amendment would be futile.

La. Rev. Stat. § 51:1910(1)(b)(viii) provides that:

> [t]his Chapter ***shall not apply*** to … any person whose fee is wholly contingent on the successful procurement of a loan from a third party and to whom no fee is paid prior to such procurement.

*Id.* (emphasis added).

To evade the applicability of this exemption, Plaintiff conclusorily alleges that "fees and sums [were] not wholly contingent on the successful procurement of the loan." *See* Proposed Fourth Amended Comp. ¶ 45 (emphasis omitted). However, Plaintiff's bare assertion is fatally contradicted by other allegations in her proposed complaint, as well as the documents relied upon therein. As those other allegations and documents reflect, Plaintiff paid no fee prior to the procurement of the loan, and any fees associated with Plaintiffs' loans were paid directly from the loan proceeds. *See* Docket Entry 77-23 ("SBBT Money Now Loan Application and Agreement") at 3 ("Disbursement Method: ***If your Money Now Loan is approved***, your loan proceeds minus any applicable loan fees and charges, will be disbursed to you.…") (emphasis added);[4] *see also* Proposed Fourth Amended Comp. ¶ 67 (*quoting* SBBT Money Now Loan Application and Agreement) ("The Bank Fee … ***will be deducted from your total loan amount***

---

[4] Despite repeatedly referencing this document in her Motion and Proposed Fourth Amended Complaint and annexing it to her prior proposed amended complaint, Plaintiffs failed to quote this section of the SBBT Money Now Loan Application and Agreement. *See, e.g.,* Proposed Fourth Amended Comp. at ¶ 67.

6

before the balance of your loan is disbursed to you.") (emphasis added); *id*. ¶ 69 ("Both Plaintiffs signed their respective Agreement and each received a $438 check, with both $550 Pre-File Money Now Loans being due on February 17, 2006.").

Where a document appended to or referenced in a complaint "reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."[5] *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974); *see also Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (holding, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern") (internal citation omitted). In sum, Plaintiff's proposed allegations, on their face, establish the applicability of this statutory exemption as a matter of law, and therefore the amendment of Plaintiff's complaint to include Counts 10 through 12 would be futile, and Plaintiff's motion to amend should be denied.

### C. Plaintiff Has Failed to State A Cause of Action With Respect to Counts 10 through 12.

#### 1. Plaintiff Fails to State a Claim Under the LUTPA Loan Broker Statute (Count 10).

Count 10 of Plaintiff's Proposed Fourth Amended Complaint fails on the independent ground that it fails to state a claim under the LUTPA Loan Broker Statute. According to Plaintiff, Jackson Hewitt is a "loan broker", and therefore was required to be licensed as such.

§ 51:1910 defines a "loan broker" as:

> any person, firm, or corporation who, *in return for any consideration from any person*, promises to: (i) procure for *such person*, or assist such person in procuring a loan from any third party, or (ii) consider whether or not it will make a loan to *such person*."

*See* § 51:1910(1)(a) (emphasis added).

---

[5] While Plaintiff has not attached any exhibits to her proposed pleading, given that she is still citing to such documents (*see, e.g.,* Proposed Fourth Amended Comp. ¶¶ 29, 32, 34, 65 - 68) and that these documents were annexed to her prior Rule 15(a) Motion, Jackson Hewitt presumes the same documents are intended incorporated by reference in this proposed pleading.

In attempting to meet the requirements of this statutory definition, Plaintiff alleges nothing more than the "formulaic recitation of the cause of action" forbidden by *Twombly* – conclusorily alleging that Jackson Hewitt charged a fee for "brokering." *See* Proposed Fourth Amended Comp. ¶ 69 ("Based upon a fee agreement/contract, each of the Defendants charged *and* received a fee/sum from each Plaintiff for brokering her/his Pre-File Money Now Loan."); *Bell Atl. Corp. v. Twombly,* 550 U.S. at 545. No facts are alleged to support that bare assertion. Nor are there allegations that Jackson Hewitt, in exchange for such a fee, agreed either to (i) procure or assist in procuring a loan from any third party for Plaintiff, or (ii) considered whether or not to make a loan to Plaintiff. *See* § 51:1910(1)(a).

To the extent facts are alleged, they pertain only to the putative existence of a contract or the putative payment of a fee related to Plaintiff's transaction with a banking institution, Santa Barbara Bank & Trust ("SBBT"), not Jackson Hewitt.[6] *See* Proposed Fourth Amended Comp. ¶¶ 67 - 68. Further, to the extent documents are referenced, they (and the accompanying factual allegations) relate not to fees Plaintiff allegedly paid to Jackson Hewitt, bur rather to fees that were paid to SBBT, directly out of the loan proceeds. *See id.* ¶ 67; *see also* SBBT Money Now Loan Application and Agreement at 3 ("the Bank Fee … ***will be deducted from your total loan amount*** before the balance of your loan is disbursed to you.").

