UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated, | ) ) ) | Civil Action No. 08-03535 |
| | ) | Sec. R |
| Plaintiffs, | ) ) | JUDGE SARAH S. VANCE |
| v. | ) ) | Mag. 3 |
| JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE, | ) ) ) ) ) ) | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| Defendants. | ) ) ) | |

## MEMORANDUM IN RESPONSE TO THIRD-PARTY MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH

Plaintiff, Vicki L. Pinero, submits this memorandum in response to the Motion for Protective Order and Motion to Quash filed by a third-party subpoena recipient, Ace Cash Express, Inc. ("ACE"). Plaintiff respectfully shows:

1.     On July 28, 2009, Plaintiff served a subpoena on ACE, requesting production of certain documents by August 28, 2009. *See* Docket No. 182-3.

2.     Prior to the deadline to respond to the subpoena, ACE did *not* serve any

1

written objection on Plaintiff, as required by Fed. R. Civ. P. 45(c)(2)(B). Instead, ACE rushed to Court and filed a Motion for Protective Order and Motion to Quash. *See* Docket No. 182. Such action was taken after communication with counsel for defendants Jackson Hewitt Tax Service Inc. ("JHTSI") and Jackson Hewitt Inc. ("JHI").

3. In its memorandum in support of motion for expedited consideration, ACE represents "[a]ll parties receiving subpoenas duces tecum filed motions to quash, motions for protective orders, and/or objections to the requests." Docket No. 183-2, at p. 1. ***This is false***. Of the 11 third-parties Plaintiff issued a subpoena, ACE is the ***only*** third-party that filed a motion. In fact, the Wal-Mart entities, which received 3 of the 11 subpoenas, produced requested documents.[1]

4. Specifically, ACE objects because:

> ACE has not been served with a copy of the petition in this matter, and, accordingly, cannot opine on the relevance of the documents requested. However, the documents requested *likely* consist of hundreds of separate agreements, each of which, *upon information and belief*, is *likely* protected by a confidentiality agreement. In addition, the documents requested would, *upon information and belief*, *likely* reveal trade secrets and other confidential and proprietary business information of ACE. On information and belief, no confidentiality order has been entered in this matter. Further, the discovery sought can be obtained through discovery requests to JHI and/or JHTSI, which are parties to the above-described action.

Docket No. 182-2, at p. 2 (emphasis added). As the italicized words indicate, ACE is guessing about the burdensomeness of gathering the requested documents and the content of such documents. Such "guessing" and conclusory statements do *not* constitute "good

---

[1] Plaintiff served subpoenas on the following entities: Republic Bank & Trust Company; Meta Financial Group, Inc.; Pacific Capital Bank, N.A.; HSBC Finance Corporation; Wal-Mart Stores East, LP; Wal-Mart Louisiana, LLC; Wal-Mart Stores Arkansas, LLC; Rent-a-Center East, Inc.; ACE Cash Express, Inc.; New Benefits, Ltd.; and, General Fidelity Insurance Company.

cause" under Fed. R. Civ. P. 26(c)(1), or Fed. R. Civ. P. 45, to quash a subpoena.[2]

Contrary to Fed. R. Civ. P. 45(d)(2), ACE's motion does *not* provide sufficient

information for Plaintiff or the Court to assess ACE's contention that the requested

documents contain trade secrets, nor could it because ACE has not even reviewed the

requested documents and is just "guessing" about the contents.

5.      Nevertheless, for now, Plaintiff will withdraw her first and second

document requests asking that ACE produce all agreements with JHI and/or JHTSI,

***provided*** JHI/JHTSI produce the agreements.[3]  Plaintiff, however, still expects ACE to

comply with her third document request asking ACE to produce all other documents

explaining, describing, or summarizing the agreements entered with JHI and/or JHTSI.[4]

---

[2] *See In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) ("Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.") (internal quotation marks omitted).

[3] These requests provide:

> Produce and permit inspection of all documents, including but not limited to all proposals, contracts, agreements, letters of understanding, correspondence and press-releases, establishing, modifying, amending, terminating or pertaining to all contracts, joint ventures, or contractual relationships you entered with JHI and/or JHTSI at any time during May 22, 1998 to the present.

> Produce and permit inspection of all original, amended, supplemented, modified or restated Joint Marketing Agreements, Cross Marketing Agreements, Program Agreements, Technology Agreements and/or Kiosk License Agreements to which JHI and/or JHTSI was a party or signatory that were effective any time during May 22, 1998 to the present.

[4] This request provides:

> Produce and permit inspection of all documents explaining, describing, or summarizing the implementation of any Joint Marketing Agreement, Cross Marketing Agreement, Program Agreement, Technology Agreement and/or Kiosk License Agreement to which JHI and/or JHTSI was a party or signatory that was effective any time during May 22, 1998 to the present.

WHEREFORE, based upon the foregoing reasons, the Court should deny ACE's Motion for Protective Order and Motion to Quash.

Respectfully Submitted,

/s/ Bryan C. Shartle
David Israel (LSBA No. 7174) (T.A.)
Bryan C. Shartle (LSBA No. 27640)
Justin H. Homes (LSBA No. 24460)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3850 N. Causeway Blvd.
Lakeway II, Suite 200
Metairie, Louisiana 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

Attorneys for Plaintiff,
Vicki L. Pinero

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record ✓ by ECF; __ by email; __ by hand; __ by fax; __ by FedEx; __ by placing a copy of same in the U.S. Mail, postage prepaid this 4th day of September 2009.

/s/ Bryan C. Shartle
Bryan C. Shartle