UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | Civil Action No. 08-03535<br><br>Sec. R<br>JUDGE SARAH S. VANCE<br><br>Mag. 3<br>MAGISTRATE JUDGE DANIEL E. KNOWLES, III |

## **MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL DEPOSITION, OR ALTERNATIVELY STAY DISCOVERY**

Plaintiff, Vicki L. Pinero, submits this memorandum in opposition to the Motion to Compel Deposition, or Alternatively Stay Discovery filed by defendants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (jointly referred to as "Defendants"). Plaintiff respectfully shows:

1.  On September 9, 2009, Defendants filed their compel motion. *See* Docket No. 192. Defendants' motion is set for hearing on September 23, 2009. *See* Docket No.

1

194.

2. It is unfortunate that the Court has been unnecessarily burdened with Defendants' motion. Contrary to opposing counsel's representations, undersigned counsel has never refused to produce Plaintiff for a deposition. Nor has undersigned counsel demanded that opposing counsel wait until Plaintiff's leave motion is decided before deposing Plaintiff, although undersigned counsel has suggested that waiting would be more efficient. Truthfully here is what happened:

3. Defendants unilaterally set Plaintiff's deposition for September 9, 2009, at 10:00 A.M. *The deposition was set an hour before the hearing on Plaintiff's Motion for Leave to File Fourth Amended Class Action Complaint on September 9, 2009. The deposition was set outside this judicial district in Baton Rouge, LA.*

4. On September 2, 2009, Andrew S. Wein, Defendants' counsel, sent an email to undersigned counsel, stating "can I confirm the deposition of your client for September 9?" Exhibit A, Wein 09/02/09 Email. In response to the email, undersigned counsel contacted Veronica D. Jackson, another one of Defendants' lawyers. Undersigned counsel explained to Ms. Jackson that he presumed the deposition date was an error because all counsel would be in attendance at the September 9 hearing, to which Ms. Jackson stated that her firm has many other lawyers that can attend and take the deposition.

5. On September 2, 2009, after the discussion with Ms. Jackson, undersigned counsel issued the following email to Mr. Wein:

Andrew:

> Thanks for the initial disclosures.
>
> As for the deposition, do you really want to move forward with the deposition before the motion for leave is resolved? If we produce her on September 9, 2009, we will not produce her again later. Also, as you know, we will be in Court at the same time you set plaintiff's deposition. I suggest you reissue the notice for another mutually convenient date. Please advise whether you are unwilling to move the deposition.

Exhibit B, Shartle 09/02/09 Email.

6. On September 3, 2009, Mr. Wein responded to undersigned counsel's email as follows:

> Bryan –
>
> Since there is way of knowing how long it may take Magistrate Knowles to rule on your latest Motion to Amend, and given that you appear likely to appeal that ruling if you were to lose, we are not willing to postpone the deposition until that motion is resolved. However, we willing to postpone the the following day, September 10, 2009, so as to avoid any scheduling conflicts.
>
> Finally, we are not obligated to depose your client on topics which are not properly at issue in this case, and in connection with she was previously denied leave to amend to include in her Complaint. Accordingly, we will reserve all rights to request a further deposition of your client if and when she amends her Complaint.
>
> Please let me know whether you will be making your client available for a deposition on September 10, 2009.

Exhibit C, Wein 09/03/09 Email.

7. On September 4, 2009, undersigned counsel responded to Mr. Wein's email, explaining "[w]e are not available for September 10." Exhibit D, Shartle 09/04/09 Email. In return, Mr. Wein asked: "Just to be clear, are you refusing to produce your client pending resolution of your Motion for Leave to Amend?" Exhibit E, Wein

3

09/04/09 Email. Undersigned counsel answered by stating: "No, I didn't say that. I said we are not available on September 10. I am suggesting that you wait until after the hearing on September 9 to discuss these issues." Exhibit F, Shartle 09/04/09 Email.

8. Following these unnecessary email exchanges, co-plaintiff counsel, David Israel, appropriately asked Mr. Wein: "Andrew- why all of the drama about scheduling a dep?" Exhibit G, Israel 09/04/09 Email. With great hypocrisy, Mr. Wein responded, stating: "This is not about drama, its about courtesy." Exhibit H, Wein 09/04/09 Email. Mr. Wein then proposed 2 additional dates (not "numerous alternative dates" as alleged in Defendants' motion) for Plaintiff's deposition. *See* Exhibit I, Wein 09/04/09 Email. Undersigned counsel responded, stating: "Let me check with my client on these dates and get back with you." Exhibit J, Shartle 09/04/09 Email. *Not surprisingly, Defendants did not attach any of these emails to their motion, nor did they mention this exchange in their motion*.

9. In his L.R. 37.1 Certificate, Mr. Wein represents: "Mr. Shartle informed me [on September 9, 2009] that he . . . did not intend to make [Plaintiff] available for her deposition prior to getting written discovery from Jackson Hewitt." Docket No. 192-3, at ¶ 7. This representation is absolutely false. Truthfully, undersigned counsel told Mr. Wein that it was ironic Defendants were demanding Plaintiff's deposition be taken immediately, but were unwilling to answer any of Plaintiff's discovery.

10. Undersigned counsel continues to believe it is most appropriate to take Plaintiff's deposition *after* Judge Knowles rules on Plaintiff's pending leave motion, so as to avoid the possibility of 2 depositions. Opposing counsel has indicated that he will

4

depose Plaintiff twice if Plaintiff's leave motion is granted.  Nevertheless, undersigned counsel is not refusing to produce Plaintiff for a deposition at an earlier date.

WHEREFORE, based upon the foregoing reasons, the Court should deny Defendants' Motion to Compel Deposition, or Alternatively Stay Discovery.

Respectfully Submitted,

/s/ Bryan C. Shartle
David Israel (LSBA No. 7174) (T.A.)
Bryan C. Shartle (LSBA No. 27640)
Justin H. Homes (LSBA No. 24460)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3850 N. Causeway Blvd.
Lakeway II, Suite 200
Metairie, Louisiana  70002
Telephone:  (504) 828-3700
Facsimile:  (504) 828-3737

Attorneys for Plaintiff,
Vicki L. Pinero

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record ✓ by ECF; __ by email; __ by hand; __ by fax; __ by FedEx; __ by placing a copy of same in the U.S. Mail, postage prepaid this 10th day of September 2009.

/s/ Bryan C. Shartle
Bryan C. Shartle

N:\1-DI-Non-Collector-Misconduct\Pinero, Vicki-Class Action\Pleadings\LA Lawsuit\Opposition To Quash Motion\Memo. in Opp. Depo. Compel.09.10.09.doc

5