UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated, ) ) | Civil Action No. 08-03535 |
| ) | Sec. R |
| Plaintiffs, ) | JUDGE SARAH S. VANCE |
| ) | |
| v. ) | Mag. 3 |
| ) | MAGISTRATE JUDGE DANIEL E. KNOWLES, III |
| JACKSON HEWITT TAX SERVICE ) INC.; JACKSON HEWITT INC.; and, ) CRESCENT CITY TAX SERVICE, ) INC. d/b/a JACKSON HEWITT TAX ) SERVICE, ) ) | |
| Defendants. ) | |

## **MEMORANDUM IN OPPOSITION TO MOTION FOR CONFIDENTIALITY ORDER**

Plaintiff, Vicki L. Pinero, submits this memorandum in opposition to the Motion for Confidentiality Order filed by defendants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (jointly referred to as "Defendants").

Co-defendant Crescent City Tax Service, Inc. d/b/a Jackson Hewitt Tax Service ("CCTSI") did ***not*** join in Defendants' motion, so presumably CCTSI is ***not*** demanding a confidentiality order be entered in this case.

1

## I. INTRODUCTION

The Court should deny Defendants' Motion for Confidentiality Order. Defendants' proposed order improperly: (a) grants Defendants the right to designate material and documents Plaintiff has received from third-parties or other sources "confidential"; (b) restricts Plaintiff and undersigned counsel's ability to use certain documents and information derived therefrom to prosecute Plaintiff's case; (c) restricts undersigned counsel's ability to communicate with class members; and, (d) places the burden on Plaintiff to challenge an improper "confidential" designation by Defendants.

Notwithstanding Defendants' overreaching, Plaintiff remains willing to enter into a reasonable confidentiality order. Plaintiff will consent to entry of the confidentiality order attached hereto, which is modeled on the order Judge Knowles entered in *Urband & Lazar Music Publishing, Inc. v. Dwayne A. Carter p/k/a Lil' Wayne*, Case No. 08-03566.

## II. FACTS AND PROCEDURAL HISTORY

On September 1, 2009, Defendants filed their Motion for Confidentiality Order. *See* Docket No. 179. Defendants' motion is set for hearing on September 23, 2009. *See* Docket No. 181.

In his Fed. R. Civ. P. 26(c) certificate, opposing counsel correctly notes undersigned counsel cooperated with him in attempting to draft a reasonable confidentiality order. *See* Docket No. 179-4. Opposing counsel's statement that undersigned counsel "wrote back to me via email on September 1, 2009, indicating that he would no longer work to resolve this issue cooperatively," however, is absolutely

2

false. *Id.* at p. 2, ¶ 3. Here is what undersigned counsel stated in his email:

> Andrew:
>
> We have attempted to cooperate with you in drafting a reasonable confidentiality agreement. It is apparent that you intend on improperly designating all documents confidential. By doing so, you intend on placing improper limitations on plaintiff's ability to prosecute her case. We will not assist you in this endeavor. Simply put, we will *not* agree to a blanket confidentiality agreement that grants you or your clients carte blanche to designate any document or material confidential, particularly considering this matter is a class action.
>
> You misunderstand the scope of protection due the relevant and requested documents. Not all of the documents we seek are privileged, confidential, or proprietary. Indeed, many of the requested documents are public documents, as they have been filed along with certain corporate filings. Yet you refuse to produce the documents, absent a confidentiality agreement.
>
> To the extent any of the requested documents are privileged, you have waived the privilege by failing to produce a privilege log. I have repeatedly asked that you produce such a log.
>
> To the extent any of the requested documents contain "trade secrets," we will agree to a reasonable confidentiality agreement. But you have not explained what "trade secrets" may be included in the documents.
>
> To the extent any of the requested documents are "proprietary," we will agree to limit use of such documents, unless such documents are essential to our case. But we will not limit our use of information contained in the documents—it is only the document, *not* the information, that is due protection.
>
> Finally, your suggestion that we are not interested in respecting the privacy of our clients' confidential information is incorrect and unnecessary. Such statements do not help settlement discussions.

Exhibit A, Shartle 09/01/09 Email.

Further, the proposed order Defendants request the Court enter is actually *different* from the last draft order submitted to undersigned counsel. Some, but certainly not all, of

the objectionable provisions have been revised.

