# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VICKI L. PINERO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JACKSON HEWITT TAX SERVICE INC.; JACKSON HEWITT INC.; and, CRESCENT CITY TAX SERVICE, INC. d/b/a JACKSON HEWITT TAX SERVICE,<br><br>Defendants. | **CASE NO.:** 08-3535<br><br>**SECTION R**<br><br>**JUDGE**<br>**SARAH VANCE**<br><br>**MAGISTRATE JUDGE**<br>**DANIEL E. KNOWLES** |

### JACKSON HEWITT TAX SERVICE INC.'S AND JACKSON HEWITT INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants Jackson Hewitt Tax Service Inc. and Jackson Hewitt Inc. (collectively referred to herein as "Jackson Hewitt"), through their undersigned counsel, submit this memorandum in opposition to Plaintiff Vicki L. Pinero's Motion to Compel against Jackson Hewitt.

Once again, Plaintiff has filed a premature and redundant Motion to Compel ("Motion") that imposes unnecessary burdens on the parties and this Court.[1] The discovery that is subject to Plaintiff's Motion is already the subject of one or more motions already pending before this Court, including:

---

[1] Plaintiff's prior Motion to Compel was denied by this Court as moot. *See* Docket Entry No. 165.

1) Jackson Hewitt's pending Motion for a Protective Order, which seeks to preclude certain of Plaintiff's discovery demands and which was argued before this Court on September 9, 2009;[2] and

2) Jackson Hewitt's pending Motion for a Confidentiality Order, which seeks to establish procedures under which documents can be produced with confidentiality safeguards in place, and which is scheduled for hearing on September 23, 2009.[3]

As the resolution of those motions will resolve the same issues raised by Plaintiff's instant Motion, it is accordingly premature, unnecessary and a waste of the Court's and the parties' resources.[4]

Plaintiff also sets forth the bald assertion[5] that "Defendants' objections and claims of privilege/confidentiality are theoretical and premature, as Defendants have ***not*** yet identified the existence of responsive documents." *See* Plaintiff's Memorandum in Support of Motion at 13, Docket Entry No. 189-4 (emphasis in original); *see also id.* at 9

---

[2] Specifically, Plaintiff's Interrogatory demanding that Jackson Hewitt "identify the person(s) most knowledgeable about [its] marketing practices, policies, procedures, strategies, and goals," as well as the two accompanying Requests for Production of Documents directed at the same irrelevant subject matter, are already the subject of Jackson Hewitt's Motion for a Protective Order, as they are not reasonably calculated to lead to admissible evidence which would be relevant to any claim in this case. *See* Jackson Hewitt's Memorandum in Support of Motion for a Protective Order, Docket Entry No. 172-18.

[3] Jackson Hewitt offered to produce documents in response to various discovery requests by Plaintiff, but that production involves materials that Jackson Hewitt believes are entitled to confidential treatment as confidential business information. *See* Jackson Hewitt's Memorandum in Support of Motion for a Confidentiality Order at 2-3, Docket Entry No. 179-3.

[4] Indeed, from the text of Plaintiff's Rule 37 certificate, it appears that Plaintiff made no effort to contact counsel for Jackson Hewitt prior to filing this Motion, but instead simply concluded that no resolution was possible based on prior conversations and prior court filings.

[5] Jackson Hewitt reserves all rights to seek redress from the Court, including but not limited to sanctions, for Plaintiff's unsupported allegations regarding what steps Jackson Hewitt has made to identify documents in discovery, as well as for the unnecessary burden created by this premature and redundant motion.

("Defendants have not even undertaken the preliminary task of identifying any of the related documents in order to answer Plaintiff's basic questions.") To the contrary, Jackson Hewitt has already identified certain documents that it is prepared to make available to Plaintiff in response to the discovery demands, once a confidentiality order is in place. If Plaintiff had simply agreed to a reasonable confidentiality order, she would already have documents in her possession.[6]

Finally, and contrary to Plaintiff's assertion, Jackson Hewitt is not currently withholding discoverable documents on the basis of a privilege objection. Rather, Jackson Hewitt properly objected to certain requests to the extent that they sought to elicit attorney thought processes and work product, but offered to produce documents responsive to the request following the entry of a protective order, as permitted by Rule 33(d). *See* Jackson Hewitt's Response to Plaintiff's First Set of Interrogatories, annexed to Plaintiff's Motion as Exhibit D (wherein Jackson Hewitt responds that it is prepared to make available relevant, non-privileged documents, if any, in its possession, custody or control, sufficient to reflect the "policies, procedures, and protocols" relevant to Plaintiff's claim.); *see also* Fed. R. Civ. P. 33(d). Again, it is only Plaintiff's refusal to negotiate a meaningful confidentiality order that has prevented Plaintiff from obtaining

---

[6] Jackson Hewitt notes that Plaintiff has filed an opposition to its request for a Confidentiality Order. While Jackson Hewitt intends to fully address that opposition in a short reply brief, it notes that Plaintiff appears to object to providing any notice to Jackson Hewitt before it would use confidential material in open court, notifying Jackson Hewitt before producing confidential material pursuant to a subpoena, or several other reasonable protections requested in Jackson Hewitt's proposed order.

these documents.[7] Indeed, it was *Jackson Hewitt, not Plaintiff*, that brought this issue to the Court's attention in an effort to move the discovery process forward.

WHEREFORE, Jackson Hewitt respectfully requests that Plaintiff's Motion to Compel be denied.

KELLEY DRYE & WARREN LLP

DATED: September 15, 2009

By: __/s/ **Andrew S. Wein**_____
Donna L. Wilson (admitted *pro hac vice*)
Andrew S. Wein (admitted *pro hac vice*)
Veronica D. Jackson (admitted *pro hac vice*)
KELLEY DRYE & WARREN LLP
3050 K Street, NW, Suite 400
Washington, DC 20007
Telephone: (202) 342-8400

AND

KEAN, MILLER, HAWTHORNE, ARMOND,
McCOWAN & JARMAN, L.L.P.
Glenn M. Farnett (#20185)
Gina D. Banks (#27440)
One American Place, 18th Floor
Post Office Box 3513 (70821)
Baton Rouge, Louisiana 70825
Telephone: (225) 387-0999

Attorneys for Defendants
JACKSON HEWITT TAX SERVICE INC. and
JACKSON HEWITT INC.

---

[7] While Jackson Hewitt intends to address this issue more directly in a reply in support of the Motion for a Confidentiality Order, it appears that Plaintiff is conflating the concepts of relevance, discoverability, and confidentiality. *See, e.g.,* Plaintiff's Memorandum in Support of Motion at 13-14. Documents can be confidential, despite being both relevant and discoverable. Indeed, irrelevant and non-discoverable documents would need no confidentiality protections, since they would not be subject to discovery at all.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th of September, 2009, a copy of the above and foregoing was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system and U. S. Mail to all counsel of record.

      **____/s/ Andrew S. Wein_____**