UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VICKI L. PINERO** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3535** |
| **JACKSON HEWITT, INC., ET AL** | **SECTION "R" (3)** |

## ORDER

The Court, having considered the extensive briefing and the argument of counsel, GRANTS IN PART AND DENIES IN PART Jackson Hewitt Tax Service Inc.'s and Jackson Hewitt Inc.'s Motion for Protective Order and Motion to Quash [Doc. #172] and GRANTS non-party Ace Cash Express, Inc.'s Motion for Protective Order and Motion to Quash [Doc. #182].

## BACKGROUND

On May 22, 2008, plaintiff filed her original class action complaint. On July 15, 2008, plaintiff filed an amended class action complaint, alleging nine counts: (1) unauthorized disclosure of tax returns (fraud); (2) breach of contract; (3) negligence; (4) invasion of privacy; (5) violation of the Louisiana Database Security Breach Notification Law; (6) for Declaratory Judgment; (7) for Injunctive Relief; (8) violation of the Louisiana Unfair Trade Practices and Consumer Protection Law; and (9) violation of the Louisiana Unfair Trade Practices Act ("LUTPA").

On August 4, 2008, Jackson Hewitt Inc. and Jackson Hewitt Tax Service Inc. (collectively,

1

"defendants") filed a motion to dismiss, which the District Court granted in part, dismissing Count 1 (unauthorized disclosure of tax returns), Count 3 (breach of contract), Count 4 (negligence), and Count 6 (violation of Louisiana Database Security Breach Notification Law). [Doc. #54]. The Court denied defendants' motion to dismiss as to Counts 5 (invasion of privacy), Count 7 (declaratory judgment) and Count 8 (for injunction). As to Count 2 (fraudulent inducement under Louisiana Civil Code article 1953) and Count 9 (violation of LUTPA), the Court granted plaintiff leave to amend to state with more particularity the claims of fraudulent inducement and to elucidate how and why defendant's statements were allegedly misleading.

On January 27, 2009, plaintiff filed her Second Amended Class Action Petition. Pursuant to a hearing before the district judge, plaintiff was again given an additional period of time within which to plead with more particularity her fraud claim. *See* Transcript of the April 1, 2009 Hearing on Defendants' Second Motion to Dismiss at p. 13 [Defendant's Supplemental Exh. "A"/Doc. # 105-2].

Currently, and as both parties concede, only two claims remain against the Jackson Hewitt corporate entities: fraudulent inducement (Count 2) and violation of LUTPA (Count 9, and brought by plaintiff in an individual capacity only). As plaintiff herself notes, her current claims "against Defendants relate to Defendants' fraudulent statements about their policies and procedures for safeguarding personal customer information." Pl.'s Mem. Opp. Mot. Protective Order & Mot. to Quash [Doc.#177] at p. 2.

On August 24, 2009, defendants filed their Motion for Protective Order and Motion to Quash [Doc. #172]. Defendants seek a protective order from Interrogatory No. 1, Requests for Production

Nos. 3 and 4, and Deposition Topics Nos. 20 and 25. These discovery requests seek the following:

**Interrogatory No. 1**:
Please identify the person(s) most knowledgeable about your marketing practices, policies, procedures, strategies, and goals.

**Request for Production No. 3**:
Please produce a copy of all Joint Marketing Agreements, Cross Marketing Agreements, Program Agreements, and Technology Agreements effective any time during May 22, 1998 to the present, including all amendments, supplements, addendums [sic], and modifications to such agreements.

**Request for Production No. 4**:
Please produce a copy of all documents explaining, describing, or summarizing any Joint Marketing Agreements, Cross Marketing Agreements, Program Agreements, and/or Technology Agreements effective any time during May 22, 1998 to the present. Please include in your response any documents explaining, describing, or summarizing any Joint Marketing Agreements, Cross Marketing Agreements, Program Agreements, and/or Technology Agreements effective any time during May 22, 1998 to the present.

**Deposition Topic No. 20**:
All promotional or advertising materials for [defendants], including the person(s) involved in the preparation of such materials, the date(s) such materials were prepared, and the date(s) such materials were first dispersed.

**Deposition Topic No. 25**:
All Joint Marketing Agreements, Cross Marketing Agreements, Program Agreements, and/or Technology Agreements effective any time during May 22, 1998 to the present, including all amendments, supplements, addendums [sic], and modifications to such agreements.