In sum, at best for Plaintiff, she arguably has alleged sufficient facts to claim that she entered an agreement ***with SBBT*** to procure a loan, obtained the loan ***from SBBT***, and that ***SBBT*** retained fees out of the loan proceeds – none of which speaks to Jackson Hewitt, and none of which appears to be improper based on the authority relied on by Plaintiff. What Plaintiff has failed to do is to allege predicate facts that would state a claim against Jackson Hewitt under the LUTPA Loan Broker Statute. *See Bell Atl. Corp. v. Twombly*, 550 U.S. at 545.

---

[6] Jackson Hewitt reserves all rights to argue that neither Jackson Hewitt Inc. nor Jackson Hewitt Tax Service Inc. were a party to any alleged activities or agreements between customers and its franchisees for the alleged brokering and procurement of loans. Jackson Hewitt further reserves all rights to make any and all arguments regarding the merits of Plaintiff's proposed claims.

In addition, even if Plaintiff had adequately alleged a contract for loan brokering services with Jackson Hewitt, Counts 10 through 12 would fail because Plaintiff does not allege that she notified Jackson Hewitt, or anyone else, of her intent to void such a contract, as required by with § 51:1915(B). ("***upon written notice*** to the broker, the prospective borrower may void the contract") (emphasis added). Plaintiff has not satisfied the condition precedent to any cause of action to void a contract and recover loan brokering fees under § 51:1915(B), and thus fails to state a claim. *See Shoemaker v. Fid. Fin., Inc.*, 464 So.2d 1005, 1007 (La. App. 1985) (dismissing claim under similar loan broker statute because plaintiff failed to comply with statutory prerequisites).[7]

Accordingly, she should be denied leave to amend her complaint to include Count 10.

### 2. Plaintiff Fails to State a Claim for Rescission (Count 11).

In Count 11, Plaintiff bases her claim for rescission on La. Civ. Code Art. 2033, which states, in pertinent part, that "[a]n absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. ***The parties*** must be restored to the situation that existed before the contract was made." *See* La. Civ. Code Art. 2033 (emphasis added). However, Count 11 is futile, because as this Court has previously held, an equitable claim such as rescission is not available where a statute plainly lays out the legal rights a party may have. *See* April 21 Order at 8.

In any event, Plaintiff fails to adequately allege that Jackson Hewitt was a party to a loan brokering agreement, and therefore, there is not loan brokering agreement to rescind. *See* La. Civ. Code. Art. 2033. As established in Section III(C)(1) above, other than asserting bare legal conclusions, Plaintiff does not allege sufficient facts to conclude that a loan brokering agreement existed at all, let alone one that should be declared null and void. The only contract or agreement even arguably pled by Plaintiff is the loan agreement Plaintiff allegedly entered into with SBBT,

---

[7] If Plaintiff fails to state a claim under the LUTPA loan brokering statute in Count 10, then Counts 11 and 12, which are predicated on a claim that Jackson Hewitt violated that statute, also fail to state a claim, and therefore are futile in their entirety.

9

to which Jackson Hewitt is ***not*** a party, and which on its face only reflects "bank fees" ***owed to SBBT***, deducted directly from the proceeds, contingent upon the loan being approved. *See* Proposed Fourth Amended Comp. ¶¶ 67, 69; *see also* SBBT Money Now Loan Application and Agreement at 3-7.[8]

### 3. Plaintiff Fails to State a Claim for Payment of a Thing Not Owed (Count 12).

Likewise, Plaintiff's proposed claim in Count 12 to recover a payment of a thing not owed is also precluded by this Court's April 21 Order, which held "the Court concludes that any equitable action for unjust enrichment is precluded by the availability of the unambiguously-pleaded delictual action" and that the "[a] court may resort to equity only where positive or express law does not apply."