### III. LAW AND ARGUMENT

Fed. R. Civ. P. 26(c)(1) provides, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" As Judge Knowles recently ruled, "[t]he burden is upon the party seeking non-disclosure or a protective order to show good cause." *David v. Signal Intern., LLC*, 257 F.R.D. 114, 121-122 (E.D. La. 2009). "Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks omitted); *see also Dyson Inc. v. Oreck Corp.*, 2009 WL 2448006, *2 (E.D. La. 2009).

As Judge Knowles has correctly noted, there are essentially 3 types of protective orders, although the terminology is not uniform throughout the case law. *See Blanchard and Co., Inc. v. Barrick Gold Corp.*, 2004 WL 737485, *5-6 (E.D. La. 2004). The narrowest is a protective order covering specific, identified materials or documents. *Id.* at 5. With a narrow protective order, the court usually reviews the proposed protected material or document, so it is clear that "good cause" exists for the protective order. *Id.* At the other extreme is an "umbrella" protective order that designates all discovery as

protected, without any review or determination of "good cause" by parties or the court. *Id.* "Umbrella" protective orders are disfavored and rarely used. *Id.*

Between the two extremes is a "blanket" protective order that permits the parties to protect documents they believe in good faith contain trade secrets and other confidential commercial information. *Id.* at 6. Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation, especially in cases between direct competitors. *Id.*; *see also Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 465 (S.D. N.Y. 1995).

## A. The Court Should Reject Defendants' Proposed Confidentiality Order And Enter Plaintiff's Proposed Order

As discussed below, Plaintiff is willing to enter into a confidentiality order. The order, however, needs to be reasonable and properly tailored to protect *truly confidential documents* to be produced *by a party*. Considering this case has received a great deal of publicity and is a matter of public concern, it is particularly important that the scope of any confidentiality order be properly limited.[1]

Despite Defendants' protestations to the contrary, what Defendants truly seek is a disguised "umbrella" protective order, **_not_** the common "blanket" protective order.

---

[1] This case relates to an incident involving the improper disposal of Plaintiff and at least over 100 other individual's original and signed 2005 federal and state tax returns and other confidential documents. *See* Docket No. 119, at ¶ 31. The documents were found by Wilhemina Walker. *Id.* at ¶ 32. After discovering the documents, Ms. Walker contacted WDSU, Channel 6, which contacted Plaintiff and others to advise of the discovery and return their documents. *Id.* at ¶¶ 34-35. In May 2008, Richard Angelico (of WDSU 6 on Your Side) aired a report on the incident. *Id.* at ¶ 35. Following the report, CCTSI filed a police report alleging Mary L. Hall, CCTSI's Director of Compliance and in a "position of authority with access," threw the documents in the dumpster. *Id.* at ¶ 36. Since the May 2008 report, Channel 6 has aired at least 2 follow-up reports regarding the incident.

Indeed, it is apparent Defendants intend to designate all documents they produce as "confidential," regardless of whether the documents contain any "confidential" information. For example, absent entry of their proposed, overbroad confidentiality order, Defendants refuse to produce their insurance policies, third-party agreements filed in the public record, and even their "document retention policies."[2] Such documents can*not* be considered "confidential" and deserving of special protection.[3] As Judge Knowles has ruled, "the objective should be to protect only material for which there is a clear and significant need for confidentiality." *Blanchard*, 2004 WL 737485 at *6 (*citing* Manual for Complex Litigation (Third), at p. 69 § 21.432). Further, a confidentiality order should *not* rob "public documents of their public character." *Id.*

The Court should reject Defendants' proposed confidentiality order for at least 4 reasons. **<u>First</u>**, Defendants seek to make documents Plaintiff has already received and may receive in the future from *third-parties or other sources* "confidential" and thereby restrict Plaintiff's ability to use such documents. Defendants' proposed order states: "Parties may designate material obtained from non-Parties by identifying the documents, materials, or information produced and informing all other Parties that the documents, materials, or information be treated as Confidential Material."[4] Further, Defendants' proposed order transforms all materials Plaintiff has "obtained from the Jefferson Parish

---

[2] *See* Exhibit B, JH Comb. Resp. to Pl. Disc.
[3] Defendants argue "any documents relating to business relationships with third-parties . . . are the types of trade secret or commercial information traditionally protected by Rule 26(c)(1)(G)." Docket No. 179-3, at p. 2. This is *not* true. Indeed, many of Defendants' documents relating to business relationships with third-parties, including Defendants' Program Agreements and Technology Agreements with third-parties, are in the public record and are *not* subject to protection under Rule 26(c)(1)(G).
[4] *See* Docket No. 175-5, at ¶ 1.