The discovery requests define "Joint Marketing Agreements, Cross Marketing Agreements, Program Agreements, and/or Technology Agreements" as "a) any documents entitled such, or including such or similar words in its title, and (b) any contract between you and another person or entity to promote, advertise, market, offer, provide, administer, arrange for, support and/or sell (i) your products, services, resources, and/or personnel or (ii) the other person or entity's products,

services, resources, and/or personnel."

Defendants also ask the Court to quash eleven subpoenas issued to non-parties. This Court issued four of the subpoenas, and courts in other judicial districts issued the other seven.[1] Ace Cash Express, Inc. ("Ace") is one of the non-parties and also moves for a protective order and to quash the subpoena that plaintiff served on it. This Court issued the subpoena to Ace. In the subpoenas, plaintiff asks the eleven non-parties to:

> 1. Produce and permit inspection of all documents, including but not limited to all proposals, contracts, agreements, letters of understanding, correspondence and press-releases [sic], establishing, modifying, amending, terminating or pertaining to all contracts, joint ventures, or contractual relationships you entered with [defendants] at any time during May 22, 1998 to the present.
>
> 2. Produce and permit inspection of all original, amended, supplemented, modified or restated Joint Marketing Agreements, Cross Marketing Agreements, Program Agreements, and/or Technology Agreements to which [defendants were] a party or signatory that were effective any time during May 22, 1998 to the present.
>
> 3. Produce and permit inspection of all documents explaining, describing, or summarizing the implementation of any Joint Marketing Agreement, Cross Marketing Agreement, Program Agreement, and/or Technology Agreement to which [defendants were] a party or signatory that were effective any time during May 22, 1998 to the present.

The subpoenas define "Joint Marketing Agreements, Cross Marketing Agreements, Program Agreements, and/or Technology Agreements" in the identical way defined in the discovery requests propounded on defendants.

---

[1] The following non-parties received subpoenas: HSBC Finance Corporation (D. Del.); Meta Financial Group, Inc. (N.D. Iowa); Republic Bank and Trust Company (W.D. Ky.); Pacific Capital Bank, N,A, (C.D. Cal.); Ace Cash Express (E.D. La.); Rent-A-Center East, Inc (E.D. La.); Wal-Mart Louisiana, L.L.C. (E.D. La.); Wal-Mart Stores Arkansas, L.L.C. (W.D. Ark.); Wal-Mart Stores East, L.P. (E.D. La.); New Benefits, Ltd. (N.D. Tex.); General Fidelity Insurance Company (E.D. La.).

Defendants assert that the discovery requests are overbroad on their face. They argue that, under Rule 26, plaintiff is not entitled to discovery that merely "might lead to relevant and admissible evidence." *Marks v. Shaw Constructors*, No. 00-3202, 2001 WL 1132028, at *1 (E.D. La. Sept. 24, 2001). Defendants maintain that plaintiff must narrowly tailor her requests to seek information relevant to her claims in this action. Defendants ask this Court to bar plaintiff from pursuing irrelevant discovery, including through the subpoenas issued in this and other districts, under its inherent authority to govern discovery in a case. *Straily v. UBS Fin. Servs.*, Civ. A. No. 07-cv-00884, 2008 WL 5378148, at *3 (D. Colo. Dec. 23, 2008) (holding that court has authority to issue protective order but not to quash subpoenas issued by other districts). Under Federal Rule of Civil Procedure 45(c)(3), defendants argue that this Court has the authority to quash the subpoenas issued by this district. According to defendants, they have standing to move to quash these subpoenas on the ground that they seek documents in which defendants have a personal interest and that may reveal confidential and proprietary information. *Hoover v. Fla. Hydro, Inc.*, Civ. A. No. 07-1100, 2008 WL 4467661, at *3 (E.D. La. Oct. 1, 2008).

Plaintiff disputes defendants' argument. At the oral hearing on the motions, counsel for plaintiff conceded that they seek only defendants' agreements with third parties that refer to any policy or practice that defendants may have as to sharing confidential customer information with third parties. Plaintiff claims: "Defendants' use and sharing of confidential customer information through Defendants' third-party business arrangements is at the very heart of Plaintiff's case." Pl.'s Mem. Opp. Mot. Protective Order & Mot. to Quash [Doc.#177] at p. 3. Plaintiff argues that she has a right to discover

(1) whether defendants entered agreements to share customer information;

(2) whether the agreements permit or require the sharing of customer information in a manner inconsistent with defendants' representations;

(3) whether the agreements require the third parties receiving the customer information to safeguard it; and

(4) whether defendant profited from such activities.