Moreover, a claim to recover payment of a thing not owed is futile because Plaintiff has failed to allege that Jackson Hewitt "received a payment or a thing not owed to [it]." *See* La. Civ. Code art. 2299. As set forth above, Plaintiffs' formulaic recitation that Jackson Hewitt received "certain fees" in connection with loan brokering is belied by their own factual allegations and the documents on which they rely, which pertain to a putative contract with SBBT, not Jackson Hewitt. *See* Section III(C)(1), above. Accordingly, amendment to include Count 12 should be denied.[9]

---

[8] The cases relied on by Plaintiff are irrelevant to the issue of whether Plaintiff's proposed rescission claim is futile. All such cases involve an attempt to rescind a contract which, unlike here, the defendant was a party a contract that was alleged to be illegal. *See Touro Infirmary, Prepared Continuum Care-New Orleans, LP v. Travelers Prop. Cas. Co. of America*, No. 06-3535, 2007 WL 496858 (E.D. La. Feb. 13, 2007) (contract between plaintiff and defendant was found to be null upon finding that defendant was acting as a contractor without the requisite license to do so); *Tradewinds Environmental Restoration, Inc. v St. Tammany Park, LLC*, No. 08-30729, ___F.3d___, 2009 WL 2371427 (5th Cir. Aug. 4, 2009) (rescission of contract between plaintiff and defendant depended upon finding that defendant lacked requisite license). As noted above, even accepting Plaintiff's factual allegations, Jackson Hewitt would be exempt from the requirements of the LUTPA Loan Broker Statute.

[9] The cases relied on by Plaintiff are irrelevant to the issue of whether Plaintiff's proposed Count 12 (Payment of a Thing Not Owed) is futile. All such cases involve an attempt to recover a payment made in connection with a contract to which the defendant was a party and that was adequately alleged to be unlawful. *See, e.g., Julien v. Wayne*, 415 So.2d 540 (La. App. 1982) (action for recoupment of payment not owed was brought against party to whom payment was made); *United Gas Pipe Line v. Socony Mobil Co.*, 220 F. Supp. 685 (W.D. La. 1963) (wherein

### D. Plaintiff Is Not Entitled To Class-Wide Relief Under LUTPA

Plaintiff also proposes a new putative class, Class C, for her proposed § 51:1915 claims. This proposed amendment of the class definition must be rejected. As a preliminary matter, § 51:1915 can only be brought on an individual, not class-wide, basis. *See* § 51:1915(A) ("Violation of any of the provisions of this Chapter shall constitute an unfair practice under § 51:1405(A)") (referencing § 51:1405(A), which states "[u]nfair methods of competition and unfair or deceptive acts … are hereby declared unlawful."). Section 51:1409 specifically states: "a person who suffers any ascertainable loss of money or movable property… as a result of … [a] practice declared unlawful by § 51:1405, ***may bring an action individually* <u>but not</u>** in a ***representative capacity*** to recover ***actual damages***." (emphasis added). Therefore, as the statute provides, Plaintiff's proposed claim under the LUTPA Loan Broker Statute (Count 10) is barred from class treatment, thus making the inclusion of proposed Class C futile.

### E. Plaintiff Cannot Expand Her Declaratory Judgment and Injunctive Relief Claims Because Such Relief Under LUTPA Is Reserved for the State Attorney General.

Plaintiff's proposed amendments of Counts 7 and 8 (Declaratory Judgment and Injunction) are futile because Plaintiff's sole right to a private cause of action under La. Rev. Stat. § 51:1909(A) is limited to recovery of ***actual damages*** and does not entitle her to any relief for declaratory judgment or injunctive relief. Under LUTPA, the state alone is entitled to injunctive relief. *Family Res. Group, Inc. v. La. Parent Magazine,* 818 So.2d 28, 33-34, (La. App. 2001) (affirming trial court holding that individual plaintiff had no cause of action to seek injunctive relief because the "clear wording of LSA-R.S. 51:1407 imbues the State through the Attorney General with the authority to seek injunctive relief").[10] The Louisiana legislature has

---

plaintiff gas company sought to rescind contract with defendant gas supplier based on alleged violation of Natural Gas Act and Federal Power Commission order).

[10] While the Louisiana Supreme Court does not appear to have ruled on this issue, *Family Resource Group* represents the majority view of the state circuit courts. *See, e.g., Michaelson v.*

specifically vested the power to seek injunctive relief only in the state Attorney General and therefore Plaintiff is not entitled to seek such relief on either an individual or class-wide basis. Plaintiff's proposed expansion of the existing claims for injunctive relief based on her proposed claims under § 51:1910, *et. seq.* is futile and therefore, leave should be denied. Similarly, LUTPA grants private citizens only the right to pursue "actual damages" and therefore Plaintiff cannot seek declaratory relief under the statute. *See* La. Rev. Stat. § 51:1909(A).