6

Sheriff's Office" and "any documents [Plaintiff has] received in response to subpoenas" into "confidential" documents.[5] Defendants' attempt to restrict Plaintiff's use of documents Plaintiff has received or may receive *from sources other than Defendants* is simply improper. While Plaintiff and undersigned counsel will certainly act with due care in handling sensitive documents, Defendants have no right to cloak third-party source documents in secrecy and thereby restrict Plaintiff's use of such documents.

***Second***, Defendants are improperly attempting to restrict Plaintiff and undersigned counsel's ability to use documents and certain information derived therefrom to prosecute Plaintiff's case.[6] For example, Defendants' proposed order creates cumbersome obligations regarding filing "confidential" documents and motions under seal and clearing the courtroom before using or referring to any "confidential" document.[7] As the Court is well aware, Rule 26(c) does ***not*** purport to "control disclosure of material introduced as evidence in support of a motion." *Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1310 (7th Cir. 1984). Further, to the extent Plaintiff uses any "confidential" document to prove liability, or the Court relies upon any such document in rendering its decision, the document must be part of the record. *See Matter of Krynicki*, 983 F.2d 74, 75 (7th Cir. 1992) ("Information that is used at trial or otherwise becomes the basis of decision enters the public record.").

***Third***, Defendants are improperly attempting to restrict undersigned counsel's ability to communicate with class members. Defendants' proposed "confidentiality

---

[5] *See* Docket No. 179-5, at ¶ 10.
[6] *See* Docket No. 179-5.
[7] *See* Docket No. 179-5, at ¶¶ 5-6.

7

order" attempts to "sneak-in" the following limitation: "Plaintiff or Plaintiff's counsel shall not contact customers of Crescent City Tax Service, Inc., Jackson Hewitt Tax Service Inc., or Jackson Hewitt Inc., or other individuals identified on the Jefferson Parish Materials, absent prior written notice to all Parties."[8] Defendants' limitation is an apparent attempt to circumvent L.R. 23.1(D)(2), which prohibits such restrictions absent "a clear record (and when necessary, an evidentiary hearing) reflecting . . . specific findings regarding the abuse the court seeks to prevent[.]" Defendants' proposed limitation is also contrary to settled law regarding putative class counsel's right to communicate with class members. *See* Manual for Complex Litigation (Fourth), at § 21.12 ("Most judges are reluctant to restrict communications between the parties or their counsel and potential class members, except when necessary to prevent serious misconduct."). Similarly, any restriction on the right of undersigned counsel to provide a copy of a class member's return to the class member is improper.

***Fourth***, Defendants are attempting to shift the burden to *Plaintiff* to challenge an improper "confidential" designation. Under Defendants' proposed order, if a party receiving a document disagrees with the producing party's designation of the document as "confidential," and the parties are unable to resolve the dispute, the *receiving/challenging party* "will then have 20 business days . . . to submit the challenged materials to the Court, under seal, along with a motion seeking to adjudicate the confidentiality of the materials at issue."[9] Considering nearly all of the documents in this

---

[8] *See* Docket No. 179-5, at ¶ 10.
[9] *See* Docket No. 179-5, at ¶ 14.

case will be produced by Defendants, the proposed order creates an unfair advantage for Defendants and the possibility of harm to Plaintiff. To ensure the confidentiality order is not used as a tool to increase the costs of litigation for any party, the order should place the burden on the *party designating the document* as "confidential" to submit the challenged document to the Court to adjudicate the confidentiality of the document.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Confidentiality Order. The Court should instead enter the attached confidentiality order, which is modeled on the order Judge Knowles entered in *Urband & Lazar Music Publishing, Inc. v. Dwayne A. Carter p/k/a Lil' Wayne*, Case No. 08-03566.

Respectfully Submitted,

/s/ Bryan C. Shartle
David Israel (LSBA No. 7174) (T.A.)
Bryan C. Shartle (LSBA No. 27640)
Justin H. Homes (LSBA No. 24460)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3850 N. Causeway Blvd.
Lakeway II, Suite 200
Metairie, Louisiana 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737

Attorneys for Plaintiff,
Vicki L. Pinero

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record ✓ by ECF; __ by email; __ by hand; __ by fax; __ by FedEx; __ by placing a copy of same in the U.S. Mail, postage prepaid this 11th day of September 2009.

/s/ Bryan C. Shartle
Bryan C. Shartle

N:\1-DI-Non-Collector-Misconduct\Pinero, Vicki-Class Action\Pleadings\LA Lawsuit\Opposition To Quash Motion\Opp. to Conf. Order\Memo. in Opp. Conf. Order.09.11.09.doc