Plaintiff avers that she seeks only to discover how defendants used and disclosed her and the potential class members' confidential information. Plaintiff maintains that the third-party relationships with defendants, for example, those non-parties subpoenaed, are relevant and "any documents establishing or discussing the relationships are discoverable." Plaintiff avers that "[m]arketing and use/disclosure of customer information go 'hand-in-hand.'"

## DISCUSSION

The Court finds that the language in Interrogatory No. 1, Requests for Production Nos. 3 and 4, and Deposition Topics Nos. 20 and 25, and the subpoenas -- as they are currently drafted -- is overbroad.[2] Contrary to plaintiff's protestations, nothing in that language limits plaintiff's requests to agreements with third parties that refer only to any policy or practice that defendants may have as to sharing confidential customer information with third parties. If that is all that plaintiff truly seeks, she should simply say that and narrowly tailor her discovery requests to so reflect.

---

[2] The Court finds that defendants have standing to move to quash the subpoenas. There is no doubt that defendants have a personal interest in the documents that plaintiffs seek from the non-parties. *Hoover v. Fla. Hydro, Inc.*, Civ. A. No. 07-1100, 2008 WL 4467661, at *3 (E.D. La. Oct. 1, 2008).

Compliance with plaintiff's requests -- worded as they are now -- would require defendants and the non-parties to produce documents that could in no way lead to the discovery of admissible evidence to support plaintiff's claims here.

The Court believes, however, that some of the "marketing materials" that plaintiff seeks may lead to the discovery of admissible evidence to support plaintiff's claims. Indeed, there may exist documents with third parties that address defendants' alleged policy of sharing confidential consumer information. However, plaintiff first must tailor her discovery requests to obtain them.

Plaintiff also argues that Ace's "guessing" and "conclusory statements" do not constitute "good cause" to quash a subpoena under Federal Rules of Civil Procedure 26 and 45. In its motion, Ace argues that complying with the requests in the subpoena will "likely" and "upon information and belief" reveal trade secrets and confidential and proprietary information.

Rule 45 governs the issuance of subpoenas, and provides that, on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter or otherwise subjects the subpoenaed person to undue burden. Fed. R. Civ. P. 45(c)(3). Under Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).

While the Court is hesitant to condone Ace's conclusory statements, the Court notes that Ace incorporated by reference the arguments advanced by defendants in their Motion for Protective Order and Motion to Quash. Given the wholly broad language in the subpoena requests, the Court finds that the subpoenas would impose an undue burden on Ace and the other parties served. The

broad language would require Ace and the other non-parties to produce much information that could not possibly lead to the discovery of admissible evidence to support the claims in this lawsuit. As with her discovery requests to defendants, plaintiff should simply narrowly tailor her requests in the subpoenas. The Court will thus quash the four subpoenas issued by this Court. The Court has no authority, however, to quash the subpoenas issued by the other district courts. *See, e.g., Straily v. UBS Fin. Servs.*, Civ. A. No. 07-cv-00884, 2008 WL 5378148, at *3 (D. Colo. Dec. 23, 2008) (holding that court has authority to issue protective order but not to quash subpoenas issued by other districts). The protective order will protect defendants from production of such information or documents. *Id.*

## CONCLUSION

Accordingly and for all of the above and foregoing reasons,

**IT IS ORDERED** that Jackson Hewitt Tax Service Inc.'s and Jackson Hewitt Inc.'s Motion for Protective Order and Motion to Quash [Doc. #172] is GRANTED IN PART AND DENIED IN PART. The motion is granted in part to the extent that the protective order will issue and the four subpoenas issued by this Court are quashed. It is denied in part to the extent that the seven other subpoenas issued by other district courts are not quashed.

**IT IS FURTHER ORDERED** that Ace Cash Express, Inc.'s Motion for Protective Order and Motion to Quash [Doc. #182] is GRANTED.

New Orleans, Louisiana, this _____ day of September, 2009.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**