### F. Plaintiff Has Failed to Establish that She is Entitled to Amend Under Rule 15(a).

Plaintiff's motion for leave to amend her complaint for the fifth time should be denied, as she has failed to meet her burden of establishing that the amendment does not arise from, among other things, Plaintiff's undue delay, bad faith, and dilatory motive. *See Parish v. Frazier*, 195 F.3d 761, 763 - 64 (5th Cir. 1999) (affirming a denial of leave to amend under Rule 15(a) where the delay could have been avoided by due diligence, and holding that "Plaintiff bears the burden of showing that delay was due to oversight, inadvertence, or excusable neglect.") *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139-40 (5th Cir. 1993) (affirming a denial of a motion to amend under Rule 15(a) on the grounds of bad faith and dilatory intent where plaintiffs were aware of facts before filing original complaint).

Contrary to Plaintiff's inference, the August 31, 2009 deadline set by District Judge Vance does not somehow relieve Plaintiff of her burden to satisfy Rule 15(a). *See* Memo. in Support of Motion at 17-18, Docket Entry No. 173-5. Rather, any amendment *after* the deadline would need to satisfy the additional requirements of Rule 16. Plaintiff has not even attempted to meet her burden of explaining why these proposed claims were not included in any of the *four* prior versions of her complaint. This failure alone compels a denial of her request for leave to

---

*Motwani*, 372 So.2d 726, 728 (La. App. 4th Cir. 1979) (finding that § 51:1409 reserves to private individuals the right to sue for damages but the state alone is entitled to sue for injunctive relief); *Monroe Medical Clinic, Inc. v. Hospital Corp. of America*, 522 So.2d 1362, 1365 (La. App. 2 Cir. 1988) (holding plaintiffs not entitled to injunctive relief under § 51:1407) *State ex rel. Guste v. Fedders Corp.*, 524 F. Supp. 552, 555 (M.D. La. 1981) (holds only state can seek injunctive relief); *but see Oreck Corp. v. Bissell, Inc.*, 1999 WL 163389, *2 (E.D.La. Mar 22, 1999).

amend. *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 292 (5th Cir. 2006) (affirming a denial of leave to file a **Third** Amended Complaint, stating that, under Rule 15(a), "*Plaintiffs never provided the requisite specificity* for leave to file a fourth complaint") (emphasis in original).

In addition, Plaintiff's repeated and unsuccessful motions practice and piecemeal litigation strategy, including her numerous attempts to both formally and informally amend her complaint, are needlessly wasting this Court's resources, and prejudicing Jackson Hewitt.[11] *See Ordemann v. Unidentified Party*, No. Civ 06-4796, 2008 WL 695253, at *3 (E.D. La. Mar. 12, 2008) (denying a plaintiff leave to amend, based in part on a finding that defendant would be prejudiced by allowing the filing of a *third* amended complaint because it would require the defendant to file yet another motion to dismiss). Similarly, Jackson Hewitt would be greatly prejudiced if Plaintiff was allowed to amend her complaint to add these claims, which would result in Jackson Hewitt being forced to file its *fourth* motion to dismiss.

Moreover, Plaintiff attempts to introduce "backdoor" amendments to her complaint by expanding the putative class definition (Class A) ("all Louisiana residents to whom Defendants provided a copy of their 'Privacy Policy' and to whom Defendants provided tax preparation services during the 10-year period prior to the filing of the Complaint") far beyond the scope of the complaint, and in a manner that bears no relation to proposed new Counts 10 through 12. While Jackson Hewitt reserves its rights to contest the merits of such a class definition, Plaintiff fails to meet her burden of establishing entitlement to amend her complaint to include this new Class A, and therefore her motion to amend should be denied.

---

[11] Jackson Hewitt reserves all right to seek costs, sanctions, or other relief based upon the prejudice and costs it had incurred due to Plaintiff's dilatory conduct.

13

## IV. CONCLUSION

For the reasons set forth above, Defendants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. request that this Court deny Plaintiff's Motion for Leave to File a Fourth Amended Complaint.

Dated: September 1, 2009

Respectfully submitted,

 */s/ **Veronica D. Jackson**_____
Donna L. Wilson (Admitted *pro hac vice*)
Andrew S. Wein (Admitted *pro hac vice*)
Veronica D. Jackson (Admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC  20007
Telephone:  (202) 342-8400

AND

KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P.
Glenn M. Farnet (#20185)
Gina D. Banks (#27440)
One American Place, 18th Floor
Post Office Box 3513
Baton Rouge, Louisiana 70825
Telephone:  (225) 387-0999

Attorneys for Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 1st day of September, 2009, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the Court's electronic filing system to counsel of record for Plaintiffs and Crescent City Tax Service, Inc.

__*/s/ Veronica D. Jackson*__